No. 15-3160

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

---

Keith D. Nelson,

Appellant,

vs.

United States of America,

Appellees.

---

On Appeal from the United States District Court
District of Arizona
Case No. 4:04-8005-cv-W (FJG)

---

**APPELLANTS EXHIBITS**
**TO MOTION FOR ISSUANCE OF**
**CERTIFICATE OF APPEALABILITY**

**Exhibit 20A**

---


*/s/Paula K. Harms*
Jon M. Sands
Federal Public Defender
Paula K. Harms
Assistant Federal Public Defender
Capital Habeas Unit
850 W. Adams Suite 201
Phoenix, Arizona 85007
602-382-2816 telephone
602-889-3960 facsimile

*/s/ David A. Ruhnke*
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
973-744-1000 telephone
973-746-1490 facsimile
dr@ruhnkeandbarrett.com

# EXHIBIT 20
# Part A

Welcome to RootsWeb.com Sign in

rootsweb Finding our roots together. AN ancestry.com COMMUNITY DISCOVER MORE >

Home | Searches | Family Trees | Mailing Lists | Message Boards | Web Sites | Passwords | Help

Search Hundreds of Thousands of Family Trees

First Name: Last Name: Search OneGreatFamily

Viewing 1-1 of 1

| Name | Birth | Death | Age | Last Address of Record | Last Benefit | Issued By | SSN | Tools | Order Record? |
|---|---|---|---|---|---|---|---|---|---|
| MORSE, JOHN | 04 Jul 1904 | Sep 1967 | 63 | 62998 (Wolf Lake, Union, IL) | (none specified) | Illinois | 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 | | |

Viewing 1-1 of 1

(V)=(Verified) Report verified with a family member or someone acting on behalf of a family member.
(P)=(Proof) Death Certificate Observed.

You can now order the SS-5 Form for deceased individuals directly from the Social Security Administration online at https://secure.ssa.gov/apps9/eFOIA-FEWeb/internet/main.jsp

Search Hundreds of Thousands of Family Trees

First Name:

Last Name:

Search

OneGreatFamily

## Social Security Death Index

87,267,729 Records last updated on 7-30-2010

| | | | | | |
|---|---|---|---|---|---|
| Name | Last: Morse | Exact | First: John | Middle (initial): | |
| Birth | Year: | Exact | Month: Any | Day: Any | |
| Death | | Exact | Any | Any | |
| Last Residence | Zip: | or City: | County: | State: | |
| Last Benefit | | or | | | |
| SSN | 330 - 16 - 5967 | | | | |
| Issued by | Any | | | | |
| Age at Death | | Exact | | | |

Submit Clear

For more info about the SSDI, see http://www.rootsweb.ancestry.com/~rwguide/lesson10.htm
For help using the SSDI search, see Problem solving

CPU seconds used 0.009998

RootsWeb is funded and supported by Ancestry.com and our loyal RootsWeb community. Learn more.

About Us | Contact Us | Acceptable Use Policy | PRIVACY STATEMENT | Copyright
© 2010 Ancestry.com

CLERK U.S.DISTRICT COURT
Exhibits:
P 70
Case No. 4:04-CV-08005-FJG

P70-0002

Upgrade

ancestry.com

## Missouri Marriage Records, 1805-2002

| | |
|---|---|
| Name: | **John Morse** |
| Marriage Date: | 11 Aug 1937 |
| Marriage Location: | Cape Girardeau, Cape Girardeau, Missouri |
| Marriage County: | Cape Girardeau |
| Spouse Name: | Pearl Smith |

**Source Information:**
Ancestry.com. *Missouri Marriage Records, 1805-2002* [database on-line]. Provo, UT, USA: Ancestry.com Operations, Inc., 2007.
Original data: *Missouri Marriage Records*. Jefferson City, MO, USA: Missouri State Archives. Microfilm.

**Description:**
This database contains marriage records from Missouri covering the years 1805-2002. Information that may be found in this database includes the following: bride's and groom's names, races, birth dates or ages, and parents' names, marriage date, and marriage place. Learn more...

Contact Us: 1-800-ANCESTRY | Ancestry.com Blog | Affiliates | Advertising
© 1997-2010 Ancestry.com Corporate Information PRIVACY POLICY Terms and Conditions

Ancestry.com



Appellate Case: 15-3160 Page: 4 Date Filed: 02/29/2016 Entry ID: 4372487

307

2289 X

# MARRIAGE LICENSE

STATE OF MISSOURI, COUNTY OF CAPE GIRARDEAU.

THIS LICENSE authorizes any Judge of a Court of Record, or Justice of the Peace, or any licensed or ordained Preacher of the Gospel, who is a Citizen of the United States, or a resident of and Pastor of some Church in this State, to SOLEMNIZE MARRIAGE between John Morse of Wolf Lake in the County of Union and State of Illinois, who is over 21 the age of twenty one years; and Pearl Smith of Wolf Lake in the County of Union and State of Illinois who is under 17 the age of eighteen years.

*Consent of Walter Smith father of Pearl Smith on file.

WITNESS, my hand as Recorder of Deeds, with the Seal of Office hereto affixed, at my Office in Jackson, Mo., this 11 day of August 1937.

By ........ DEPUTY. S. P. Lail RECORDER OF DEEDS.

STATE OF MISSOURI, County of Cape Girardeau } ss.

THIS IS TO CERTIFY, that the undersigned Ernst Schultz Justice of the Peace did, at Cape Girardeau in said County, on the 11th day of August A. D. 1937, unite in Marriage the above named persons, and I further Certify that I am ~~a Citizen of the United States and a resident Pastor of Church ........ Missouri,~~ legally qualified under the laws of the State of Missouri to solemnize Marriages.

Ernst Schultz Justice of the Peace
Cape Girardeau Mo

Filed for record on the 20 day of Aug 1937.

By Flossie Brothers DEPUTY. S. P. Lail RECORDER OF DEEDS.

2290 5-25-44

MARRIAGE LICENSE

2287

## MARRIAGE LICENSE

STATE OF MISSOURI, COUNTY OF CAPE GIRARDEAU.

THIS LICENSE authorizes any Judge of a Court of Record, or Justice of the Peace, or any licensed or ordained Preacher of the Gospel, who is a Citizen of the United States, or a resident of and Pastor of some Church in this State, to SOLEMNIZE MARRIAGE between Walter Herter of Cape Girardeau in the County of Cape Girardeau and State of Missouri who is over the age of twenty one years; and Willa Golden of Cape Girardeau in the County of Cape Girardeau and State of Missouri who is over the age of eighteen years.

WITNESS, my hand as Recorder of Deeds, with the Seal of Office hereto affixed, at my Office in Jackson, Mo., this 10 day of August 1937.

By ................ DEPUTY. S. P. Lail RECORDER OF DEEDS.

STATE OF MISSOURI, County of Cape Girardeau } ss.

THIS IS TO CERTIFY, that the undersigned Ernst Schultz Justice of the Peace did, at Cape Girardeau in said County, on the 10th day of August A. D. 1937, unite in Marriage the above named persons, and I further Certify that I am a ~~Citizen of the United States and a resident Pastor of~~ ................ Church ................ Missouri, legally qualified under the Laws of the State of Missouri to solemnize Marriages.

Ernst Schultz Justice of the Peace
Cape Girardeau [illegible]

Filed for record on the 20 day of Aug 1937

By Bessie Brothers DEPUTY. S. P. Lail RECORDER OF DEEDS.

2289

## MARRIAGE LICENSE

STATE OF MISSOURI, COUNTY OF CAPE GIRARDEAU.

THIS LICENSE authorizes any Judge of a Court of Record, or Justice of the Peace, or any licensed or ordained Preacher of the Gospel, who is a Citizen of the United States, or a resident of and Pastor of some Church in this State, to SOLEMNIZE MARRIAGE between Lambert Glenn Lyon of Monroe City in the County of Monroe and State of Mo who is over the age of twenty one years; and Lula Mary Wase of Ruthland in the County of Cape Girardeau and State of Missouri who is over the age of eighteen years.

WITNESS, my hand as Recorder of Deeds, with the Seal of Office hereto affixed, at my Office in Jackson, Mo., this 10 day of August 1937.

By ................ DEPUTY. S. P. Lail RECORDER OF DEEDS.

STATE OF MISSOURI, County of Cape Girardeau } ss.

THIS IS TO CERTIFY, that the undersigned Justice of the Peace did, at Jackson in said County, on the 21st day of August A. D. 1937, unite in Marriage the above named persons, and I further Certify that I am a Citizen of the United States and a resident Pastor of ................ Church ................ Missouri, legally qualified under the Laws of the State of Missouri to solemnize Marriages.

John G. Putz

Filed for record on the 23 day of August 1937

By ................ DEPUTY. S. P. Lail RECORDER OF DEEDS.



2289 X

## MARRIAGE LICENSE

STATE OF MISSOURI, COUNTY OF CAPE GIRARDEAU.

THIS LICENSE authorizes any Judge of a Court of Record, or Justice of the Peace, or any licensed or ordained Preacher of the Gospel, who is a Citizen of the United States, or a resident of and Pastor of some Church in this State, to SOLEMNIZE MARRIAGE between John Morse of Wolf Lake in the County of Union and State of Illinois who is over 21 the age of twenty one years; and Pearl Smith of Wolf Lake in the County of Union and State of Illinois who is under 17 the age of eighteen years.

Consent of Walter Smith father of Pearl Smith on file.

WITNESS, my hand as Recorder of Deeds, with the Seal of Office hereto affixed, at my Office in Jackson, Mo., this 11 day of August 1937.

By ................ DEPUTY. S. P. Lail RECORDER OF DEEDS.

STATE OF MISSOURI, County of Cape Girardeau } ss.

THIS IS TO CERTIFY, that the undersigned Ernst Schultz Justice of the Peace did, at Cape Girardeau in said County, on the 11th day of August A. D. 1937, unite in Marriage the above named persons, and I further Certify that I am a ~~Citizen of the United States and a resident Pastor of~~ ................ Church ................ ~~Missouri~~, legally qualified under the Laws of the State of Missouri to solemnize Marriages.

Ernst Schultz Justice of the Peace
Cape Girardeau [illegible]

Filed for record on the 20 day of Aug 1937

By Bessie Brothers DEPUTY. S. P. Lail RECORDER OF DEEDS.

2290 5-25-44

## MARRIAGE LICENSE

STATE OF MISSOURI, COUNTY OF CAPE GIRARDEAU.

THIS LICENSE authorizes any Judge of a Court of Record, or Justice of the Peace, or any licensed or ordained Preacher of the Gospel, who is a Citizen of the United States, or a resident of and Pastor of some Church in this State, to SOLEMNIZE MARRIAGE between Otis Kenneth [illegible] of Oak Ridge in the County of Cape Girardeau and State of Missouri who is over the age of twenty one years; and [illegible] Sparks of Cape Girardeau in the County of Cape Girardeau and State of Missouri who is over the age of eighteen years.

WITNESS, my hand as Recorder of Deeds, with the Seal of Office hereto affixed, at my Office in Jackson, Mo., this 12 day of August 1937.

By ................ DEPUTY. S. P. Lail RECORDER OF DEEDS.

STATE OF MISSOURI, County of Cape Girardeau } ss.

THIS IS TO CERTIFY, that the undersigned Ernst Schultz Justice of Peace did, at Cape Girardeau in said County, on the 13 day of Aug A. D. 1937, unite in Marriage the above named persons, and I further Certify that I am a ~~Citizen of the United States and a resident Pastor of~~ ................ ~~Church~~ ................ Missouri, legally qualified under the Laws of the State of Missouri to solemnize Marriages.

Ernst Schultz Justice of the Peace

Filed for record on the 20 day of Aug 1937

By Bessie Brothers DEPUTY. S. P. Lail RECORDER OF DEEDS.



"Miranda, Amber"
<amcpherson@semo.edu>
08/05/2010 01:43 PM

To <jasmine_teter@fd.org>
cc
bcc
Subject Southeast Missourian Article

| Who | Date | Time | Subject |
|---|---|---|---|
| Miranda, Amber | 08/05/2010 | 01:43 PM | Southeast Missourian Article |

Ms. Teter,

Thank you for contacting Southeast Missouri State University Special Collections and Archives. Attached you will find a 300 dpi Tiff file of the article from the Southeast Missourian that you requested. Please let me know if you don't find the scan to be satisfactory in some way, as I will fix any problems.

Also, the date that you had for the article is incorrect, the correct date is September 19th, 1967. When the Southeast Missourian was scanned some issues where combined, because of this the official browser only states the date of the earliest issue. If you go back to the site where you originally found the article (
http://news.google.com/newspapers?id= bcfAAAAIBAJ&sjid=qtcEAAAAIBAJ&pg=3954,7403016&dq=wolf+lake+man+killed+in+collision&hl=en) and scroll all the way to the top of the newspaper page you'll see the correct date in the left hand corner of the scanned image.

Please let me know if there is anything else that we can help you with.

Amber Miranda
Assistant Archivist
Special Collections and Archives
Southeast Missouri State University

(573) 651-2100

wolf creek.tif

...ed special ...ayne Wal... ...mily Bene... ...Co. for at... ...n personal

...t State Col... ...u, for the ...re Brenda ...e Patrick ...ie Asbell; ...verne Capps ...Morse; at... ...Baptist Col... ...Ark., is Joe ...ams is en... ...niversity at

...sse Bennett ...d daughter... ...Dan Ben... ...e weekend. ...rb Goshen, ...ed her par... ...J. R. Doer... ...s last week. ...Jim Pepper ...a visit with ...ghter-in-law, ...L. Pepper,

...les returned ... from St. ...ecently had

## Plan Meal

... presented ...he program ...e Breakfast ...onday. Mr. ... was "Won... ...depicting the ...country's in... ...e scenes in... ...Mississippi ...s, showing ... from this ...he maritime

...B. Wilkening ...tations to be ...raising com...

Mr. Schmittzehl said, would be contracted in the main from local industry. One of the prime aims of the current fund drive is the hiring of a workshop manager, a man with some engineering training and skilled in public relations.

This manager's responsibility will be to seek out contracts from business and industry for work which might more profitably be done by handicapped workshop employes, releasing industry's own employes for more meaningful work.

At least 16 handicapped workers will be employed in the initial stages of the workshop op...

## Woman Suffers Fractured Wrist In Car Mishap

Special to The Missourian

CHAFFEE—Mrs. Dareld Alcoke suffered a fracture of the right wrist Sunday afternoon when struck by a car driven by her husband in the driveway of their home here.

She was treated at a physician's office where the arm was placed in a cast.

Mr. and Mrs. Alcoke were in the yard bidding farewell to friends who had been visiting them. Mr. Alcoke went through the house to the garage. He was backing the car out of the garage when it struck Mrs. Alcoke, who was just stepping off the driveway.

Mrs. Alcoke will be away from her employment at Sport Specialty Shoe Co., for several weeks.

Injured in a fall at her home here Saturday night was Mrs. Helen Collins, 83. She has a fractured hip and is in the intensive care unit at St. Francis Hospital in Cape Girardeau. A pin was placed in the break...

Mr. George stated that the Jaycees would welcome other groups' co-operation in selling the honey. Members of his organization, he related, are enthusiastic in their support of the sheltered workshop project.

## Wolf Lake Man Killed In Collision

Special to The Missourian

WOLF LAKE, Ill. — A Wolf Lake man was killed and a Jonesboro, Ill., woman was injured in a two-car collision near Jonesboro Monday afternoon, the Illinois State Police reported today.

Dead is John H. Morse, 63 years old, officers reported. He was killed, authorities said, on the Union County Road one mile west of Illinois Highway 127 when his car veered across the center line and crashed head-on into a car driven by Katheryn Boyd, 48.

The State Police said Katheryn Boyd suffered minor injuries and was taken to the Union County Hospital in Anna, Illinois.

50¢ CAR WASH 50¢
2-Minute Automatic
COLONIAL
Service Station
Broadway at 61

... far this year ... There were 100 dead in ... same area at a correspon... time last year.

Officers said apparently ... fog obscured Mr. Yates' ... and that reportedly Mr. ... was on the highway.

Mr. Spelts' body was tak... the Parent Funeral Hom... Naylor, authorities reporte...

Time to Sell Through The Missourian Want A...

BIG and TAL...
SIZES
Sport Coats-Shirts-Suit...
Sweaters
OGLANDERS
ED 4-4530

ST. LOUIS
THE SHORT SCENIC ROUTE
Lv. Cape — Ar. St. L...
7:30 A.M. — 10:40 A...
12:01 P.M. — 3:10 P...
3:00 P.M. — 6:10 P...
6:30 P.M. — 9:40 P...
Lv. Cape 11:30 A.M.
6:30 P.M. Daily
For Chaffee, Sikeston...
Charleston, East Prairie
SHIP BY BUS
CHARTER BUS...
Available fo...
All Occasion...
St. Louis-Cape...
BUS LINE
16 N. Frederick
Phone ED 4-4412

FIELD REPRESENTATIVE
Principal duties are collection of automobile installment ... will consider ...

Appellate Case: 15-3160 Page: 8 Date Filed: 02/29/2016 Entry ID: 4372487

Office of The
DISTRICT ATTORNEY
Of The 29th Judicial District of Kansas

Criminal Division
Wyandotte County Justice Complex
710 North 7th Street, Suite 10, Kansas City, Kansas 66101
(913) 573-2851
Fax (913) 573-2948

DISTRICT ATTORNEY
Jerome A. Gorman

## Fax Cover Sheet

To: Jasmie

Fax: 602-889-3960

Date Sent: 7/27/10

Operator: Amber

Re: Kenneth W. Morse

Case No. 1971 CR 20123 (30989)

CONFIDENTIALITY NOTICE: The documents accompanying this facsimile transmission contain information that is confidential, proprietary, and legally privileged. Such information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution, or the taking of any action in reliance on such information is strictly prohibited. If you have received this facsimile transmission in error, please immediately notify us by telephone. Thank you.

IF ANY PROBLEMS ARISE WITH THIS TRANSMISSION, PLEASE CONTACT ____________ at (913) 573-2851.

P70-0008

JUL-27-2010 TUE 08:04 AM

CITY COURT NO. 30989

DIST. COURT NO.

STATE VS.: Kenneth W. Morse

DATE FILED– 8-3-71

CHARGE– Ind. Lib, with Child

DATE ARRAIGNED

AMOUNT OF BOND–$

IN JAIL

ON BOND

BONDSMAN

PREVIOUS RECORD–

CITY COURT: TRIAL DATE– 10-19-71; 10-26;

BOND FORFEITURE–

JUDGEMENT: DATE– 11-2-71

DISPOSITION Discharged. No evidence. Costs vs. State. Holbrook

DISTRICT COURT: BOND AMT.–$

BONDSMAN

INFORMATION

882-8RHT-27168 A

PROCEEDINGS AND DISPOSITION:

| STATE VS.: | CHARGE | CITY COURT NO. | DIST. COURT NO. |
|---|---|---|---|
| Morse, Kenneth W. | Ind.Lib.W/Child | 30989 | |

P. 001

Jasmine 602-889-3960

La Verne

PROSECUTION REPORT

District Court No. City Court No. K.C.K.P.D. No.

In Custody NO File # 9-615

Where Held NOT IN CUSTODY

1. Person Arrested KENNY MORRIS - Cauc/Male - age 18

2. Address 1017 Calvin - KCK

3. Date & Time of Arrest NOT IN CUSTODY

4. Where Arrested

5. Arresting Officers

6. Did he sign a written statement?

7. Did he admit the crime orally?

8. If orally, who heard it?

RECEIVED CO. ATTY OFFICE JUL 1 - 1971 A.M. 7|8|9|10|11|12|1|2|3|4|5|6 P.M.

9. Crime Committed Attempt Rape

10. Where Committed? 1017 Calvin

11. When Committed? 7-6-71 @ approximately 2300 Hours

12. Name, Address & Telephone of Victim Anita Eden - 1008 Ford - KCK - AT 1-1805 - age 7

13. Name, Address & Telephone of Owner

14. Details of Crime:

On 7-6-71 at approximately 2300 hours, the above suspect - Kenny Morris attempted to rape the above victim - Anita Eden - age 7 - 1008 Ford - KCK - AT 1-1805.

Victim stated she was staying with her girlfriend - Cindy Morris all night and after going to bed the above suspect came into her bedroom and told her to com to his bedroom. After arriving in his bedroom he pulled her clothes off and laid her on the bed and tried to rape her. Upon completion he placed his hands around her neck and told her not to say anything or he would kill her.

Above suspect is not in custody at this time. No previous record with this department.

SEE ALL REPORTS

15. Approximate Valuation of Property Stolen

16. Disposition of Evidence

17. Names, Address and Telephone numbers of Witnesses

18. Detectives working case Det. Tom Rose

19. Date Papers Sent to County Attorney 7-16-71

P. 002

JUL-27-2010 TUE 02:28 PM

Appellate Case: 15-3160 Page: 11 Date Filed: 02/29/2016 Entry ID: 4372487

Sx C Fel- Inc. Lib. w/child

COMPLAINT

IN THE MAGISTRATE COURT OF WYANDOTTE COUNTY, KANSAS

# COMPLAINT

STATE OF KANSAS, COUNTY OF WYANDOTTE, ss.

Frank D. Menghini, Co. Attorney lawful age, being first duly sworn, says that at the County of Wyandotte, State of Kansas, on or about the 6th day of

July, 1971, one Kenneth W. Morse did engage in fondling and touching the person of Anita Eden, a child under the age of 16 years to-wit: age 7 years, with the intent to arouse or satisfy the sexual desires of the said Anita Eden or the said defendant Kenneth W. Morse or both, contrary to K.S.A. 21-3503.

contrary to the statutes in such cases made and provided.

/s/ Frank D. Menghini

Subscribed in my presence and sworn to before me this 3rd day of August, A.D. 19 71

Clerk

Whereas, it appears that the offense has been committed, the Clerk is ORDERED to issue a warrant for the arrest of the person therein named, to be dealt with according to law.

of Magistrate Court of Wyandotte County, Kansas

Sx C Pol- Ind. Lib. w/Child

IN THE MAGISTRATE COURT OF WYANDOTTE COUNTY, KANSAS

WARRANT

STATE OF KANSAS, COUNTY OF WYANDOTTE, ss.

# The State of Kansas to Any Sheriff or Any Marshal of the State of Kansas:

It appearing that there are reasonable grounds for believing that at the County of Wyandotte, State of Kansas, and on or about the 6th day of July, 1971, one Kenneth W. Morse did engage in fondling and touching the person of Anita Eden, a child under the age of 16 years to-wit: age 7 years, with the intent to arouse or satisfy the sexual desires of the said Anita Eden or the said defendant Kenneth W. Morse or both, contrary to K.S.A. 21-3503.

~~contrary to the statutes in such cases made and provided.~~

You are therefore commanded forthwith to arrest said Kenneth W. Morse and bring him before some magistrate of said Wyandotte County, to be dealt with according to law.

Witness my hand this 3rd day of August, A. D. 1971

Clerk of the Magistrate Court of Kansas City.

# OFFICE OF COUNTY ATTORNEY

WYANDOTTE COUNTY, KANSAS

File No.

Date Aug 2 1971

WORK SHEET

STATE OF KANSAS
vs.
Kenneth W. Morse w/m 18 yrs
1017 Calvin
5'9" 170 lbs, br hair
Defendants.

Date of Offense July 6, 1971
Charge indecent liberties w a child
Court KSA 21-3503 (B felony)
C[illegible] $3000 bond

FACTS AND SUMMARY
OF EVIDENCE

A on 7-6-71 did engage in fondling & touching the person of Anita Eden, ~~[illegible]~~, a child under the age of 16 yrs namely 7 yrs, with the intent to arouse or satisfy the sexual desires of ~~the~~ said child or the said defendant or both.

DATA FOR WARRANT

| WITNESSES | ADDRESS | PHONE |
|---|---|---|
| Anita Eden (Complaining Witness) | 1008 Ford | AT1-1805 |
| Louise Eden | " | AT1-1805 |
| Off. J. Lawson, J. O'Donnell | KCKPD | |
| Dr. Hume | KUMC | |

*Not for preliminary hearing

COUNTY ATTORNEY.

By [signature] ASS'T COUNTY ATTY.

BRENNAN

STATE OF KANSAS, WYANDOTTE COUNTY, ss.

I, ........................................................the........................ of the Magistrate Court of Kansas City, within and for Kansas City Township, in said County and State, do hereby certify that the within and foregoing is the original warrant issued by........................................................ ........................................................the........................ of the Magistrate Court of Kansas City, within and for said County, for the arrest of the said........................................................ ........................................................therein named, and returned to and filed in my office by........................................................with the said........................................................ in his custody, together with the return of said officer thereof.

Witness my hand this....................day of........................................................, A.D. 19........

........................................................
Clerk of the Magistrate Court of Kansas City.

........................................................19........, received this warrant and served the same by arresting the said defendant........................................................ and bringing him or her in to this court this........................................................, 19........

........................................................, Marshal.

........................................................, Deputy.

No.........................

THE STATE OF KANSAS

vs.

Kenneth R. Morse
1017 Calvin
Kansas City, Kansas
5'9",170lbs, brn. hair
Not Apprehended

**WARRANT**

Bond $........................

SUBPOENA IN BEHALF OF STATE

**ARRAIGNMENT:**

Date........................................................, 19........

Defendant........................................................, arraigned. Warrant read to defendant...... Defendant......enters a plea of not guilty........................................................Preliminary hearing is hereby set for........................................................, 19........, 8 A. M. Defendant's bond fixed at $........................

........................................................

........................................................
Judge Magistrate Court
........................Division

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| vs. | ) | No. 94-CF-109 COUNT I Class 2F |
| MILAS MORSE, Defendant. | ) | |

FILED
SEP - 8 1994
Mattilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

INFORMATION

The State's Attorney of said County charges:

That on or about July 10, 1994, in Union County, MILAS MORSE committed the offense of AGGRAVATED CRIMINAL SEXUAL ABUSE, in that the said defendant knowingly committed an act of sexual penetration with Ashley Busby, who was at least 13 years of age but under 17 years of age, in that the defendant placed his penis in the vagina of Ashley Busby, and the defendant was at least five (5) years older then Ashley Busby, in violation of Chapter 720, Act 5, Section 12-16(d), Illinois Compiled Statutes.

H. Wesley Wilkins
State's Attorney/~~Assistant~~

| | | |
|---|---|---|
| STATE OF ILLINOIS | ) | |
| | ) | SS |
| COUNTY OF UNION | ) | |

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

H. Wesley Wilkins

Signed and sworn to before me this 8th day of September, 1994.

Robin Lynn Hileman
Notary Public

OFFICIAL SEAL
ROBIN LYNN HILEMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-20-98

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

FILED
SEP - 8 1994
Matthilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

vs.

MILAS MORSE,
Defendant.

No. 94-CF-109
COUNT II
Class Bm

INFORMATION

The State's Attorney of said County charges:

That on or about September 4, 1994, in Union County, **MILAS MORSE** committed the offense of **HARASSMENT BY TELEPHONE**, in that the said defendant made a telephone call to the home of Larry and Kimberly Busby, in Anna, Union County, Illinois, with the intent to abuse or harass Larry and Kimberly Busby, in violation of Chapter 720, Act 5, Section 1-1, Illinois Compiled Statutes.

H. Wesley Wilkins
State's Attorney/~~Assistant~~

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

H. Wesley Wilkins

Signed and sworn to before me this 8th day of September, 1994.

Robin Lynn Hileman
Notary Public

OFFICIAL SEAL
ROBIN LYNN HILEMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-20-98

AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE
WITH ATTACHED POLICE REPORTS

I, Gordon Hopp, upon oath, hereby attest and affirm as follows:

1. That I am a duly sworn law enforcement officer in the State of Illinois, who is employed by the Anna Police Department.

2. That on the 10th day of July, 1994, I arrested Milas Morse, in the County of Union and said transported said person to the Union County Jail.

3. That attached hereto is a copy of a police report filed and signed by me, which is a true and accurate account of the facts which support the charge(s) of Aggravated Criminal Sexual Abuse, Harrassment by telephone, which were committsd by Milas Morse, on the 10th day of July, 1994.

4. The aforesaid person currently remains in the custody of the Union County Sheriff's Department, or, in the alternative, I am requesting the State's Attorney of Union County to issue a Warrant of Arrest for the heretofore mentioned defendant.

5. Further, affiant sayeth not.

DATED this 8th day of August, 1994.

FILED
SEP - 8 1994
Mathilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

Gordon Hopp
AFFIANT

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

I, Robin L. Hileman, being a duly sworn Notary Public in and for the County of Union and State of Illinois hereby attest and affirm that Gordon Hopp, personally known to me, appeared before me this day in person and acknowledged that the above signature was signed by him as his free and voluntary act, and that the facts contained above are true to the best of said person's knowledge and information.

Robin Lynn Hileman
NOTARY PUBLIC

OFFICIAL SEAL
ROBIN LYNN HILEMAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 7-20-98

OFFENSE REPORT | Complainant Larry Jr. & Kimberly Busby Case No. J94-028

Address 107 E. Lewis Anna, IL Phone 833-6213

Offense Criminal Sexual Assault, " " Abuse, Agg Criminal Sexual Abuse Place of Occurrence Back yard of residence 107 E.L.

Report received by [signature] at 9:00 A.M. Date 9-05 1994 How reported

Date and time offense committed Late July & Aug 1994 Officer Assigned [signature]

Time of investigation 9:00 A.M. Date 9-5-94

Suspects and/or persons arrested #1 Milas R. Morse W/m DOB 3-09-64 SSN Resides RT 1 Box 95 Grand Tower, IL

DETAILS OF OFFENSE (State fully all other circumstances of this offense and its investigation)

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 #2 Chester Morse DOB 4-06-77 W/m resides at 221 Williams St. Anna, IL.

On 9-5-94 RO met w/ Larry Busby Jr & his wife Kimberly Busby who reside at 107 E. Lewis St. Anna IL. Ref. to their daughter Ashley G Busby 13 yrs old DOB 1-08-81.

They advised RO that Ashley had been having sexual relations w/ two subjects: Milas Morse & Chester Morse.

Ashley gave RO a written statement to the fact that Milas Morse who is 30 yrs old not known age 14. Ashley had sexual contact w/ Ashley being thirteen years old. See attached statement in early July 94.

Ashley also stated she had sexual relations w/ Chester Morse several times w/ Chester being 17 yrs old.

Ashley advised RO she would testify against the Morse subjects in court. That she had sexual relations w/ Chester Morse in Aug 94.

Larry & Kimberly gave RO written statements on incident prior to report [illegible] to RO of Morses' making harassment & threatening phone calls to them on Sept 4th 1994.

Mother Kimberly found 2 letters written by Ashley that were supposed to be given to Milas & Chester Morse, but weren't.

RO request warrant be issued against Milas Morse for Aggravated Criminal Sexual Abuse 720 ILCS 5-12-16 D & Criminal Sexual Assault 720 ILCS 5-12-13-4

RO request warrant be issued on Chester Morse for Criminal Sexual Abuse - 720 ILCS 5/12-15 B or charges deemed appropriate to S/A. Also condition of bond - no contact w/ victim Ashley

[signature]

5-94-028
9-5-94 [initials]

Chester Morse
DOB - 4-6-77 Dorgan
221 William dum Fred Morse
Criminal Sexual Abuse
720-ILCS
5-12-15C

Milas R. Morse Jr.
DOB - 3-09-64
SSN - 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
RT 1 Box 95
Grand Tower, Fl
Agg Crim Sexual Abuse 62942
720 ILCS
5/12-16 2D
5/12-13 4

Ashley B. Busby
JAN 87h - 81
94
81
Victum 13 yrs
Chester Morse
Milas Morse

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

PAGE NO. 1 OF 1 PAGES

594-028

Kimberly K. Busby, am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Anna Police Dept.. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purpose it may serve.

833-6713

I am 31 years of age, and I live at 107. E. Lewis, Anna, IL 62906.

On Sept. 4 I found letters containing graffic indication that my daughter, Ashley Busby, had attempted to have sexual intercourse with Milas Morse behind our residence and a note to Chester Morse ~~that~~ stating that he had "screwed" her on another occasion. My husband, Larry Busby, Jr. and I confronted her and she admitted that the above statements were true. We have been receiving calls that ~~~~ where the caller hangs up. On Sept. 03 on returning from Van Buren, Mo., my husband, came upon several young men running from behind our house at around 9:00pm. He grabbed two of them and they identified one young man as Chester Morse. My husband, Larry Busby, Jr. then told Chester Morse to stay away from our house and our daughter, Ashley Busby. ~~~~ Mr. Morse walked ~~~~ across the street and yelled that he would kick his butt if he wasn't on probation. I tried to call ~~~~ the Morse's residence to speak with Chester Morse's parents but a young man who always answered would not let me talk to them. ~~~~ I have received several phone calls since then regarding Chester Morse being only 14 and he had done nothing

I have read each page of this statement consisting of 1 of 1 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Anna PD, this 5th day of Sep 1994.

WITNESS: Hopp

WITNESS:

Kimberly K. Busby
Signature of person giving voluntary statement

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

PAGE NO. 1 OF 1 PAGES

574-028

Larry W. Busby, Jr, am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to Anna Police Department.
Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

Anna 833-6713

I am 31 years of age, and I live at 107 EAST LEWIS Anna, IL.

On September 4 my wife and I found out that our 13 year old daughter had been sexually involved with two 17 year old boys this summer. I found this out by my wife showing me letters of an incident this summer. All summer I have had telephone calls from a Chester and Milas Morse late at night and these guys would call and ask for my daughter and if I told them it was to late they would cuss me and continue calling way late in the morning hours. I did not know these boys or their reputation. Since September the 4th the boys have called my house threatening to beat my ass and told me that my daughter didn't know how to kiss or do anything but they taught her how to kiss and fuck at the same time. The phone rang many times last night and it was the same thing over and over.

I have read each page of this statement consisting of 1 of 1 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Anna PD, this 5 day of Sept 19 94.

WITNESS: [signature]

WITNESS:

x Larry W. Busby, Jr.
Signature of person giving voluntary statement

Copie of Letter Found at Buddy Kendler [illegible]
Found by Mother
J94-028
[illegible] 9-5-94

Last night I called Milas Chest
er answered and then he gave
the phone to Milas. We talked
for a while. He said he missed
me and that he loved me.
I told him he should know
how I feel. He said he wanted
to. Of course I agreed. Later I met
him at my backdoor. We be-
gan kissing and he said he
could just throw me down right
now & do it. We got a sheet from
the laundry room & went
down the hill. Soon I was
half-naked & he was <u>totally</u>
naked. It was pretty close
I asked if he had a condom
he left it in the car. Then
we started over again. This
time with a condom. He wanted
to but I couldn't without two.
We were really close. The only pro-
blem was that it wouldn't go in. Now
I ~~[illegible]~~ wonder if the first time could
it have gotten in. I pray to God not

Copi of Letters Found at Bush residence By Mother J94-028 9-5-94

Chester,

Hey! Do you not like me or something 'cause you come over there and screw me and then I don't see or hear from you. Are we still going out 'cause Robbie said that you told him we weren't. You ashamed of me or something? You better tell me something or else I'm going to start seeing someone else. (You probably already are

Love,

Ashley



PEACE!

(NOT UNDER ARREST) 1 of 7 1594-028

Ashley Beasley, am not under arrest for, nor am I being detained for any criminal ... concerning the events I am about to make known to the Anna Police Department ... without being accused of or questioned about any criminal offense regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purpose it may serve.

I am 13 years of age, and I live at 107 East Lewis in Anna.

When I was with my best friend Rhonda Wagner last month we met a boy named Chester Morse. Rhonda had already knew him but I didn't. This was around the beginning of July. Later he brought a boy over to Rhonda's named Miles Morse. He introduced us and we began to talk. Later on he kissed me a couple of times. The next day Rhonda and I went to the park. They drove by. They stopped and talked to us for a couple of minutes. I didn't hear from them for about a week. Then one night I got a phone call from Miles. It was late so I couldn't talk. Chester got on the phone when my dad took the phone. The next day I got another phone call from Miles. We talked for a couple of minutes. He told me that he had gone out of town the week before and that was the reason that he called. I called him back later that night. He said that he was going to come over later on that week. Later one day while I was at home with Rhonda, we recieved a phone call from Chester. He said that they were on their way over. We told them to come on. We didn't actually

I have read each page of this statement consisting of 1 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Anna PD, this 7th day of Sept 1994

WITNESS: [signature] x Ashley Beasley

Appellate Case: 15-3160 Page: 25 Date Filed: 02/29/2016 Entry ID: 4372487

VOLUNTARY STATEMENT PAGE NO. 2 OF 7 PAGES
(NOT UNDER ARREST) 2 J 94-028

______________, am not under arrest for, nor am I being detained for any criminal

ment concerning the events I am about to make known to ______________
without being accused of or questioned about any criminal offense regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I, ___ years of age, and I live at ______________

believe them. We thought they were joking. They came over and scared us 'cause Rhonda and I were upstairs. We ran downstairs. Milas ran into my parents' room. I followed and asked him to leave. He kissed me and said alright. Then the front door opened and my brother came in. He had been across the street playing with Rhonda's little brother. He saw Milas. When he started to walk away, Milas ran to the basement door. Then I went to find Chester and Rhonda. He had cornered her upstairs. When they heard Brian they came down. Brian, my little brother, saw Chester. Chester took off running downstairs. They went into the basement. Rhonda took Brian and told him not to tell my dad. A couple days later Brian told my dad that two boys were in our house. I blamed it on Chester. I didn't want Milas in trouble. I was grounded and was told not to talk to any Moses'. Maybe a week or so later Milas called and asked if I was okay. He said he would come over later that night. I didn't know what to do. Of course later that

I have read each page of this statement consisting of 2 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Olathe PD, this 5th day of Sept 1994.

WITNESS: [signature] Ashley Busby

VOLUNTARY STATEMENT (NOT UNDER ARREST)

PAGE NO. ____ OF ____ PAGES

3/5 94-028

____________________, am not under arrest for, nor am I being detained for any criminal offense concerning the events I am about to make known to ____________________. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purpose it may serve.

I am ____ years of age, and I live at ____________________

night he showed up at my back door. He started talking and then we kissed. For a while we just kissed. Then he asked if I had a blanket where we could go and sit on the grass. I went and got one from the house. We went down the hill. We laid down and was talking. Then he asked me if I would have sex with him. I told him no. That didn't stop him from trying. He said that he was hot so he took off his shirt. Then he reached over and began to kiss me. Then he was lying on me. We were just kissin Then he reached down and undid my [illegible] jean shorts. I stopped him. I told him he didn't even have a condom and even if he did it didn't mean he was going to get it. He left then but came back. He said he had went to his car to get the condom. We [illegible] went back down the hill and he tried again. I told him that I was going in. He said he would try it again. Well, he did. He kissed me and undid my shorts. I closed them with my hand. [illegible] Then he undid his pants and sat down. He kissed me and before I knew

I have read each page of this statement consisting of 3 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Harry PD, this 27th day of Sept. 19 94.

WITNESS: [signature] [signature]

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

PAGE NO. 4 OF 7 PAGES
J94-028

I, ______________________, am not under arrest for, nor am I being detained for any criminal offense concerning the events I am about to make known to ______________________.
Without being accused of or questioned about any criminal offense regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I am ______ years of age, and I live at ______________________

what had happened. He was on top of me trying to stick it in. ~~I~~ I got mad and grabbed it. I moved him over. He got dressed and apologized. He walked me to my door and said good-bye. The next night he showed up at the back door. I told him that I did feel good and I was not going to do anything with him. He kissed me and asked me again. I said no. Then he left. The next day I called him but Sylvester said that he had gotten fired from his job at McDonald's and had went back to Kansas City. Chester called me later that night. He said only ~~two~~ three words. I'm coming over. He was at my back door later. He started telling me that he liked me and everything. We started walking in my backyard. Then he kissed me. I backed off 'cause ~~[illegible]~~ I thought that he was going out with Rhonda. He said he wasn't. I told him I couldn't. He said that he would pressure me. We talked for a little while longer and then he left. I called him a day later and he said that he ~~[illegible]~~ was going ~~[illegible]~~ to Rhonda's. Well, he showed up at the back door and

I have read each page of this statement consisting of 7 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Han- PD, this 5th day of Sept 19 94.

WITNESS: [signature]
WITNESS: ______________________

Ashley Busley
Signature of person giving voluntary statement

VOLUNTARY STATEMENT
(NOT UNDER ARREST)



J94-028

_______________, am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to _______________. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I am ______ years of age, and I live at _______________

he asked me to. I told him I [illegible] it. We started talking then kissing. I went inside then. I was about to go up the stairs [crossed out] when Chester appeared behind me. He kissed me then laid me down. We just laid there then he flipped it out. He put on two condom. I didn't see him do it cause I didn't look. He asked me and I said I didn't know that we would see. Later he slipped my shorts off and put it in. I told him it hurt and he said he would take it slower. When he got limp and took it out. [crossed out] I pulled my shorts back up and he held me for a long time. He told me he loved me. He said that if I was pregnant that he would take care of us. I told him I hoped it wouldn't come to that. He came over a couple other times and we did it again. The second time was like the first but he was rougher. When I left him to go in to use the bathroom I couldn't find him. I [crossed out] went up to my room and he was there playing with my radio. He just held me and then it happened. [crossed out] Maybe the next night he and Sylvester came over and brought

I have read each page of this statement consisting of 5 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Anna PD, this 9th day of Sept 1994.

WITNESS: [illegible signature]

Ashley Busley
Signature of person giving voluntary statement

WITNESS: _______________

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

PAGE NO. J94-028 OF ___ PAGES 6 of 7

_______________, am not under arrest for, nor am I being detained for any criminal offenses concerning the events I am about to make known to _______________. Without being accused of or questioned about any criminal offenses regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I am ____ years of age, and I live at _______________

Rhonda. We got into an argument over who
liked who. Sylvester told Chester just
to choose between me or Rhonda. He
chose me. Then ~~Sylvester~~ Sylvester & Rhonda
left and me and Chester talked for awhile.
Then he left. We didn't talk for about
a week. Then one night he showed up.
He wanted it real bad. I did have
no choice but to give it to him.
I didn't hear from him until ~~[illegible]~~
a week or two later. He asked me to
do him again. He came over ~~[illegible]~~ and
tried to butfuck ~~[illegible]~~ me but I don't
think it worked 'cause I'd scoot up
~~and~~ over me. He asked me later
if I would screw his friend I
said no. He tried but I walked
away. ~~A couple days later when I~~
~~talked to Rhonda she told me that Chester~~
~~had brought a guy named~~ He said it was
over. A couple days later when I talked
to Rhonda she told me that Chester had
brought some guy named Rusty Smith
or something like that over. She
said that they tried to get her. It
scared her and I told her that
nothing was ever going to happen
to her again. ~~Later~~ When at the fair:

I have read each page of this statement consisting of 6 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Clam PD, this 5th day of Sept 1994

WITNESS: [signature] Ashley Busley
Signature of person giving voluntary statement

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

PAGE NO. J94-028 OF ___ PAGES
7 of 7 gp

________________________, am not under arrest for, nor am I being detained for any criminal offense concerning the events I am about to make known to ________________________.
Without being accused of or questioned about any criminal offense regarding the facts I am about to state, I volunteer the following information of my own free will, for whatever purposes it may serve.

I am ______ years of age, and I live at ________________________

Chester tried to get his girlfriend and cousin to beat me up. Chester told them a bunch of lies. I don't know what he said. I'm friends with them now.

I have read each page of this statement consisting of 7 of 7 page(s), each page of which bears my signature, and corrections, if any, bear my initials, and I certify that the facts contained herein are true and correct.

Dated at Anna KD, this 5th day of Sept 19 94.

WITNESS: [signature]

WITNESS: ________________________

Ashley Bugby
Signature of person giving voluntary statement

Appellate Case: 15-3160 Page: 31 Date Filed: 02/29/2016 Entry ID: 4372487

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

FILED
MAY 13 1996
Loraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| vs. | ) | No. 94-CF-109 |
| MILAS MORSE, Defendant. | ) | |

MOTION TO DISMISS

NOW COME the People of the State of Illinois, by H. Wesley Wilkins, State's Attorney of Union County, and respectfully moves to dismiss the above-entitled cause, without prejudice, per the request of the victim, as evidenced by the written request attached hereto and incorporated herein.

H. Wesley Wilkins
State's Attorney/~~Assistant~~

---

ORDER

On motion of the People of the State of Illinois, IT IS HEREBY ORDERED that the above-entitled cause be and the same is hereby dismissed, without prejudice.

ENTERED this 13th day of May, 1996.

FILED
MAY 13 1996
Loraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

JUDGE

VICTIM'S REQUEST TO DISMISS CHARGES

The People of the State of Illinois, )
vs. ) Case No. 94-CF-109.
Milas Morse, )
Defendant. )

I, Larry Busby, being the previously-identified victim of a crime, hereby request that all charges be dismissed or not filed against the defendant listed above.

I hereby understand that the decision to dismiss or not file charges rests **exclusively** with the State's Attorney and that it is the policy of the Union County State's Attorney's Office to proceed with these charges, in spite of my request, if any bodily harm or uncompensated or unreimbursed property damages occurred.

My reasons for not wanting the defendant prosecuted are as follows: The incident occurred while my daughter was in the 7th grade. It is now time for her to complete her freshman year in High School. If it could have been done and taken care of earlier whereas not to harm Ashley anymore that would have been fine. Being Ashleys father I want her to be able to put it behind her and I dont and wont let anyone disrespect on the witness stand.

DATED this 10 day of May, 1996.

(X) Larry Busby Sr.
VICTIM's Father

Billie Henderson
WITNESS (state's Attorneys secretary)

CASE# 1994-CM-274 1994-CM-317 - 98-CF 188 - 98-CF-56 98-CF-6 95-CF-54

PLAINTIFF

DEFENDANT Morse

STATE OF ILLINOIS

COUNTY OF UNION )ss THIS INSTRUMENT IS A TRUE AND CORRECT COPY OF Docket Sheets Information affidavit Pleas Orders

FILED IN THE OFFICE OF THE CIRCUIT CLERK OF UNION COUNTY, ILLINOIS

DATED THIS 20 DAY OF Oct A.D. 20 10

(seal) (CERTIFIED) Lorraine Moreland

CIRCUIT CLERK

# RECORD SHEET

Case No. 94-CM-274

THE PEOPLE OF THE STATE OF ILLINOIS

vs

CHESTER MORSE,

Defendant.

Nature of Case CT. 1 CRIMINAL SEXUAL ABUSE
CT. 2 CRIMINAL SEXUAL ABUSE – Dismissed
CT. 3 CRIMINAL SEXUAL ABUSE – Dismissed
CT. 4 CRIMINAL SEXUAL ABUSE – Dismissed
CT. 5 HARASSMENT BY TELEPHONE – Dismissed

Attorneys:

H. WESLEY WILKINS, STATE'S ATTORNEY

Brian Trambley P.D.

~~Patrick [illegible]~~

Brian Trambley, P.D.

Form AO 69-32 Byers Printing Company, Springfield, Illinois

SPEEDY TRIAL

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 9 8 94 | | INFORMATION ON FIVE (5) COUNTS FILED. | 25.00 |
| 9 8 94 | | AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE WITH ATTACHED POLICE REPORTS FILED. | 10.00<br>25.00<br>5.00 |
| 9 8 94 | | Warrant Arrest Issued. Bail Set @ $2,500.00 | 5.00<br>20.00 |
| 9 9 94 | Per Judge's Docket Entry 12/30 94cm317 Bond to Apply to fine + Costs | [WA]RRANT OF ARREST RETURNED SHOWING SERVICE FILED. | 17.00 |
| 9 9 94 | | [BAI]L BOND IN THE AMOUNT OF $2,500.00 WITH [DE]FENDANT POSTING $250.00 CASH BEING 10% FILED. BOND ASSIGNMENT | 10.00<br>117.00 |
| 9 9 94 | | [NOT]ICE TO APPEAR THURSDAY, OCTOBER 6, 1994 at 1:00 p.m. [FIL]ED. Prob. Fee<br>Less Bond | 180.00<br>297.00<br>225.00<br>72.00 |
| 10 6 94 | [signature] | X Defendant present; advised of rights, nature of charges and possible penalties. Public Defender is appointed/~~denied~~. Trambley Arraignment set and notice given. [signature]<br>Less Bond #2 from 94cm317<br>Bal. of Bond Ref. To Fred Morse Per Ck# 1589[illegible] | 72.00<br>– 0 – |
| 10 6 94 | | Signed Order appointing Public Defender filed | |
| 10 11 94 | | Clerk Mail Notice of arraignment Set October 27, 1994 at 1:00 pm | P.2 Sheriff Fee 15 Pd 9/29/[illegible] |
| 10 14 94 | | ENTRY OF APPEARANCE, AND MOTION FOR SPEEDY TRIAL, DISCOVERY AND PRODUCTION OF INFORMATION WITH PROOF OF SERVICE FILED. | |
| 10 27 94 | [signature] | Case called. DEF & PD & RJT – Pre-trial Dec 2, 1994 at 9:00 [illegible] [signature] | |
| 10 28 94 | | Clerk Mail Notice of Pretrial Set December 2, 1994 at 9:00 AM | |

# ADDITIONAL RECORD SHEET

PAGE 2

Case No. 94-CM-274

PEOPLE
VS

Nature of Case CHESTER MORSE

Patrick [illegible]
~~Brian [illegible]~~

Form AO 69-32A Byers Printing Company, Springfield, Illino

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 12 | 2 | 94 | [illegible] | D [illegible] State [illegible] 7 days to [illegible] Pre-trial in 30 days [illegible] | |
| 12 | 5 | 94 | | Clerk Mails Notice of Pretrial set December 30, 1994 at 900 AM | |
| 12 | 30 | 94 | [illegible] | _____ Defendant is present with attorney Defendant enters plea of guilty after being admonished per S.C. Rule 402. Plea is knowingly and voluntarily made. Factual basis exists. Sentence entered per signed Judgmental/Order. Defendant advised per S.C. Rule 605. [illegible] OPG – NP 18 mth Prob [illegible] 10 [illegible] 90 day – [illegible] County Jail [illegible] 60 [illegible] 50 [illegible] [illegible] Cert. | |
| 1 | 9 | 95 | | SIGNED JUDGMENT, ORDER FOR PROBATION AND MITTIMUS FILED. | |
| 4 | 20 | 95 | | Verification of Public Service filed. | |
| 7 | 13 | 95 | | PETITION FOR REVOCATION OF PROBATION FILED. | |
| 7 | 14 | 95 | | WARRANT OF ARREST ISSUED. BAIL SET AT $1,000.00. | |
| 7 | 18 | 95 | | WARRANT OF ARREST RETURNED SHOWING SERVICE FILED. | 15.00 |
| 7 | 18 | 95 | | BAIL BOND IN THE AMOUNT OF $1,000.00 WITH DEFENDANT POSTING $100.00 CASH BEING 10% FILED. | |
| 7 | 18 | 95 | | NOTICE TO APPEAR THURSDAY, AUGUST 3, 1995 at 9:00 a.m. FILED. | |
| 8 | 3 | 95 | [illegible] | Case called. D in ct at [illegible] P/D [illegible] Case to be set for hearing [illegible] | |

Appellate Case: 15-3160 Page: 36 Date Filed: 02/29/2016 Entry ID: 4372487

# ADDITIONAL RECORD SHEET

PAGE 3

Case No. 94-CM-274

Nature of Case: PEOPLE VS CHESTER MORSE

Patrick [illegible]
D. BRIAN TRAMBLEY, P.D.

Form AO 69-32A Byers Printing Company, Springfield, Illinois

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 8 3 95 | | Signed Order appointing Public Defender filed | |
| 8 8 95 | | Clerk Mail Notice of Revoke Petition Set September 1, 1995 at 9:00 AM | |
| 8 11 95 | | ENTRY OF APPEARANCE AND MOTION FOR SPEEDY TRIAL, DISCOVERY AND PRODUCTION OF INFORMATION WITH PROOF OF SERVICE FILED. | |
| 9 1 95 | | Motion For Continuance with Verification Filed. | |
| 9 1 95 | [illegible] | [illegible] Reset to Sept 15, 1995 @ 9 | |
| 9 5 95 | | Clerk Mail Notice of Revoke Petition September 15, 1995 at 900 AM | |
| 9 13 95 | | Motion For Continuance With Proof of Service Filed. | |
| 9 15 95 | [illegible] | D. Ct. - S. [illegible] [illegible] Reset to Sept. 29, 1995 @ 9 | |
| 9 15 95 | | Signed Order Filed, (Cont 9/29/95 | |
| 9 29 95 | | Clerk Mail Notice of Petition to Revoke Set September 29, 1995 at 9:00 AM | |
| 9 28 95 | | MOTION FOR CONTINUANCE WITH PROOF OF SERVICE FILED. | |
| 9 29 95 | [illegible] | D. Ct. [illegible] [illegible] Reset Oct. 20, 1995 @ 9 | |
| 9 29 95 | | Signed Order Filed Cont. 10/20/95. | |
| 10 3 95 | | Clerk mailed notice of Revoke Petition set for October 20, 1995 @ 9:00 A.M. | |

Appellate Case: 15-3160 Page: 37 Date Filed: 02/29/2016 Entry ID: 4372487

ADDITIONAL RECORD SHEET - - - No. 4

Case No. 94-CM-274

People

vs.

Chester Moss

Brian Trambley P.
~~Patrick [illegible]~~
D. Brian Trambley, P.D.

FIDLAR & CHAMBERS CO., MOLINE, ILLINOIS

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 6 20 95 | [illegible] | O. Ct w/ DA, [illegible] | |
| | | B/A PTR. R set Nov. 17, 1995 @ 9 | |
| 10 24 95 | | Clerk Mail Notice of Revoke Petition set November 17, 1995 at 900 AM. | |
| 11 13 95 | | Motion For Continuance With Proof of Service Filed. | |
| 11 16 95 | | Signed Order Filed. | |
| 11 17 95 | | Clerk Mail Notice of Petition to Revoke Set December 8, 1995 at 900 AM | |
| 12 8 95 | [illegible] | O. Ct w/ DA, [illegible] & Quinnelly | |
| | | R set March 15, 1996 @ 10 | |
| 12 14 95 | | Clerk Mail Notice of Revoke Petition set March 15, 1996 at 9:00 AM | |
| 1 23 96 | | Subpoena Returned Showing Service Filed | |

[redacted]

CASE# 1994-CM-274 1994-CM-317 - 98-CF 188 -
98-CF-56 98-CF-6 95-CF-54

PLAINTIFF

DEFENDANT Moore

STATE OF ILLINOIS

COUNTY OF UNION )ss THIS INSTRUMENT IS A TRUE AND CORRECT COPY OF Docket Sheets Information affidavit Pleas Orders

FILED IN THE OFFICE OF THE CIRCUIT CLERK OF UNION COUNTY, ILLINOIS

DATED THIS 20 DAY OF Oct A.D. 20 10

(seal) (CERTIFIED) Lorraine Moreland
CIRCUIT CLERK

P70-0038

# RECORD SHEET

Case No. 94-CM-317

Nature of Case THEFT

THE PEOPLE OF THE STATE OF ILLINOIS

vs

CHESTER MORSE,

Defendant.

Attorneys:

PAUL PRENDERGAST, ASST. STATE'S ATTORNEY

Brian Trambley, P.D.

Form AO 69-32 Byers Printing Company, Springfield, Illinois.

SPEEDY TRIAL

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 10 24 94 | | INFORMATION FILED. | 25.00 |
| 10 24 94 | | AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE WITH ATTACHED POLICE REPORTS FILED. | |
| 10 26 94 | | WARRANT OF ARREST ISSUED. BAIL SET AT $1,000.00. | |
| 10 28 94 | | WARRANT OF ARREST RETURNED SHOWING SERVICE FILED. | 15.00 |
| 10 28 94 | | BAIL BOND IN THE AMOUNT OF $1,000.00 WITH DEFENDANT POSTING $100.00 CASH BEING 10% FILED. BOND ASSIGNMENT | |
| 10 28 94 | | NOTICE TO APPEAR TUESDAY, NOVEMBER 1, 1994 at 1:00 p.m. FILED. | |
| 11 1 94 | PLW / R | Defendant present; advised of rights, nature of charges and possible penalties. Public Defender is appointed/~~denied~~. Arraignment set and notice given. Trambley. Arr. - Nov. 17, 1994 @ 1 | |
| 11 1 94 | | Signed Order appointing Public Defender filed | |
| 11 2 94 | | Clerk Mails Notice of arraignment set November 17, 1994 at 1:00pm | |
| 11/07/94 | | ENTRY OF APPEARANCE, AND MOTION FOR SPEEDY TRIAL, DISCOVERY AND PRODUCTION OF INFORMATION WITH PROOF OF SERVICE FILED. | |
| 11 17 94 | CWh | D. Ct. w/ AH, SA, OPNG. J.T. - Jan 9, 1995 @ 9. P.T. Dec 30, 1994 @ 10 | |
| 11 21 94 | | Clerk Mails Copy of Pretrial Order to attorneys of Record and Copy Delivered to State attorney Personally. | |

Appellate Case: 15-3160 Page: 40 Date Filed: 02/29/2016 Entry ID: 4372487

# ADDITIONAL RECORD SHEET

Page 2

Case No. 94CM317

Nature of Case People vs Chester Morse — Brian Trambley PC

Form AO 69-82A Byers Printing Company, Springfield, Illinois

| DATE | | | JUDGE AND REPORTER | SPEEDY TRIAL | COSTS |
|---|---|---|---|---|---|
| 12 | 30 | 94 | | [illegible] | |
| 12 | 30 | 94 | | Bond Transferred to 94cm274 to Apply to fine + Costs. | |
| 1 | 9 | 95 | | MOTION TO DISMISS ALL AS PER SIGNED ORDER FILED. | |

FILED
OCT 2 4 1994
Mattilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT**
**UNION COUNTY, ILLINOIS**

THE PEOPLE OF THE STATE OF ILLINOIS,

vs.

CHESTER MORSE,
Defendant.

NO. 94-CM-317
Count I
Class A MISDEMEANOR

**INFORMATION**

The State's Attorney of said County charges:

That on or about October 10, 1994, in Union County, Illinois, **CHESTER** MORSE committed the offense of **THEFT**, in that the said defendant knowningly exhibited unauthorized control over property of Donald E. Hammond, one Energizer DT 760 battery, having a total value not in excess of $300.00, intending to deprive Donald E. Hammond permanently of the use of the property, in violation of Chapter 720, Act 5, Section 16-1(a)(1)(A), of the Illinois Compiled Statutes.

(State's Attorney/Assistant)

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

Signed and sworn to before me this 24th day of October, 1994.

Billie Jo Henderson
Notary Public

" OFFICIAL SEAL "
BILLIE JO HENDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4/12/95

FILED
OCT 2 4 1994
Mathilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE**
**WITH ATTACHED POLICE REPORTS**

I, William Ury, upon oath, hereby attest and affirm as follows:

1. That I am a duly sworn law enforcement officer in the State of Illinois, who is employed by the Union County Sheriff's Department.

2. That on ________, 1994, I arrested ____________________, in the County of Union and transported him/her to the Union County Jail.

3. That attached hereto is a copy of a police report filed and signed by me, which is a true and accurate account of the facts which support the charge or charges of theft ____________________, which were committed by Chester Morse, on the 10th, day of October, 1994.

4. That said defendant currently remains in custody at the Union County Jail or I am requesting the State's Attorney of Union County to issue a Warrant of Arrest for the heretofore mentioned defendant.

5. Further affiant saith not.

DATED this 24th day of October, 1994.

(X) [signature]
AFFIANT

COUNTY OF UNION :
: ss.
STATE OF ILLINOIS :

I, Billie Jo Henderson, being a duly sworn Notary Public in and for the County of Union and State of Illinois, hereby attest and affirm that William Ury, personally known to me, appeared before me this day in person and acknowledged that the above signature was singed by his as his free and voluntary act, and that the facts contained above were true to the best of their knowledge and information.

Billie Jo Henderson
NOTARY PUBLIC

" OFFICIAL SEAL "
BILLIE JO HENDERSON
NOTARY PUBLIC, ST[ATE OF] ILLINOIS
MY COMMISSION EXPIRES 4/12/95

# OFFENSE REPORT

## UNION COUNTY SHERIFF'S DEPARTMENT

Complainant: DONALD E. HAMMOND Case Number: UC-94-357
Address: P.O. BOX 41 MILL CREEK, IL 747-2898
Offense(s): THEFT
Place of Offense(s): HAMMOND RESIDENCE
Report Received by: ALAN TARPLEYat 9:30 P.M.
Date Received: 10-0-494 How Reported: PERSON
Date and Time Offense(s) Committed: 10-10-94 AFTER 2:30 P.M.
Officer Assigned: URY
Date and Time of Investigation: 11:00 P.M. ON 10-14-94
Suspects and/or Persons Arrested : CHESTER MORSE, ROGER CANNON, ANDY SMITH

---

DETAILS OF OFFENSE

State Fully All Other Circumstances of this Offense and Its Investigation

ON 10-14-94 AT 9:30 P.M. DON HAMMOND CAME INTO THE SHERIFF'S OFFICE AND REPORTED TWO CAR BATTERIES WERE MISSING FROM HIS RESIDENCE. HAMMOND SAID HE WAS MISSING AN ENERGIZER DT750 THAT WAS SITTING IN HIS KITCHEN AND A WAL MART OMEGA 25/60 THAT WAS INSTALLED IN A 1981 CHEVY MALIBU CLASSIC WAGON. ACCORDING TO HAMMOND'S, HE CONTACTED WAL MART IN ANNA ON 10-10-94 AND ALERTED THEM THAT THE BATTERIES MIGHT BE REFUNDED BY A ROGER CANNON JR., CHESTER MORSE OR A ANDY SMITH. ON 10-14-94 HAMMOND WENT INTO WAL MART AND WAS TOLD THAT ANDY SMITH AND CHESTER MORSE HAD BROUGHT BATTERIES IN FOR A REFUND. ON 10-15-94 AT APPROXIMATELY 7:20 P.M., I INTERVIEWED JASON WYATT AND KELLY CARTER BOTH EMPLOYEES AT THE ANNA WAL MART. THEY TOLD ME THAT ON 10-10-94 AT APPROXIMATELY 7:33 P.M., CHESTER MORSE BROUGHT IN AN ENERGIZER DT 760 FOR A REFUND. MORSE TOLD THEM THAT HIS FATHER HAD BOUGHT THE BATTERY AND DIDN'T NEED IT ANYMORE. THE AMOUNT OF $45.65 WAS REFUNDED TO MORSE BY JASON WYATT. COPY OF THE REFUND RECEIPT SIGNED BY CHESTER MORRIS IS ATTACHED TO THIS REPORT. ON THE SAME DATE, 10-10-94 AT APPROXIMATELY 7:59 P.M., ANDY SMITH ALSO BROUGHT IN AN ENERGIZER DT 750 FOR A REFUND. SMITH HAD THE SAME STORY AS MORRIS SAYING THAT HIS FATHER BOUGHT THE BATTERY AND DIDN'T NEED IT ANYMORE. THE AMOUNT OF $45.65 WAS ALSO REFUNDED TO ANDY SMITH. AT BOTH TRANSACTIONS, JASON WYATT AND KELLY CARTER WERE PRESENT BECAUSE WHEN MONEY IS REFUNDED ANOTHER EMPLOYEE HAS TO SIGN OFF ON THE RECEIPT. BOTH MORRIS AND SMITH HAD TO PRESENT PICTURE IDENTIFICATION WHEN RETURNING THE BATTERIES AND THE IDENTIFICATION NUMBERS WHICH CAME OFF OF AN ILLINOIS IDENTIFICATION CARD ARE ALSO RECORDED ON THE REFUND RECEIPT. BOTH WAL MART EMPLOYEE'S THINKING THAT BOTH MORSE AND SMITH'S STORIES WERE SUSPICIOUS SENT JARET WYATT, ANOTHER WAL MART EMPLOYEE TO SEE WHAT VEHICLE ANDY SMITH GOT INTO. JARET TOLD ME THAT SMITH GOT INTO A BLUE FIREBIRD THAT ROGER CANNON WAS DRIVING. DURING MY INTERVIEW WITH JASON WYATT, HE STATED THAT HE



Appellate Case: 15-3160 Page: 44 Date Filed: 02/29/2016 Entry ID: 4372487

UC-94-357 continued

WENT TO SCHOOL WITH ANDY SMITH AND CHESTER MORRIS AND KNEW THEM ON SIGHT. JASON ALSO STATED THAT HE COULD IDENTIFY THE BATTERY THAT MORSE BROUGHT IN BY DATES THAT WERE SCRATCHED OF THE BATTERY AND ~~[illegible]~~. By Marks on battery post. (BATTERY WAS TAKEN INTO EVIDENCE.)

HAMMOND TOLD ME IN A LATER CONVERSATION THAT HE QUESTIONED ROGER CANNON ABOUT THE BATTERIES AT A J ONE STOP IN ANNA SHORTLY AFTER HE REPORTED THEM MISSING AT THE SHERIFF'S OFFICE. CANNON ADMITTED TO HAMMOND THAT HE HAD TAKEN THE BATTERIES AND THERE WAS NOTHING HE COULD DO ABOUT IT. HAMMOND ALSO STATED THAT ON 10-10-94, THE DAY HE FOUND THE BATTERIES MISSING, ROGER CANNON WAS AT HIS HOUSE SEVERAL TIMES WHILE HE WAS THERE AND AFTER HE LEFT FOR A PERIOD OF TIME.

I REQUEST THE STATES ATTORNEY CHARGE THE BELOW PERSONS AT HIS DISCRETION.

ROGER D. CANNON M/W 02-20-74
CHESTER W. MORSE M/W 04-06-77
ANDREW R. SMITH M/W 04-23-75

REPORT MADE BY: WILLIAM URY DATE: 10-18-94



Appellate Case: 15-3160 Page: 45 Date Filed: 02/29/2016 Entry ID: 4372487

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

I Donald E. Hammond AM NOT UNDER ARREST FOR, NOR AM I BEING DETAINED FOR ANY CRIMINAL OFFENCE CONCERNING THE EVENTS I AM ABOUT TO MAKE KNOWN TO Deputy Tarpley WITHOUT BEING ACCUSED OF OR QUESTIONED ABOUT ANY CRIMINAL OFFENSES REGARDING THE FACT I AM ABOUT TO STATE. I VOLUNTEER THE FOLLOWING INFORMATION OF MY OWN FREE WILL, FOR WHATEVER PURPOSES IT MAY SERVE.

I AM 52 YEARS OF AGE AND I LIVE AT Mill Creek, IL. - On 10/10/94
I discovered That Two (2) Car Batteric were
missing; 1 from The Kitchen At my home An Energ
DT750 And A Wal Mart Omega 24/60. I Called
Wal Mart To See if Any one had brought Bac
Batteries of This Type for Refund At The
Time They were Not Certain but said They
would be on The look out for Them. I ga
Them The names of Roger Cannon Jr. And
Chester Morris As persons who might Try T
bring Them back for Cash Refund. - One Batte
was valued at $54.00 (Energizer) the other at 40.0
approximately (Omega).
Today 10/14/94 I went To Wal Mart And w
(See Offense Report)

I HAVE READ EACH PAGE OF THIS STATEMENT CONSISTING OF ________ PAGE S EACH PAGE OF WHICH BEARS MY SIGNATURE AND CORRECTIONS IF ANY, BEAR MY INITIALS AND I CERTIFY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT.

DATED AT ________ THIS ______ DAY OF ____________ 19__

WITNESS: ____________________

WITNESS: ____________________

x Donald E. Hammond
SIGNATURE OF PERSON GIVING STATEMENT

WAL★MART
WE SELL
FOR LESS
STORE #0233
ST# 0233 OP# 00000089 TE# 22 TR# 00008

AUTOMOTIVE BATTERY DATE VERIFICATION

UPC # 072111274472

DESCRIPTION: BATTERY

DATE: 09/24/94 15:25

AUTOMOTIVE BATTERY RETURN REQUIREMENTS

RECEIPT IS NECESSARY TO VALIDATE DATE OF PURCHASE FOR WARRANTY ADJUSTMENTS. ADJUSTMENTS WITHOUT RECEIPT WILL BE MADE USING THE MANUFACTURE DATE OF BATTERY.

PLEASE PLACE IN POUCH ON BATTERY

Don Hammond's Purchase Receipt for the Energizer DT 750

Energizer DT 750

P70-0046

**WAL*MART**

WE SELL
FOR LESS
STORE #0233
ANNA, IL

STR 0233 OP# 00000782 TE# 01 TR# 0994
*** REFUND SLIP ***

| | | |
|---|---|---|
| BATTERY | 07211274472 | 42.96- |
| | SUBTOTAL | 42.96- |
| | SALES TAX 1 | 2.26- |
| | SALES TAX 3 | 0.43- |
| | TOTAL | 45.65- |
| | NET REFUND ITEMS | 42.96- |
| | CASH TEND | 45.65- |
| | CHANGE DUE | 0.00 |

SIGNATURE: ..........

CUSTOMER ID # IL530016751162

THANK YOU FOR SHOPPING WITH US!!!!
10/10/94 19:59:28

**WAL*MART**

WE SELL
FOR LESS
STORE #0233
ANNA, IL

STR 0233 OP# 000000[illegible] TE# 0[illegible] TR# [illegible]
*** REFUND SLIP ***

| | | |
|---|---|---|
| BATTERY | 07211274472 | 42.96 |
| | SUBTOTAL | 42.96 |
| | SALES TAX 1 | 2.26 |
| | SALES TAX 3 | 0.43 |
| | TOTAL | 45.65 |
| | NET REFUND ITEMS | 42.96 |
| | CASH TEND | 45.65 |
| | CHANGE DUE | 0.00 |

SIGNATURE: ..........

CUSTOMER ID #: ILM620:1577099

THANK YOU FOR SHOPPING WITH US!!!!
10/10/94 19:33:04

Appellate Case: 15-3160 Page: 48 Date Filed: 02/29/2016 Entry ID: 4372487

LZW2.AUU 94.289 03.27 07 DLN/S30016751168.

SOS 10/-94 0327

** PHOTO ID RESPONSE **

DL/IP STA/VALID-EXPIRATION DATE EXTENDED
TDL/TIP STA/SEE ILOLNHELP
CDL/CIP STA/SEE ILOLNHELP

SMITH ANDREW ROBERT
102 FOWLER ST ANNA 62906
SEX/M DOB/042375 HGT/6'00 WGT/150 HAI/BRO EYE/HAZ
PID/S300-1675-1168 PHOTO ID EXP/07231996 ISS/02011994

LZW2.AUU 94.290 01.31.36 NAM/CANNON,ROGER D.SEX/M.RAC/W.DOB/022074.

CHF 101794 0131

AJL NO REC LEADS NAM/CANNON,ROGER D SEX/M RAC/W
DOB/022074

1L01 NCIC RESPONSE
IL0910000
NO NCIC WANT DOB/022074 NAM/CANNON,ROGER D SEX/M RAC/W

SOS 101794 0131

DL TIP STA/VALID-EXPIRATION DATE EXTENDED
ID TIP STA/SEE ILOLNHELP
CDL/TIP STA/SEE ILOLNHELP

CANNON JR ROGER D
P O BOX 41 MILL CREEK 62961
SEX/M DOB/022074 HGT/5'09 WGT/185 HAI/BLN EYE/GRN
DLN/C550-7247-4051 DLC/D* DLT/ORIG EXP/05201995 ISS/1207,991
RES-PID CLASS/NONE
NO STOPS IN EFFECT
1 CONV LAST 12 MO
CONV 01181994 I 11-601 UNIO
END

LZW2.AUU 94.28? 03.27.44 DLN/M62011977099.

SOS 101494 0327

DL/IF STA/VALID-EXPIRATION DATE EXTENDED
TDL/TIP STA/SEE ILOLNHELP
CDL/CIP STA/SEE ILOLNHELP

MORSE CHESTER WILLIAM
221 WILLIAM ST ANNA 62905
SEX/M DOB/040677 HGT/5'06 WGT/128 HAI/BLN EYE/BLU
OLN/M620-1197-7099 OLC/D? OLT/CORR EXP/07061998 ISS/08171994
RES-PID CLASS/NONE
NO STOPS IN EFFECT
NO CONV LAST 12 MO
END

CHF 101694 0327

AUU NO REC LEADS NAM/MORSE,CHESTER WILLIAM SEX/M
DOB/040677 DLN/M62011977099

1L01 NCIC RESPONSE
IL0910000
NO NCIC WANT OLN/ M62011977099
NO NCIC WANT DOB/040677 NAM/MORSE,CHESTER WILLIAM SEX/M

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

I, Jaret Wyatt , AM NOT UNDER ARREST FOR, NOR AM I BEING DETAINED FOR ANY CRIMINAL OFFENCE CONCERNING THE EVENTS I AM ABOUT TO MAKE KNOWN TO ______ WITHOUT BEING ACCUSED OF OR QUESTIONED ABOUT ANY CRIMINAL OFFENSES REGARDING THE FACT I AM ABOUT TO STATE. I VOLUNTEER THE FOLLOWING INFORMATION OF MY OWN FREE WILL, FOR WHATEVER PURPOSES IT MAY SERVE.

I AM 20 YEARS OF AGE AND I LIVE AT R#1 box: 242 Anna, Il. 62906

At 8:00 PM.
On 10-10-94, I was sent to check on Andy Smith to see what vehicle he was getting into. Andy got into the passanger side of a blue Firebird. The driver was Roger Cannon.

I HAVE READ EACH PAGE OF THIS STATEMENT CONSISTING OF ______ PAGE(S) EACH PAGE OF WHICH BEARS MY SIGNATURE, AND CORRECTIONS IF ANY, BEAR MY INITIALS AND I CERTIFY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT.

DATED AT 10-15-94 THIS ______ DAY OF ______ 19__

Jaret H. Wyatt
SIGNATURE OF PERSON GIVING STATEMENT

WITNESS: ______
WITNESS: ______

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

I, Jason Wyatt AM NOT UNDER ARREST FOR, NOR AM I BEING DETAINED FOR ANY CRIMINAL OFFENSE CONCERNING THE EVENTS I AM ABOUT TO MAKE KNOWN TO ______ WITHOUT BEING ACCUSED OF OR QUESTIONED ABOUT ANY CRIMINAL OFFENSES REGARDING THE FACT I AM ABOUT TO STATE. I VOLUNTEER THE FOLLOWING INFORMATION OF MY OWN FREE WILL, FOR WHATEVER PURPOSES IT MAY SERVE.

I AM 20 YEARS OF AGE AND I LIVE AT R#1Box 242. Anna. (618-833-5653)

different times.
Monday 10/10/94 2. Gentmen came in A wanting refund on Batterys. Said Father didn't need them. Both used same storie. Approved by mang. Called police Station asked ~~for~~ if any reports on stolen batties. They said there were none. Andy Smith ] people who got Chester Morries ] the refunds

* Driver car: Rodger Cannon. Blue Chev. Carmaro.

Time First customer: 7:33pm Chester morse
Time Second customer: 7:59pm Andy Smith

I refunded Chester morse battery.

I HAVE READ EACH PAGE OF THIS STATEMENT CONSISTING OF ______ PAGES. EACH PAGE OF WHICH BEARS MY SIGNATURE, AND CORRECTIONS IF ANY, BEAR MY INITIALS AND I CERTIFY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT.

DATED AT ______ THIS 10/15/94 DAY OF Sat 19 94

WITNESS: ______
WITNESS: ______

X Jason B Wyatt
SIGNATURE OF PERSON GIVING STATEMENT

VOLUNTARY STATEMENT
(NOT UNDER ARREST)

I, Kelly Carter, AM NOT UNDER ARREST FOR, NOR AM I BEING DETAINED FOR ANY CRIMINAL OFFENCE CONCERNING THE EVENTS I AM ABOUT TO MAKE KNOWN TO ______ WITHOUT BEING ACCUSED OF OR QUESTIONED ABOUT ANY CRIMINAL OFFENSES REGARDING THE FACT I AM ABOUT TO STATE. I VOLUNTEER THE FOLLOWING INFORMATION OF MY OWN FREE WILL, FOR WHATEVER PURPOSES IT MAY SERVE.

I AM 23 YEARS OF AGE AND I LIVE AT 414 Springfield Ave, Anna, IL 62906

I refunded money for an Energizer car battery on Monday, October 10th at around 8pm. We used the person's Driver's License to track the refund thru the register, but they came up having no previous refunds - so we had to give them the money. He said his father didn't need the battery & lost the receipt. He told us the exact same story the 1st guy who refunded an Energizer car battery told us earlier that night. But Mark, the Store Manager told us to refund them.

I HAVE READ EACH PAGE OF THIS STATEMENT CONSISTING OF ______ PAGE S EACH PAGE OF WHICH BEARS MY SIGNATURE, AND CORRECTIONS IF ANY, BEAR MY INITIALS AND I CERTIFY THAT THE FACTS CONTAINED HEREIN ARE TRUE AND CORRECT.

DATED AT ______ THIS 15th DAY OF October

WITNESS: ______
WITNESS: ______

Kelly Carter
SIGNATURE OF PERSON GIVING STATEMENT

P70-0053

# COURT DISPOSITION

| Document Control Number | State Use (FP / FBI / PP) | Arresting Agency - ORI | State Use Only | Process Control Number |
|---|---|---|---|---|
| 249626927 | | | | 89913955X |

Document Control Number:

Department Name: Union Co. Sheriff's Dept

Subject's Name: LAST - Morse FIRST - Christopher MIDDLE - W

Birthdate: MONTH 04 DAY 06 YEAR 1977

Also Known As - AKA:

Alias DOB: MONTH DAY YEAR

| Sex | Race | POB | Hair Color | Skin Tone | Height | Weight | Eyes |
|---|---|---|---|---|---|---|---|
| M | W | KS | BLN | LGT | 507 | 128 | BLU |

Photo Taken: Yes / No ☐

Scars, Marks, Tattoos:

Miscellaneous Number:

Social Security Number: 330724554

Driver's License Number: M620 1197 7099 State: IL

SID Number: IL Ø

FBI Number:

Agency's Offender Identification Number:

Agency's Case Number:

## INSTRUCTIONS

Forward this report to the circuit clerk's office when charges are filed with the court.

Official's Signature: [signature]

I.D. Number: UC-9

Subject's Signature - NOTE: This Information May Be Computerized In Local, State & National Files.

Date Printed: MONTH 10 DAY 27 YEAR 94

## CIRCUIT CLERK'S SECTION

| COUNT | OFFENSE | STATUTE CITATION | CSA | CLASS | COURT CASE NUMBER | DISPOSITION CODE | DATE (MONTH DAY YEAR) |
|---|---|---|---|---|---|---|---|
| 1 | THEFT | 720, 5, 16-1(a)(1)(A) | 0 | A | 94-CM-317 | 209 | 12 30 94 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## SENTENCE SECTION

| COUNT | SENTENCE CODE | YEARS | MONTHS | DAYS | HOURS | AMOUNT | SENTENCE STATUS CODE | SENTENCE DATE (MONTH DAY YEAR) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

Circuit Court - NCIC Number: IL 0 9 1 0 1 5 J

County Name: UNION

Completed By: NJ

### BOND SECTION — OPTIONAL

| Bond Type | Bond Receipt Number | Date Bond Posted (MONTH DAY YEAR) |
|---|---|---|
| | | |

| Bond Amount | Cash Bond Posted |
|---|---|
| | |

IL 493-0692

COPY # 4 CIRCUIT CLERK

ISP-402 (1/91)

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br><br>vs.<br><br>CHESTER MORSE,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 94-CM-317 |

FILED
JAN - 9 1995
Matthilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**MOTION TO DISMISS**

NOW COME the People of the State of Illinois, by H. Wesley Wilkins, State's Attorney of Union County, and respectfully moves to dismiss the above-entitled cause, in that two (2) other co-defendants have been charged and convicted herein, and the defendant is already receiving jail time and probation in 94-CM-274.

H. Wesley Wilkins
State's Attorney/~~Assistant~~

---

**ORDER**

On motion of the People of the State of Illinois, IT IS HEREBY ORDERED that the above-entitled cause be and the same is hereby dismissed.

ENTERED this 9 day of January, 1995.

JUDGE

FILED
JAN - 9 1995
Matthilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

# RECORD SHEET

Case No. 98-CF-188

Nature of Case: Dismissed CT. I RESIDENTIAL BURGLARY
Dismissed CT. II BURGLARY
CT. III THEFT

THE PEOPLE OF THE STATE OF ILLINOIS

vs

CHESTER MORSE,

Defendant.

Attorneys:

CHRISTOPHER K. WELLS, STATE'S ATTORNEY

PATRICK J. COX, P.D.

Form AO 69-32 Byers Printing Company, Springfield, Illinois

SPEEDY TRIAL

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 11 5 98 | | INFORMATION ON THREE (3) COUNTS FILED. | fine 100.00 / 40.00 |
| 11 5 98 | | AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE WITH ATTACHED POLICE REPORTS FILED. | Clerk 25.00; SA 10.00; Court 25.00 |
| 11 6 98 | | WARRANT OF ARREST ISSUED. BAIL SET AT $2500.00 | CAF 5.00; Surch 15.00 |
| 11/20/98 | | WARRANT OF ARREST WITH RETURN OF SERVICE FILED | Sheriff 15.00 |
| 11/20/98 | | BAIL BOND IN THE AMOUNT OF $2,500.00 WITH DEFENDANT POSTING $250.00 CASH BEING 10% AND FIRST APPEARANCE ON DECEMBER 11, 1998 AT 9:00 A.M. FILED. BOND ASSIGNMENT | VC 12.00; JS 15.00; Stor 5.00; Traum 5.00; medfee 10.00; Prob 180.00; Rest 80.00 |
| 12/11/98 | [initials] | X Defendant present; advised of rights, nature of charges and possible penalties. Public Defender is appointed/~~denied.~~ Arraignment set and notice given. Cox [illegible] prel. hearing to [illegible] | TOTAL 502.00; LessBond 225.00; BalDue 277.00; LessBond -90.00; BalDue 187.00 |
| 12 11 98 | | SIGNED ORDER APPOINTING PUBLIC DEFENDER FILED. | Pd 6-12-00 -150.00 |
| 12 15 98 | | Clerk mails notice of Preliminary Hearing set for January 21, 1999 at 9:00 AM | BalDue $ 37.00; - 37.00; Pd 6-14-00; -0- |
| 12 15 98 | | People's Discovery to the Defendant Filed. | |
| 12/16/98 | | ENTRY OF APPEARANCE AND MOTION FOR SPEEDY TRIAL WITH PROOF OF SERVICE FILED. | |
| 12/16/98 | | MOTION FOR DISCOVERY WITH PROOF OF SERVICE FILED. | |
| 12 18 98 | | Subpoena Returned Showing Service Filed. | |
| 1 21 99 | [initials] | Case called. Motion by ~~to~~ State to cont prel. hrg for [illegible] filing [illegible] ground. Feb 4, 1999 at 9:00 [illegible] | |

# RECORD SHEET

Case No. 95-CF-54

Nature of Case: DISORDERLY CONDUCT

THE PEOPLE OF THE STATE OF ILLINOIS

vs

SYLVESTER LOGAN MORSE,
Defendant.

Attorneys:

GARY E. STARK, ASST. STATE'S ATTORNEY

John McDermott (Private Hir

~~Cook + Cook, P.D.~~

Form AO 69-32 Byers Printing Company, Springfield, Illinois

SPEEDY TRIAL

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 5 24 95 | | INFORMATION FILED. | 40.00 |
| 5 25 95 | CLARKE | ___ Defendant present; advised of rights, nature of charges and possible penalties. Public Defender is appointed/~~denied~~. Arraignment set and notice given. | 30.00<br>50.00<br>500<br>500<br>2500<br>10.00 |
| | | PH set 6-2-95 @ 10AM. | |
| 5 25 95 | | Warrant Arrest Returned Showing Service Filed. | 15.00<br>180.0<br>240.0 |
| 5 25 95 | | Signed Order appointing Public Defender filed. | Prob. Fee 420. |
| 5 25 95 | | Clerk Mail Notice of Preliminary Hearing set June 2, 1995 at 10:00AM. | 290<br>Less Partial Bond<br>130<br>Bal. Due |
| 5 25 95 | | BAIL BOND IN THE AMOUNT OF $10,000.00 WITH DEFENDANT POSTING $1,000.00 CASH BEING 10% FILED. BOND ASSIGNMENT | |
| 5 25 95 | | NOTICE TO APPEAR FRIDAY, JUNE 2, 1995 at 10:00 a.m. FILED. | |
| 05/26/95 | | ENTRY OF APPEARANCE AND DEMAND FOR A SPEEDY TRIAL BY JURY WITH CERTIFICATE OF SERVICE FILED. | Remainder Bond $610 |
| 05/26/95 | | DEFENDANT'S MOTION FOR DISCOVERY WITH CERTIFICATE OF SERVICE FILED. | Refunded 1-23-9 |
| 5 26 95 | | PETITION FOR IMPOSITION OF ADDITIONAL CONDITIONS OF BAIL BOND FILED. | 10.00<br>Less Prob 7<br>for Jan |
| 5 26 95 | | SIGNED ORDER FOR IMPOSITION OF ADDITIONAL CONDITIONS OF BAIL BOND FILED. | |
| 5 30 95 | | Subpoena returned showing service. | -50. |
| 5 30 95 | | Notice Returned (no longer inmate) 1/5/98 Pd | |
| 6 2 95 | [illegible] Bland | Case called. D & atty present for prelim. hearing. Court finds prob. cause. Case to be set for arraignment. | Bal due - 70.<br>Bond |

# ADDITIONAL RECORD SHEET

Page 2

Case No. 95 CF 54

Nature of Case Sylvester Logan Morse — John McDermott, Cook & Cook P.D.

Form AO 69-32A Byers Printing Company, Springfield, Illinois

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 6 | 5 | 95 | | Clerk Mail Notice of arraignment set June 22, 1995 at 9:00 AM | |
| 6 | 9 | 95 | | Appearance, Plea of Not Guilty Filed. Pretrial Motion for Discovery with Proof of Service Filed. | |
| 6 | 22 | 95 | [illegible] | Case called. Motion by Cook to w/d is granted. DATA MTFB is granted. Notice ordered. | |
| 6 | 22 | 95 | | Clerk mailed 30 day B.T. Notice | |
| 6 | 23 | 95 | | Motion for Leave to Withdraw with Certificate of Service filed. (See Judge Bigler Entry 6/22/95 Granting Same) | |
| 6 | 30 | 95 | [illegible] | D atty in ct EPNG-RJT - Motion to vacate BF & BW is granted. Case to be set for pre-trial. | |
| 6 | 30 | 95 | | Reporter files Transcript (Preliminary Hrg) | |
| 7 | 3 | 95 | | Clerk Mail Notice of Pretrial set July 27, 1995 at 9:00 AM | |
| 7 | 27 | 95 | Bigler | D atty not ct. S atty in ct. Pretrial Aug 31, 1995 at 9:00 AM | |
| 7 | 28 | 95 | | Clerk Mail Notice of Pretrial Set August 31, 1995 at 9:00 AM | |
| 8 | 31 | 95 | [illegible] | D atty in ct. Joint motion to cont pre-trial is granted. Cont Sept 28, at 9:00 AM - | |

Page 3

# ADDITIONAL RECORD SHEET

Case No. 95-CF54

John McDermott

Nature of Case Sylvester Logan Morse

Form AO 69-32A Byers Printing Company, Springfield, Illinois

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 8 | 31 | 95 | | Clerk Mails Mail Notice of Pretrial Set September 28, 1995 at 9:00 AM | |
| 9 | 28 | 95 | Bigl | Case called. D atty not Stty in at Joint motion to cont to Nov. 3, 1995 at 9:00 am is granted | |
| 9 | 29 | 95 | | Clerk Mails Notice of Reset Pretrial Set November 3, 1995 at 9:00 Am. | |
| 11 | 3 | 95 | Bigl Bunch | Case called. D atty mcd. ER OPG Sent. set for Dec. 14, 1995 at 1:00 P.M | |
| 11 | 7 | 95 | | Clerk Mails Notice of Sentencing Hearing set December 14, 1995 at 1:00pm | |
| 12 | 4 | 95 | | MOTION TO CONTINUE WITH PROOF OF SERVICE FILED. | |
| 12 | 5 | 95 | | Signed order filed. | |
| 12 | 6 | 95 | | Clerk Mails Notice of Reset Sentencing Hearing set January 4, 1996 at 1:00 pm. | |
| 12 | 12 | 95 | | PRE-SENTENCE INVESTIGATION FILED. | |
| 1 | 4 | 96 | Bigler Bunch | Case called. D atty mcd. D announce ready for Sent. hearing 2 yrs probation - Order to be filed | |
| 1 | 8 | 96 | | SIGNED JUDGMENT AND ORDER FOR PROBATION FILED. | |
| 3 | 5 | 96 | | VERIFICATION OF PUBLIC SERVICE FILED. | |
| 12 | 18 | 96 | | MEMO FROM STATE'S ATTORNEY OFFICE FILED REGARDING RETURN OF BOND BALANCE. | |

# ADDITIONAL RECORD SHEET - - - No. 4

Case No. 95-CF-54

THE PEOPLE OF THE STATE OF ILLINOIS

VS

SYLVESTER LOGAN MORSE JOHN McDERMOTT

FIDLAR & CHAMBERS CO., MOLINE, ILLINOIS

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 1 | 9 | 98 | | PETITION FOR UNSUCCESSFUL TERMINATION OF PROBATION ALL AS PER SIGNED ORDER UNSUCCESSFULLY TERMINATING PROBATION FILED. | |
| 5 | 11 | 99 | | Memo Filed. | |
| 5 | 24 | 99 | | Response filed. | |
| 10 | 19 | 99 | | Clerk mails notice of Status Hearing set for October 28, 1999 at 1:00 pm | |
| 11 | 3 | 99 | | Clerk mails notice of Status Hearing set for December 2, 1999 at 9:00 Am | |
| 12 | 2 | 99 | | Clerk mails notice of Status Hearing set for January 13, 2000 at 9:00 Am | |
| 1 | 13 | 00 | [illegible] | Re-set Feb 3, 2000 at 9:00 [illegible] Clerk mails notice of Status Hearing set for February 3, 2000 at 9:00 Am Subject 99-CH-31[illegible] | |
| 2 | 9 | 2000 | | Clerk mails notice of Status Hearing set for March 2, 2000 at 9:00 Am | |
| 2 | 29 | 2000 | | Clerk mails notice of Status Hearing set for March 30, 2000 at 9:00 Am | |
| 4 | 13 | 2000 | | Clerk mails notice of Status Hearing set for May 4, 2000 at 9:00 AM | |

Appellate Case: 15-3160 Page: 61 Date Filed: 02/29/2016 Entry ID: 4372487

P70-0060

# ADDITIONAL RECORD SHEET

Case No. 95 CF 54 No. 5

Nature of Case Sylvester Logan Morse

Form AO 69-32A Byers Printing Company, Springfield, Illinois

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 5 19 2000 | | Clerk mails notice of Status<br>Hearing set for June 15, 2000 Am | |
| 6 15 | | D: Ct &B<br>PA 7/27/00 - 9 | |
| 6 21 2000 | | Clerk mails notice of Status<br>Hearing set for July 27, 2000 at 9:00 Am | |
| 7 27 00 | Clarke | STATUS RESET 9-28-00 @ 9 | |
| 8 1 2000 | | Clerk mails notice of Status<br>Hearing set for September 28, 2000 at 9:00 Am | |
| 9 28 00 | | Reset Status for October 12, 2000 at 9:00 A.M. Per Judge Clarke, | |
| 9 29 2000 | | Clerk mails notice of Status<br>Hearing set for October 12, 2000 at 9:00 Am | |
| 10 12 00 | Clarke | D INCT. NOTHING PAID SINCE 5-5-97<br>RESET 11-16-00 @ 9 | |
| 10 17 2000 | | Clerk mails notice of Status<br>Hearing set for November 16, 2000 at 9:00 Am | |
| 11 21 2000 | | Clerk mails notice of Status<br>Hearing set for December 14, 2000 at 9:00 Am | |
| 12 18 2000 | | Clerk mails notice of Status<br>Hearing set for February 1, 2001 at 9:00 Am | |

Appellate Case: 15-3160 Page: 62 Date Filed: 02/29/2016 Entry ID: 4372487

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| vs. | ) | NO. 95-CF-54<br>Count I<br>Class 4 FELONY |
| SYLVESTER LOGAN MORSE, Defendant. | ) | |

FILED
MAY 24 1995
Matthilene Page
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

## INFORMATION

The State's Attorney of said County charges:

That on or about May 9, 1995, in Union County, Illinois, **SYLVESTER LOGAN MORSE** committed the offense of **DISORDERLY CONDUCT**, in that the said defendant knowingly transmitted to Susan Choate, Secretary of the Jonesboro Elementary School, a false alarm that a bomb was concealed in Jonesboro Elementary School, Cook Street, P. O. Box 69, Jonesboro, Union County, Illinois, where its explosion would endanger human life, knowing at the time of such transmission, that there were no reasonable grounds to believe that such a bomb was concealed in Jonesboro Elementary School, in violation of Chapter 720, Act 5, Section 26-1(a)(3), of the Illinois Compiled Statutes.

Gary Stork
(State's Attorney/Assistant)

---

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

Gary Stork

Signed and sworn to before me this 24th day of May, 1995.

Billie Jo Henderson
Notary Public

OFFICIAL SEAL
BILLIE JO HENDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-12-99

State of Illinois
In the Circuit Court of the First Judicial Circuit
Union County

FILED
3 - 1995
Mattelene Page
Clerk of Circuit Court,
First Judicial Circuit
Union County, Illinois

People of the State of Illinois )
)
vs. ) No. 95-CF-54
)
SYLVESTER MORSE, )
Defendant )

PLEA OF GUILTY

I, the undersigned defendant, hereby voluntarily, knowingly and understandingly enter a plea of guilty to:

DISORDERLY CONDUCT

as charged in the above styled cause. I understand that by pleading guilty, I am giving up my right to trial, including my right to a jury trial. I am also giving up my right to confront witnesses and to subpoena witnesses on my behalf. I understand the nature of the offense and the possible penalties. I understand that if I plead guilty, the Court may sentence me up to the maximum penalty provided for this offense without hearing witnesses or having a trial. No threats have been made to get me to plead guilty.

[ ] **Negotiated Plea** This plea is entered pursuant to an agreement between the prosecutor and the defendant under Illinois Supreme Court Rule 402(d) which contemplates a specified sentence will be imposed and /or that other charges before the Court will be dismissed. The parties request the Court's affirmance of the agreement. I understand that if the Court does not concur in the agreement or withdraws concurrence, I may withdraw this plea of guilty. If the Court does not concur, I may persist in my plea of guilty and the disposition may be different than that contemplated by the plea agreement and that the Court may impose any sentence up to the maximum provided for the offense. Other than the plea agreement, no other promises have been made to me to cause me to enter this plea.

[X] **Open Plea** No promises have been made to me concerning a specific sentence or reduction and/or dismissal of charges. I understand the Court may sentence me up to the maximum penalty provided by law.

Dated this 3rd day of November, 1995.

Sylvester Morse
Defendant

I hereby certify as an officer of the Court that I have fully explained and answered any questions of my client concerning the foregoing Plea of Guilty including its terms and ramifications.

John C. McDermott
Attorney for Defendant

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

FILED
JAN 8 1996
Loraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, )
)
vs. ) NO. 95-CF-54
)
**SYLVESTER L. MORSE,** )
Defendant. )

**JUDGMENT AND ORDER FOR PROBATION**

ON THIS the 4th day of January, 1996, this cause comes before the Court on the sentencing of the defendant, **SYLVESTER L. MORSE,** on the charge of **DISORDERLY CONDUCT (Class 4),** which crime the Court finds in this cause, the defendant has heretofore been convicted.

And now being fully advised in the premises and of the law in such cases made and provided, this Court finds further that it has jurisdiction of the parties hereto and the subject matter hereof and that the ends of justice would best be served by sentencing the said defendant to probation.

**IT IS HEREBY ORDERED BY THE COURT AS FOLLOWS:**

1. The defendant be, and the same is hereby sentenced to probation for a period of **TWENTY-FOUR (24) MONTHS.**
2. That the conditions of the probation are as follows:
   a. The defendant shall not violate any criminal statute of any jurisdiction.
   b. The defendant shall make a report to the probation officer of this Court at such times as the probation officer directs.
   c. The defendant shall pay the costs of these proceedings with his bond, less 10%, to be applied herein.
   d. The defendant shall comply with all reasonable requests of the probation officer.
   e. The defendant shall refrain from possessing a firearm or other dangerous weapons.
   f. The defendant shall not leave the State of Illinois without the consent of the Court, or in circumstances in which the reason for the absence is of such an emergency nature that prior consent by the Court is not possible, without the prior notification and approval by the probation officer.
   g. The defendant shall permit the probation officer to visit the defendant at his or her home, or elsewhere, to the extent necessary to discharge his duties.
   h. The defendant shall pay a monthly probation fee through the Circuit Clerk in the amount of $10.00, with his bond, less 10%, to apply.
   i. The defendant shall perform **ONE HUNDRED (100) HOURS** of Community Service at the direction of the Union County Probation Department within the first **SIX (6) MONTHS** of Probation.

j. The defendant shall be confined to his home at 208 J Street in Jonesboro, Illinois, at all times, for the first **SIX (6) MONTHS** of Probation, excepting church attendance, emergency medical or dental treatment, visits with his probation officer, performance of his community service, employment, or as otherwise authorized by the Union County Probation Department.

k. The defendant shall be employed or otherwise seek employment after the period of Home Confinement has expired, unless he is a full-time student in a public school.

l. The defendant shall return to public school, if eligible for readmission, and attend public school without unexcused absence. In the alternative, the defendant shall obtain a GED certificate within the first **TWELVE (12) MONTHS** of Probation.

m. The defendant shall pay any and all expenses and/or costs of emergency response personnel or vehicles which responded to the Jonesboro Grade School on May 9, 1995. The State's Attorney shall obtain and calculate said expenses and provide the same to the defendant's attorney. Should an objection be raised to the same, an immediate hearing concerning said restitution would be set and heard by the Court. If there is no objection, the defendant shall pay said restitution within the first **SIX (6) MONTHS** of Probation, with his bond, less 10%, to apply.

3. The Court retains jurisdiction of this case for the purpose of enforcing this sentence of probation.

ENTERED this 8 day of January, 1996.

[signature]
JUDGE

P70-0065

# COURT DISPOSITION

STATE USE: FP | FBI | PP

ARRESTING AGENCY - ORI: IL 0910000

State Use Only

Process Control Number: 873637633

Document Control Number: 244525083

Document Control Number:

Department Name: Union County Sheriff

Subject's Name — LAST: Morse FIRST: Sylvester MIDDLE: Leroy

Birthdate: MONTH 04 DAY 06 YEAR 1977

Also Known As - AKA:

Alias DOB: MONTH DAY YEAR

Sex: M | Race: W | POB: KS | Hair Color: BRO | Skin Tone: MED | Height: 507 | Weight: 140 | Eyes: BLK

Photo Taken: ☒ Yes / No ☐

Scars, Marks, Tattoos: L F 7 " H A D

Miscellaneous Number:

Social Security Number:

Driver's License Number: State:

SID Number: IL Ø

FBI Number:

Agency's Offender Identification Number:

Agency's Case Number:

## INSTRUCTIONS

Forward this report to the circuit clerk's office when charges are filed with the court.

Official's Signature: [signature]

I.D. Number:

Subject's Signature - NOTE: This Information May Be Computerized In Local, State & National Files: X Sylvester Morse

Date Printed: MONTH DAY YEAR

## CIRCUIT CLERK'S SECTION

| COUNT | OFFENSE | STATUTE CITATION | CSA | CLASS | COURT CASE NUMBER | DISPOSITION CODE | DATE |
|---|---|---|---|---|---|---|---|
| 1 | DISORDERLY CONDUCT | 720, 5, 26-1(a)(3) | 0 | 4 | 95-CF-54 | 101 | 01 08 96 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

## SENTENCE SECTION

| COUNT | SENTENCE CODE | YEARS | MONTHS | DAYS | HOURS | AMOUNT | SENTENCE STATUS CODE | SENTENCE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | 204 | 002 | | | | | 1 | 01 08 96 |
| 1 | 303 | | | | | $180.00 | 1 | 01 08 96 |
| 1 | 209 | | | | 100 | | 1 | 01 08 96 |
| 1 | 212 | | 06 | | | | 1 | 01 08 96 |
| | | | | | | | | |

Circuit Court - NCIC Number: IL 0 9 1 0 1 5 J

County Name: UNION

Completed By: NJ

## BOND SECTION — OPTIONAL

Bond Type:

Bond Receipt Number:

Date Bond Posted: MONTH DAY YEAR

Bond Amount:

Cash Bond Posted:

IL 493-0692

COPY # 4 CIRCUIT CLERK

ISP-402 (1/91)

Appellate Case: 15-3160 Page: 67 Date Filed: 02/29/2016 Entry ID: 4372487

CIRCUIT COURT OF ILLINOIS
FIRST JUCICIAL CIRCUIT
UNION COUNTY

THE PEOPLE OF THE STATE OF ILLINOIS,

-vs-

**SYLVESTER MORSE,**
Defendant

NO. **95-CF-54**

FILED
JAN - 9 1998
Loraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**PETITION FOR UNSUCCESSFUL TERMINATION OF PROBATION**

Now comes the undersigned Probation Officer of the First Judicial Circuit of the State of Illinois and says that the above named defendant was heretofore placed on probation by this Court, and that the term of said probationary status has expired, WHEREFORE THE undersigned prays that an Order may be entered formally terminating said probationary status.

Dated: 1/7/98

[signature]
Probation Officer

**ORDER UNSUCCESSFULLY TERMINATING PROBATION**

This cause coming on to be heard on the foregoing petition and the Court receiving no objection thereto, IT IS HEREBY ORDERED said probationary status be and the same is hereby unsuccessfully terminated.

Dated: 1-9-98

[signature]
Circuit Judge

FILED
JAN - 9 1998
Loraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

Appellate Case: 15-3160 Page: 68 Date Filed: 02/29/2016 Entry ID: 4372487

CASE# 97 OP 17 98 OP 24

PLAINTIFF
DEFENDANT Morse

STATE OF ILLINOIS

COUNTY OF UNION )ss THIS INSTRUMENT IS A TRUE AND CORRECT COPY OF Complete File 97 OP 17

Complete File 98 OP 24

FILED IN THE OFFICE OF THE CIRCUIT CLERK OF UNION COUNTY, ILLINOIS

DATED THIS 20 DAY OF Oct A.D. 20 10

(seal) (CERTIFIED) Lorraine Moreland
CIRCUIT CLERK

RECEIVED
OCT 22 2010
Federal Public Defender
Capital Habeas Unit

# RECORD SHEET

Case No. 97-OP-17

Nature of Case PROTECTION ORDER

FLORENCE SINISI,
Petitioner

vs

KENNETH MORSE,
Respondent

Attorneys:
Pro-Se

Form AO 69-32 Byers Printing Company, Springfield, Illinois

| DATE | | | JUDGE AND REPORTER | | COST |
|---|---|---|---|---|---|
| 3 | 6 | 97 | | PETITION FOR ORDER OF PROTECTION FILED. | |
| 3 | 6 | 97 | | SIGNED EMERGENCY ORDER OF PROTECTION FILED. | |
| 3 | 6 | 97 | | SUMMONS ISSUED AND GIVEN TO REPRESENTATIVE FROM DOMESTIC VIOLENCE SERVICE. (HEARING 3/25/97 at 9:00 a.m.) | |
| 3 | 7 | 97 | | Summons Returned Showing Service Filed. | |
| 3 | 25 | 97 | [illegible] | Case called Pet. in ct. R F T [illegible] Order filed [illegible] | |
| 4 | 2 | 97 | | Clerk mails notice of Protection Order Hearing set for Sept. 25 1997 at 9:00 A.M. | |
| 5 | 16 | 97 | | Affidavit of Service for Plenary Order of Protection Returned Showing Service Filed. | |
| 9 | 25 | 97 | [illegible] | Case called. No one appears [illegible] Case dismissed [illegible] | |

IN THE CIRCUIT URT FOR THE FIRST JUDIC CIRCUIT

UNION COUNTY, ILLINOIS

FILED

MAR - 6 1997

Lorraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY ILLINOIS

FLORENCE SINISI, )
Petitioner, )
) Case No. 97-OP-17
KENNETH MORSE, )
Respondent. )

☒ Independent Proceeding
☐ Other Civil Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

## PETITION FOR ORDER OF PROTECTION

ow comes the Petitioner FLORENCE SINISI on his/her own behalf or on behalf of ____________, a minor child, or on behalf of ____________, an adult who cannot file a petition because of age, health, disability or accessibility on his/her own behalf, pursuant to the Illinois Domestic Violence Act (IDVA), and moves this Honorable ourt to issue an Order of Protection in this cause and in support thereof states as follows:

## ALLEGATIONS

HIS COURT HAS JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PERSONS, ECAUSE:

☒ Petitioner resides at (street address, city) 209 W. Broad St., Jonesboro in the County of Union, State of Illinois; OR

☐ Petitioner resides at (street address, city) ____________ in the County of ____________, State of ____________, and the person on whose behalf this Petition is brought, resides at (street address, city) ____________ in the County of ____________, State of ____________; OR

☐ Petitioner's address is omitted pursuant to statute as disclosure of Petitioner's address would risk further abuse to her/him or to another Protected Person, or such disclosure would reveal the confidential location of a shelter for domestic violence victims. Alternative address for notice of any motion is ____________

☒ Respondent resides at (street address, city) 209 W. Broad St. Jonesboro in the County of Union, State of Illinois.

☒ Venue in civil proceedings is appropriate because:

- ☒ Petitioner resides in the County of Union, State of Illinois; OR
- ☒ Respondent resides in the County of Union, State of Illinois; OR
- ☒ The alleged abuse occurred in the County of Union, State of Illinois; OR
- ☐ The Petitioner is temporarily located in the County of ____________, State of Illinois, to avoid further abuse, and could not obtain safe, accessible, and adequate temporary housing in the county of his/her residence.



Appellate Case: 15-3160 Page: 71 Date Filed: 02/29/2016 Entry ID: 4372487

D. Respondent stands in relationship the Petitioner or alleged abused person ?

- △ Spouse;
- △ Former spouse;
- △ Parent;
- △ Child;
- △ Having or allegedly having a child in common;
- △ Stepchild;
- ▲ Sharing or formerly sharing a common dwelling;
- ▲ Having or having had a dating or engagement relationship;
- △ Other person related by blood or marriage;
- △ Sharing or allegedly sharing a blood relationship through a child;
- △ Person who has responsibility for a high risk adult disabilities;
- △ Personal assistant to person with disability.

E. ▲ There is no other pending court action involving the parties. OR

△ There is another pending court action involving the parties in the County of ________________, State of ________________, known as Case No. ________________.

F. ▲ Respondent has acted in the following manner towards the Petitioner:
[State details of incident(s) of abuse (including time and place), as well as effects of incident(s) on Petitioner.]
Incident(s): 3/5/97 He tried to throw me down my basement stairs, put his hands on my throat as if to try to strangle me, and pulled my hair. I tried to get away and he kept hitting me. The police arrived and intervened. He has threatened to kill me and wouldn't let me talk to other people without him being present. He cut the phone lines while I was talking to my sister in Chicago.

Effects(s): I have lacerations on my face and bruises on each shoulder area where he hit me. He has been verbally abusive to me and my children.

G. ▲ Petitioner should be granted exclusive possession of the residence, the special venue rules of sec. 209(b) of IDVA (applicable only in civil proceedings) having been met, because:

▲ Petitioner has a right to occupancy and Respondent has no right to occupancy. OR

△ Both parties have a right to occupancy; and, considering the risk of further abuse by Respondent interfering with the Petitioner's safe and peaceful occupancy, the balance of hardships favors the Petitioner because of the following relevant factors:

- △ Availability, accessibility, cost, safety, adequacy, location, and other characteristics of alternative housing for each party and any minors or other dependents; and/or
- △ Effect on each party's employment; and/or
- △ Effect on the relationship of each party and any minors or dependent adults in the care of each party, to family, school, church and community.



Appellate Case: 15-3160 Page: 72 Date Filed: 02/29/2016 Entry ID: 4372487

I. ☐ The following individuals are pers who need to be protected from abuse by spondent: Florence Sinisi
Nicole Sinisi, Daniel Falagan, Gabe Falagan

☐ Respondent should be ordered to stay away from Petitioner and the Protected Persons.

☐ Respondent should be prohibited from entering or remaining present at Petitioner's school, place of employment, or (specify) ______ because:

☐ Respondent has no right to enter/remain present at such place(s); OR

☐ The balance of hardships favors the Petitioner in prohibiting the Respondent from entering or remaining at such place(s).

☐ The likelihood of future abuse would be minimized by appropriate counseling.

☐ As referred to herein, "the minor child(ren)" are the child(ren) that the parties have or allegedly have in common, namely: ______

☐ The Court has jurisdiction over the minor child(ren) because:

☐ 1. This state

☐ a. Is the home state (as defined in the Illinois Uniform Child Custody Jurisdiction Act) of the child(ren) at the time of the commencement of this proceeding, or

☐ b. had been the child(ren)'s home state within 6 months before commencement of the proceeding and the child is absent from this State because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as a parent continues to live in this state;

OR

☐ 2. It is in the best interest of the child that a court of this State assume jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this State, and there is available in this State substantial evidence concerning the child's present or future care, protection, training and personal relationships;

OR

☐ 3. The child is physically present in this State and

☐ a. the child has been abandoned, or

☐ b. it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent;

OR

☐ 4. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs 1, 2, or 3, or another state has declined to exercise jurisdiction on the grounds that this State is the more appropriate forum to determine the custody of the child, and it is in the best interest of the child that this Court assume jurisdiction.

☐ No "father and child relationship" (pursuant to the Illinois Parentage Act of 1984) has been established with the following child(ren): Nicole, Daniel Falagan, and Gabe Falagan.

I. ☐ The primary caretaker of the minor child(ren) is or has been ______.

N. ⌂ Petitioner should be granted phys care of the minor child(ren) or granted r appropriate relief because there exists a danger that the minor child(ren) will be:

- ⌂ Abused or neglected; and/or
- ⌂ Separated in an unwarranted manner from the child(ren)'s primary caretaker; and/or
- ⌂ Unprotected as to his/her/their well-being.

O. ⌂ Petitioner should be granted temporary legal custody of the minor child(ren).

P. ⌂ The Respondent's visitation with the minor child(ren) should be restricted or denied because the Respondent has or is likely to:

- ⌂ abuse or endanger the minor child(ren) during visitation; and/or
- ⌂ use visitation as an opportunity to abuse or harass Petitioner or Petitioner's family or household members; and/or
- ⌂ improperly conceal or detain the minor child(ren); and or
- ⌂ otherwise act in a manner that is not in the best interest of the minor child(ren).

Q. ⌂ It is necessary to prohibit Respondent from coming to Petitioner's residence to meet the minor child(ren) for visitation to protect any member of Petitioner's family or household from future abuse.

R. ⌂ There exists a danger that the minor child(ren) will be removed from this jurisdiction or concealed within the State.

S. ⌂ Respondent has knowledge of the whereabouts of or access to the minor child(ren).

T. ⌂ Petitioner should be granted exclusive possession of the following items of personal property:

______________________________________________

______________________________________________

because:

- ⌂ Petitioner, but not Respondent, owns such property;

  **OR**

- ⌂ Sharing the property creates a further risk of abuse or is impractical; the balance of hardships favors temporary possession by Petitioner; and
  - ⌂ Petitioner and Respondent own the property jointly, or
  - ⌂ The property is alleged to be marital property and a proceeding has been filed under the IMDMA.

U. ⌂ An order should be granted protecting the following items of personal property:

______________________________________________

______________________________________________

because:

- ⌂ Petitioner, but not Respondent, owns such property;

  **OR**

- ⌂ The balance of hardships favors Petitioner, and
  - ⌂ Petitioner and Respondent own the property jointly, or
  - ⌂ The property is alleged to be marital property and a proceeding has been filed under the IMDMA.

V. ⌂ Respondent has a legal obligation to support ⌂ Petitioner and/or ⌂ the minor child(ren), and Respondent is able to provide such support.



Appellate Case: 15-3160 Page: 74 Date Filed: 02/29/2016 Entry ID: 4372487

W. ☐ As a direct result of the above de bed abuse, Petitioner has suffered certai ses, incurred certain expenses, and/or has been provided temporary shelter/counseling services, as follows:

X. ☐ There is a threat to the safety and well-being of Petitioner's family or household when Respondent enters or remains on the premises while under the influence of alcohol or drugs.

Y. ☐ Respondent should be denied access to school or other records of the minor child(ren) because:

- ☐ Respondent is or will be prohibited from having contact with the minor child(ren); or
- ☐ Petitioner's address is omitted pursuant to statute; or
- ☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor child(ren).

Z. ☐ Allegations for other injunctive relief:

Additional Allegations for Emergency Orders Only

☒ (i) For requested remedies 1, 3, 5, 7, 8, 9, 11, 14, 15, and 17, the harm which that remedy is intended to prevent would be likely to occur if Respondent were given any prior notice, or greater notice than was actually given of Petitioner's efforts to obtain judicial relief.

☐ (ii) For requested remedy 2, the immediate danger of further abuse of Petitioner by Respondent if Petitioner chose or had chosen to remain in the household while Respondent was given any prior notice or greater notice than was actually given, outweighs the hardship to Respondent of an emergency order granting Petitioner exclusive possession of the residence or household.

☐ (iii) For requested remedy 10, improper disposition of the personal property would be likely to occur if Respondent were given any prior notice or greater notice than was actually given of Petitioner's effort to obtain judicial relief, or that Petitioner has an immediate and pressing need for possession of that property.

## REMEDIES REQUESTED

PETITIONER REQUESTS THAT THE COURT FIND THAT THE FOLLOWING ARE PROTECTED PERSONS:
Florence Sinisi, Nicole , Daniel Falagan, Gabe Falagan

WHEREFORE, PETITIONER REQUESTS THE ENTRY OF AN ORDER OF PROTECTION SETTING FORTH THE FOLLOWING REMEDIES:

☒ 1. With respect to Petitioner and other Protected Persons, Respondent be prohibited from committing the following:
☒ Physical abuse; ☒ Harassment; ☒ Interference with personal liberty; ☒ Intimidation of a dependent;
☒ Willful deprivation; ☒ Neglect; ☒ Exploitation; ☒ Stalking.

☒ 2. Petitioner be granted exclusive possession of the residence and Respondent be prohibited from entering or remaining at such premises: 209 W. Broad St, Jonesboro, IL

3. ☗ a. Respondent be ordere stay away from Petitioner and other Pro ed Persons; and/or
☗ b. Respondent be prohibited from entering or remaining at 2( . Broadst., Jonesboro ________ while any Protected Person is present; and/or
☐ c. Respondent be allowed access to the residence to remove items of clothing, personal adornments, medications used exclusively by the Respondent and other items, as follows: ________________.

4. Respondent be ordered to undergo counseling for a period of time to be determined by this court. *(Not available in Emergency Order.)*

5. ☐ a. Petitioner be granted physical care and possession of the minor child(ren;) and/or
☐ b. Respondent be ordered to:
- ☐ Return the minor child(ren) ________________ to the physical care of ________________; and/or
- ☐ Not remove the minor child(ren) ________________ from the physical care of Petitioner or ________________.

6. Petitioner be granted temporary legal custody of the minor child(ren) ________________. *(Not available in Emergency Order.)*

7. ☐ a. Respondent be awarded visitation rights on the following dates and times or under the following conditions or parameters: ________________

☐ b. Respondent's visitation be restricted as follows: ________________

☐ c. Respondent's visitation be denied.

☐ d. Respondent be prohibited from meeting the minor child(ren) for visitation at Petitioner's residence and may meet the child(ren) at ________________.

8. Respondent be prohibited from removing the minor child(ren) from Illinois or concealing them within Illinois.

9. Respondent be ordered to appear in this Court with/without the child(ren) on a date certain.

10. Petitioner be granted exclusive temporary possession of the following personal property and the Respondent be ordered to make available to Petitioner the following property which is in Respondent's possession or control: ________________

11. Respondent be ordered not to take, transfer, encumber, conceal, damage or otherwise dispose of any of the following real or personal property: All real and personal property

12. Respondent be ordered to pay temporary support for ☐ Petitioner and/or ☐ the minor child(ren) of the parties as follows: $________ per ________, starting ________________ payable through the Clerk of the Circuit Court. *[Not available in Emergency Order.]*

13. Respondent be ordered to pay $________ respecting losses and expenses within the scope of sec. 214(b)(13) of the IDVA to ________________ on or before ________. *[Not available in Emergency Order.]*

△ 14. Respondent be prohibited from e[illegible]ng or remaining at the household or resi[illegible]e located at ____________ while under th[illegible] influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

△ 15. Respondent be denied access to school or any other records of the minor child(ren) and prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

△ 16. Respondent be ordered to pay $__________ to the following shelter ____________________ on or before ____________________. [*Not available in Emergency Order.*]

△ 17. Respondent be further enjoined as follows:

______________________________________________

______________________________________________

______________________________________________

______________________________ Signature of Attorney or State's Attorney

Florence Sims
Signature of Petitioner

UNDER PENALTIES AS PROVIDED BY LAW PURSUANT TO SECTION 1-109 OF THE CODE OF CIVIL PROCEDURE, THE UNDERSIGNED, BEING FIRST DULY SWORN ON OATH, STATES THAT SHE/HE HAS READ THE FOREGOING PETITION FOR ORDER OF PROTECTION BY HER/HIS SUBSCRIBED AND THAT THE FACTS STATED THEREIN ARE TRUE TO THE BEST OF HER/HIS KNOWLEDGE AND BELIEF.

Florence Sims
Signature of Petitioner

Subscribed and Sworn to before me this
6 day of March, 1997.

[signature]
~~Notary Public~~ Judge

Attorney (or Pro Se Petitioner) Name: Pro Se Petitioner

Address: ______________________

City: ______________________

Phone: ______________________

Service by Facsimile △ will be accepted △ will not be accepted.

Facsimile Number must be included if service by facsimile is accepted. __________



Appellate Case: 15-3160 Page: 77 Date Filed: 02/29/2016 Entry ID: 4372487

P70-0076

IN THE CIR' 'T COURT FOR THE FIRST JU' 'IAL CIRCUIT
UNION COUNTY, ILLINO.

FILED
MAR - 6 1997
Lorraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY ILLINOIS

FLORENCE SINISI, )
Petitioner, )
vs. )
KENNETH MORSE, )
Respondent. )

Case No. 97-OP-17
☗ Independent Proceeding
☐ Other Civil Proceeding
☐ Criminal Proceedings
☐ Juvenile Proceeding
LEADS NO. ______

| PETITIONER | ADDRESS | CITY |
|---|---|---|
| FLORENCE SINISI | 209 W. Broad Street<br>☐ Check if omitted pursuant to Statute | Jonesboro |
| RESPONDENT<br>KENNETH MORSE | ADDRESS<br>209 W. Broad Street | CITY<br>Jonesboro |

| Birthdate | Sex | Race | Height | Weight | Hair | Eyes | Social Security Number |
|---|---|---|---|---|---|---|---|
| | Male | White | 5'6" | 200 | Black | Blue | |

## EMERGENCY ORDER OF PROTECTION

ANY KNOWING VIOLATION OF ANY ORDER OF PROTECTION FORBIDDING PHYSICAL ABUSE, NEGLECT, EXPLOITATION, HARASSMENT, INTIMIDATION, INTERFERENCE WITH PERSONAL LIBERTY, WILLFUL DEPRIVATION, OR ENTERING OR REMAINING PRESENT AT SPECIFIED PLACES WHEN THE PROTECTED PERSON IS PRESENT OR GRANTING EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD, PROHIBITING ENTERING OR REMAINING AT THE HOUSEHOLD WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND SO CONSTITUTING A THREAT TO THE SAFETY AND WELL-BEING OF ANY PROTECTED PERSON, OR GRANTING A STAY AWAY ORDER, IS A CLASS A MISDEMEANOR. GRANT OF EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD SHALL CONSTITUTE NOTICE FORBIDDING TRESPASS TO LAND. ANY KNOWING VIOLATION OF ANY ORDER AWARDING LEGAL CUSTODY OR PHYSICAL CARE OF A CHILD OR PROHIBITING REMOVAL OR CONCEALMENT OF A CHILD MAY BE A CLASS 4 FELONY. ANY WILLFUL VIOLATION OF ANY ORDER IS CONTEMPT OF COURT. ANY VIOLATION MAY RESULT IN FINE OR IMPRISONMENT. STALKING IS A FELONY. See definition of prohibited conduct on page 4.

The following persons are protected by this Order: Florence Sinisi, Nicole Sinisi, Daniel Falagan, and Gabe Falagan.

"The minor children" referred to herein are: Petitioner's children) Nicole Sinisi, Daniel Falagan, and Gabe Falagan.

Date, time and place for further hearing:
Date March 25 1997 Time 9:A.M Union County Courthouse, Jonesboro, Illinois.

| This Order was issued on: | This Order will be in effect until: |
|---|---|
| Date: March 6 1997 Time: 1:53 p.m | Date March 25 1997 Time 9 A.M |

Appellate Case: 15-3160 Page: 78 Date Filed: 02/29/2016 Entry ID: 4372487

The Court finds that it has jurisdicti ver the subject matter and the parties; tha the Petitioner has proven the material allegations of the Petition for Order of Protection by substantial, competent and relevant evidence, and that an Order of Protection should be entered.

IT IS HEREBY ORDERED THAT:

☒ 1. With respect to all Protected Persons, Respondent is prohibited from committing the following:

☒ Physical abuse; ☒ Harassment; ☒ Interference with personal liberty; ☒ Intimidation of a dependent; ☒ Willful deprivation; ☒ Neglect; ☒ Exploitation; ☒ Stalking.

☒ 2. Petitioner is granted exclusive possession of the residence and Respondent shall not enter or remain in the household or premises located at: 209 W. Broad St., Jonesboro ______.

☒ 3. ☒ a. Respondent is ordered to stay away from Petitioner and other Protected Persons; and/or
☒ b. Respondent is prohibited from entering or remaining at 209 W. Broad Street ______ while any Protected Person is present, and/or ______.

☐ 5. ☐ a. Petitioner is granted physical care and possession of the minor child(ren); and/or
☐ b. Respondent is ordered to:

☐ Return the minor child(ren) ______ to the physical care of ______; and/or
☐ Not remove the minor child(ren) ______ from the physical care of Petitioner or ______.

☐ 7. ☐ a. Respondent is awarded visitation rights on the following dates and times or under the following conditions or parameters: *[No order shall merely refer to the term "reasonable visitation."]*

______

______

______

______.

☐ b. Respondent's visitation is restricted as follows:

______

______

______

______.

☐ c. Respondent's visitation is reserved/denied.
☐ d. Respondent is prohibited from meeting the minor child(ren) for visitation at Petitioner's residence and shall meet the minor child(ren) at ______.

Petitioner may deny Respondent access to the minor child(ren) if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner or Petitioner's minor child(ren) or is behaving in a violent or abusive manner.

☐ 8. Respondent is prohibited from removing the minor child(ren) from Illinois or concealing them within Illinois.

☐ 9. Respondent is ordered to appear at ______ County Courthouse, ______, Illinois on ______ at ______.m, with/without the minor child(ren).

☐ 10. Petitioner is granted exclusiv ssession of the following personal propert l the Respondent is ordered to promptly make available to Petitioner the following property that is in Respondent's possession or control:

______________________________________________

______________________________________________

______________________________________________.

☒ 11. ☒ a. Respondent is prohibited from taking, transferring, encumbering, concealing, damaging or otherwise disposing of the following real or personal property: All real and personal property

______________________________________________

______________________________________________.

☐ b. Respondent is prohibited from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

☐ 14. Respondent is prohibited from entering or remaining at the household or residence located at

______________________________________________

while under the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☐ 15. Respondent is denied access to school and/or any other records of the minor child(ren) and is prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

☐ 17. Respondent is further ordered and/or enjoined as follows:

______________________________________________

______________________________________________

______________________________________________.

☐ 18. The relief requested in paragraph(s)__________ of the Petition is ___Denied ___Reserved, because:______________________________________________

______________________________________________

______________________________________________.

Date: March 6, 1997

Judge: [signature]



Appellate Case: 15-3160 Page: 80 Date Filed: 02/29/2016 Entry ID: 4372487

P70-0079

IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

FLORENCE SINISI, Petitioner,
vs.
KENNETH MORSE, Respondent.

Case No. 97-OP-17
☒ Independent Proceeding
☐ Other Civil Proceeding
☐ Criminal Proceeding
☐ Juvenile Proceeding

FILED
MAR 25 1997
Lorraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY ILLINOIS

LEADS NO. ____________

| PETITIONER | ADDRESS | CITY |
|---|---|---|
| FLORENCE SINISI | 209 W. BROAD ST.<br>☐ Check if omitted pursuant to Statute | JONESBORO |
| RESPONDENT | ADDRESS | CITY |
| KENNETH MORSE | 209W. BROAD ST. | JONESBORO |

| Birthdate | Sex | Race | Height | Weight | Hair | Eyes | Social Security Number |
|---|---|---|---|---|---|---|---|
| | MALE | W | 5'6 | 200 | blk. | blue | |

## ORDER OF PROTECTION

☐ Interim ☒ Plenary

**ANY KNOWING VIOLATION OF ANY ORDER OF PROTECTION FORBIDDING PHYSICAL ABUSE, NEGLECT, EXPLOITATION, HARASSMENT, INTIMIDATION, INTERFERENCE WITH PERSONAL LIBERTY, WILLFUL DEPRIVATION, OR ENTERING OR REMAINING PRESENT AT SPECIFIED PLACES WHEN THE PROTECTED PERSON IS PRESENT OR GRANTING EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD, PROHIBITING ENTERING OR REMAINING AT THE HOUSEHOLD WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND SO CONSTITUTING A THREAT TO THE SAFETY AND WELL-BEING OF ANY PROTECTED PERSON, OR GRANTING A STAY AWAY ORDER, IS A CLASS A MISDEMEANOR. GRANT OF EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD SHALL CONSTITUTE NOTICE FORBIDDING TRESPASS TO LAND. ANY KNOWING VIOLATION OF ANY ORDER AWARDING LEGAL CUSTODY OR PHYSICAL CARE OF A CHILD OR PROHIBITING REMOVAL OR CONCEALMENT OF A CHILD MAY BE A CLASS 4 FELONY. ANY WILLFUL VIOLATION OF ANY ORDER IS CONTEMPT OF COURT. ANY VIOLATION MAY RESULT IN FINE OR IMPRISONMENT. STALKING IS A FELONY.**
See definition of prohibited conduct on page 4.

The following persons are protected by this Order: Florence and Nicole Sinisi DANIEL AND GABE FALAGAN

"The minor children" referred to herein are: NICOLE SINISI, DANIEL AND GABE FALAGAN

Date, time and place for further hearing (if Interim Order): Date 9-25-97 Time 9:00
Union County Courthouse, Jonesboro, Illinois.

| This Order was issued on: | This Order will be in effect until: |
|---|---|
| Date: 3-25-97 Time: 9:20 PM | Date 9-25-97 Time 9:00 AM<br>☐ Vacated by court order<br>☐ Specified event: |

The Court finds that it has jurisdiction over the subject matter and the parties; th... ...e Petitioner has proven the material allegations of the Petition for Order of Protection by substantial, competent and relevant evidence and an Order of Protection should be entered.

IT IS HEREBY ORDERED THAT:

☒ 1. With respect to all Protected Persons, Respondent is prohibited from committing the following:
☒ Physical abuse; ☒ Harassment; ☒ Interference with personal liberty; ☒ Intimidation of a dependent; ☒ Willful deprivation; ☒ Neglect; ☒ Exploitation; ☒ Stalking.

☒ 2. Petitioner is granted exclusive possession of the residence and Respondent shall not enter or remain in the household or premises located at: 209 W. Broad St. Jonesboro ________________________________.

☐ 3. ☐ a. Respondent is ordered to stay away from Petitioner and other Protected Persons; and/or
☐ b. Respondent is prohibited from entering or remaining at ________________________________ while any Protected Person is present; and/or
________________________________.
☐ c. Respondent is allowed access to the residence on (date)__________ at (time)__________ in the presence of (name)____________________ to remove items of clothing, personal adornments, medications used exclusively by the Respondent and other items, as follows:________________________________.

☐ 4. Respondent is ordered to undergo counseling at ________________________________ for a duration of____________________.

☐ 5. ☐ a. Petitioner is granted physical care and possession of the minor children; and/or
☐ b. Respondent is ordered to:
☐ Return the minor child(ren)________________________________ to the physical care of ________________________________; and/or
☐ Not remove the minor child(ren)________________________________ from the physical care of Petitioner or ________________________________.

☐ 6. Petitioner is granted temporary legal custody of the minor child(ren)________________________________.

☐ 7. ☐ a. Respondent is awarded visitation rights on the following dates and times or under the following conditions or parameters: [*No order shall merely refer to the term "reasonable visitation."*]

________________________________.

☐ b. Respondent's visitation is restricted as follows:

________________________________.

☐ c. Respondent's visitation is denied.
☐ d. Respondent is prohibited from meeting the minor child(ren) for visitation at Petitioner's residence and shall meet the minor child(ren) at ________________________________.

Petitioner may deny Respondent access to the minor child(ren) if, when Respondent arrives for visitation, Respondent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner or Petitioner's minor children or is behaving in a violent or abusive manner.



Appellate Case: 15-3160 Page: 82 Date Filed: 02/29/2016 Entry ID: 4372487

☐ 8. Respondent is prohibited from removing the minor child(ren) from Illinois or concealing them within Illinois.

☐ 9. Respondent is ordered to appear at ____________ County Courthouse, ____________, Illinois on ____________ at ______.m, with/without the minor child(ren).

☐ 10. Petitioner is granted exclusive possession of the following personal property and the Respondent is ordered to promptly make available to Petitioner the following property that is in Respondent's possession or control:

______________________________________________

______________________________________________

______________________________________________.

☒ 11. ☒ a. Respondent is prohibited from taking, transferring, encumbering, concealing, damaging or otherwise disposing of the following real or personal property: all real and personal property

______________________________________________

______________________________________________.

☐ b. Respondent is prohibited from improperly using the financial or other resources of an aged member of the family or household for the profit or advantage of Respondent or any other person.

☐ 12. Respondent is ordered to pay temporary support for ☐ Petitioner and/or ☐ the minor child(ren) of the parties as follows: $________ per ________, starting ____________, payable through the Clerk of the Circuit Court.

☐ 13. ☐ a. Respondent is ordered to pay $_______ as actual monetary compensation for loss(es) to ____________ on or before ____________.

☐ b. Respondent is ordered to pay court costs in the amount of $________ and attorney fees in the amount of $________ to ____________ in connection with any action to obtain, modify, enforce, appeal or reopen any order of protection, on or before ____________.

☐ 14. Respondent is prohibited from entering or remaining at the household or residence located at ______________________________________________ while under the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

☐ 15. Respondent is denied access to school and/or any other records of the minor child(ren) and is prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

☐ 16. Respondent is ordered to pay $_______ to the following shelter ____________ on or before ____________.

☐ 17. Respondent is further ordered and/or enjoined as follows:

______________________________________________

______________________________________________

______________________________________________.

☐ 18. The relief requested in paragraph(s)________ of the Petition is ☐ Denied ☐ Reserved,

because: ______________________________________________

______________________________________________

______________________________________________.



Appellate Case: 15-3160 Page: 83 Date Filed: 02/29/2016 Entry ID: 4372487

PLENARY ORDERS ONLY

This Order shall remain in effect until:

- ☐ 1. Two years following date of entry of such Order, such expiration date being ____________________, or such earlier date as ordered by the Court, such expiration date being______________________.
- ☐ 2. Final judgment in conjunction with Case No. ________ is rendered.
- ☐ 3. This Order is modified or vacated of such Order is incorporated into the final judgment of another civil proceeding.
- ☐ 4. Termination of any voluntary or involuntary commitment, or until (not to exceed two years)________________.
- ☐ 5. Final disposition when a Bond Forfeiture Warrant has issued, or until (not to exceed two years)____________________.
- ☐ 6. Expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus two years.
- ☐ 7. Expiration of a term of imprisonment set by this Court, plus two years.

Date: 3-25-97

Judge: [signature]



Appellate Case: 15-3160 Page: 84 Date Filed: 02/29/2016 Entry ID: 4372487

| CASE NUMBER | NAME / ADDRESS | FILED / WARRANT | CLOSED / ARREST | DOB DL NUMBER | STATE SEX RACE |
|---|---|---|---|---|---|
| 1997CM000138D 001 | MORSE, KENNETH W<br>WARRANT/ARREST:<br>P O BOX 104<br>JONESBORO IL 62952-0000 | 5/16/1997<br>5/16/1997 | 5/18/2009<br>5/16/1997 | 1/27/1953 M62051953027 | IL M |

ARRESTING AGENCY: County Crm & Juv
DEFENSE ATTY: BURKE, REX G

DUE DATE:
TOTAL DUE:
TOTAL PAID: 500.00
BALANCE: .00

| | | | | CHARGE/PLEA/DISPOSITION/SENTENCE | CLASS STATUTE MIN Y-M-D MAX Y-M-D HOURS | | TICKET |
|---|---|---|---|---|---|---|---|
| CHG | 1 | 1 | | VIOLATE ORDER PROTECTION | A CM 0720 ILCS | 5.0/12-30(a)(1) | 00000138 |
| PLEA | | | | No Plea | | | |
| DSP | 1 | 1 | 1 | Dismiss/Want of Prosecution | 5/18/2009 | | |
| CHG | 2 | 1 | | CRIM TRESPASS TO RESIDENCE | A CM 0720 ILCS | 5.0/19-4(a) | 00000138 |
| PLEA | | | | No Plea | | | |
| DSP | 2 | 1 | 1 | Dismiss/Want of Prosecution | 5/18/2009 | | |

I do hereby certify the above document to be a true copy of the original on file and of record in my office.

10/18/10 ---------------------------------------- Lorraine Moreland
CLERK OF THE CIRCUIT COURT Lorraine Moreland
COUNTY OF Union

**ILLINOIS STATE POLICE**
**BUREAU OF IDENTIFICATION**
**260 NORTH CHICAGO STREET**
**JOLIET, ILLINOIS 60432-4075**

JASMINE M TETER
FEDERAL PUBLIC DEFENDER
850 W. ADAM STREET
SUITE 201
PHOENIX, AZ 85007

THIS CRIMINAL HISTORY RECORD IS BEING ISSUED BY THE ILLINOIS STATE POLICE, BUREAU OF IDENTIFICATION PURSUANT TO THE UCIA NAME BASED INQUIRY SUBMITTED BY YOUR AGENCY. THIS RESPONSE DOES NOT PRECLUDE THE EXISTENCE OF CONVICTION INFORMATION UNDER OTHER PERSONAL IDENTIFIERS. TO ENSURE THAT INFORMATION FURNISHED BY THE ILLINOIS STATE POLICE POSITIVELY PERTAINS TO THE SUBJECT IN QUESTION, A UCIA FINGERPRINT INQUIRY SHOULD BE SUBMITTED.

ONE COPY OF THIS RESPONSE HAS BEEN PROVIDED. REQUESTS MADE FOR LICENSING OR EMPLOYMENT PURPOSES REQUIRE THE REQUESTER TO PROVIDE THE APPLICANT WITH A COPY OF THIS RESPONSE. THE APPLICANT THEN HAS 7 DAYS TO NOTIFY THE ILLINOIS STATE POLICE OF ANY INACCURACIES. THE APPLICANT MAY INITIATE PROCEEDINGS TO CHALLENGE OR CORRECT SUCH ERRORS BY CONTACTING THE BUREAU OF IDENTIFICATION.

ANY PERSON WHO INTENTIONALLY AND KNOWINGLY REQUESTS, OBTAINS, OR SEEKS TO OBTAIN CONVICTION INFORMATION UNDER FALSE PRETENSES, DISSEMINATES INACCURATE OR INCOMPLETE CONVICTION INFORMATION OR VIOLATES ANY OTHER PROVISIONS OF ILLINOIS COMPILED STATUTES, CHAPTER 20, ACT 2635 ET SEQ. MAY BE GUILTY OF A CRIME PUNISHABLE BY UP TO ONE YEAR OF IMPRISONMENT AND/OR MAY INCUR CIVIL LIABILITIES.

THE SEARCH ROUTINE USED TO PROCESS YOUR SUBMISSION DID NOT INCLUDE AN INQUIRY INTO THE ILLINOIS STATE POLICE SEX OFFENDER REGISTRATION FILE. TO DETERMINE IF THE SUBJECT OF YOUR INQUIRY IS A REGISTERED SEX OFFENDER, PLEASE CHECK THE ILLINOIS STATE POLICE REGISTERED SEX OFFENDER INFORMATION WEB SITE AT "WWW.ISP.STATE.IL.US".

IF YOU HAVE ANY QUESTIONS REGARDING THIS MATTER, PLEASE CONTACT THE BUREAU OF IDENTIFICATION SWITCHBOARD OPERATOR AT (815) 740-5160.

---

**IDENTIFIERS**

---

**AGENCY:** FEDERAL PUBLIC DEFENDER

| | | |
|---|---|---|
| **REQUEST DATE:** | **INQUIRY TYPE:** UCIA | **RESULT:** HIT |
| **TCN:** FRM1130L63484667 | **DCN:** L63484667 | **SID:** 39692080 |
| **Name:** MORSE, KENNETH W | | |
| **Sex Code:** M | **Race Code:** W | **DOB:** 01/27/1953 |

---

**STATE USE ONLY**

**WARNING:** Release of this information to unauthorized individuals or agencies or misuse is prohibited by Federal Law Title 42 USC 3789g pertaining to criminal history information.

---

IL 493-CINQ(06/98)


Appellate Case: 15-3160 Page: 86 Date Filed: 02/29/2016 Entry ID: 4372487

Appellate Case: 15-3160 Page: 87 Date Filed: 02/29/2016 Entry ID: 4372487

ILLINOIS STATE POLICE

Bureau Of Identification

260 North Chicago Street

Joliet, IL 60432-4075

| | | | |
|---|---|---|---|
| Criminal History of: (Last Known Name) | MORSE, KENNETH W | State Identification Number: | IL39692080 |

| | | | |
|---|---|---|---|
| Conviction Status: | FELONY CONVICTIONS | | |
| Custodial Status: | DISCHARGED | Custodial Status Date: | 11/14/1999 |

Juvenile Data:

| | | | | | |
|---|---|---|---|---|---|
| Informal Adjustment: | 0 | Formal Adjustment: | 0 | Probation Adjustment: | 0 |

| Alias Name(s) | Date of Birth |
|---|---|
| | 01/27/1953 |
| MORSE, CHRIS | 02/27/1954 |
| MORSE, KENNETH | 01/23/1955 |
| MORSE, KENNETH W | |
| MORSE, KENNETH WAYNE | |

SUBJECT IDENTIFICATION DATA

| | | | | |
|---|---|---|---|---|
| Sex: | MALE | | | |
| Race: | WHITE | | | |
| Height: | 506 | Date Reported: | FBI#: | 58017J11 |
| Weight: | 190 | Date Reported: | Chicago IR#: | |
| Eyes: | BLUE / BROWN | | | |
| Hair: | GRAY OR PARTIALLY GRAY | | | |
| Skin: | LIGHT | | | |

| Scars/Marks/Tattoos | Place of Birth | Drivers License Number | DL State |
|---|---|---|---|
| TAT L ARM | ILLINOIS | M62051953027 | IL |
| | UNITED STATES OF AMERICA | M62051954027 | IL |

| Social Security Number | Miscellaneous Number | Palm Prints Available |
|---|---|---|
| 334469293 | | |
| 334469392 | | |
| 334469414 | | |
| 347327314 | | |

| Photo Available | IDOC# | FOID# | INS# |
|---|---|---|---|
| DOC CORRECTIONAL CENTER JOLIET | K66881 | | |

MELROSE PARK POLICE DEPARTMENT

| | |
|---|---|
| Occupation | Date Reported |
| Employer | Date Reported |

CRIMINAL HISTORY DATA

Custodial

DCN: 325091393 Date Received: 07/27/1998
Name: MORSE, KENNETH Date of Birth: 01/23/1955
Residence:

Subject Institution Number: K66881 Photo Available: Yes
Confining Agency: DOC CORRECTIONAL CENTER JOLIET NCIC: IL099015C
Agency Received From: COOK COUNTY SHERIFF'S OFFICE NCIC: IL0160000

| Custodial Status | Status Date | Agency Name |
|---|---|---|
| RECEIVED | 07/27/1998 | DOC CORRECTIONAL CENTER JOLIET |
| RELEASED/CORR SUPERVISION | 11/13/1998 | DOC CORRECTIONAL CENTER VANDALIA |
| DISCHARGED | 11/14/1999 | DOC CORRECTIONAL CENTER VANDALIA |

Arrest

DCN: L11082283 Date of Arrest: 05/15/1998
Name: MORSE, KENNETH Date of Birth: 02/27/1954

Residence:

Arresting Agency: MAYWOOD POLICE DEPARTMENT NCIC: IL0166700
Agency Case Number: 98109751 Officer Badge Number: Photo Available: No

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/12-30 | VIOLATE ORDER PROTECTION | O | Z |

Arrest Type: Date of Offense: 05/15/1998

Bond Information

Date Bonded: Bond Receipt#: Bond Amount: $150,000.00 Bond Deposit:

States Attorney Section

Filing Decision: DIRECT FILED WITH COURT Decision Date:

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/12-30 | VIOLATE ORDER PROTECTION | O | Z |

Agency Name: COOK COUNTY STATE'S ATTORNEY NCIC: IL016013A

Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/12-30 | VIOLATE ORDER PROTECTION | O | 4 |

Disposition: GUILTY Disposition Date: 07/23/1998


Appellate Case: 15-3160 Page: 89 Date Filed: 02/29/2016 Entry ID: 4372487

P70-0088

98C44080701
..me: COOK COUNTY CIRCUIT COURT NCIC: IL016025J

| Status | Sentence | Fine Amount | Date |
|---|---|---|---|
| ..ENCED TO | 69 DAY(S) CREDIT TIME SERVED | | 07/23/1998 |
| ..NTENCED TO | 1 YEAR(S) IMPRISONMENT-DOC | | 07/23/1998 |

Arrest

DCN: L10508641 Date of Arrest: 12/04/1997
Name: MORSE, CHRIS Date of Birth: 01/27/1953

Alias Name(s) Alias Date of Birth
MORSE, KENNETH W

Residence:

Arresting Agency: MELROSE PARK POLICE DEPARTMENT NCIC: IL0166800
Agency Case Number: 10250 Officer Badge Number: Photo Available: Yes

Arrest Charges

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/16A-3-A | RETAIL THEFT | O | 3 |

Arrest Type: Date of Offense: 12/04/1997

States Attorney Section
Filing Decision: DIRECT FILED WITH COURT Decision Date:

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/16A-3-A | RETAIL THEFT | O | 3 |

Agency Name: COOK COUNTY STATE'S ATTORNEY NCIC: IL016013A

Court Charges/Disposition

| Count | Statute Citation | Literal Description | Inchoate Code | Class |
|---|---|---|---|---|
| 1 | 720 ILCS 5.0/16A-3-A | RETAIL THEFT | O | 3 |

Disposition: GUILTY Disposition Date: 12/08/1997
Case Number: 97C44142601
Agency Name: COOK COUNTY CIRCUIT COURT NCIC: IL016025J

| Status | Sentence | Fine Amount | Date |
|---|---|---|---|
| SENTENCED TO | RESTITUTION | $320.00 | 12/08/1997 |
| SENTENCED TO | 2 YEAR(S) PROBATION | | 12/08/1997 |

========== END OF RECORD ==========

STATE USE ONLY

**WARNING:RELEASE OF THIS INFORMATION TO UNAUTHORIZED INDIVIDUALS OR AGENCIES OR MISUSE IS PROHIBITED BY FEDERAL LAW**
**TITLE 42 USC 3789G PERTAINING TO CRIMINAL HISTORY INFORMATION**


Appellate Case: 15-3160 Page: 90 Date Filed: 02/29/2016 Entry ID: 4372487

CASE# 1994-CM-274 1994-CM-317 - 98-CF 188 - 98-CF-56 98-CF-6 95-CF-54
PLAINTIFF
DEFENDANT Morse

STATE OF ILLINOIS

COUNTY OF UNION )ss THIS INSTRUMENT IS A TRUE AND CORRECT COPY OF Docket Sheets Information Affidavit Pleas Orders

FILED IN THE OFFICE OF THE CIRCUIT CLERK OF UNION COUNTY, ILLINOIS

DATED THIS 20 DAY OF Oct A.D. 20 10

(seal) (CERTIFIED) Lorraine Moreland
CIRCUIT CLERK

# RECORD SHEET

Case No. 98-CF-6

Nature of Case ~~CT. I AGGRAVATED BATTERY~~ Dismissed
CT. II BATTERY

THE PEOPLE OF THE STATE OF ILLINOIS

vs

SYLVESTER L. MORSE,

Defendant.

Attorneys:

CHRISTOPHER K. WELLS, STATE'S ATTORNEY

Pat Cox P.D.

Form AO 69-32 Byers Printing Company, Springfield, Illinois.

SPEEDY TRIAL

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 1 7 98 | | INFORMATION ON TWO (2) COUNTS FILED. | 300.00 ~~40.00~~ |
| 1 7 98 | | AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE WITH ATTACHED POLICE REPORTS FILED. | 25.00 10.00 25.00 5.00 |
| 1 8 98 | | WARRANT OF ARREST ISSUED. BAIL SET AT $5,000.00. | 5.00 5.00 |
| 1 8 98 | [signature] | X Defendant present; advised of rights, nature of charges and possible penalties. Public Defender is appointed/~~denied.~~ Cox Arraignment set and notice given. 2/5/98 [signature] pael. hearing to be set | 40.00 32.00 10.00 15.00 |
| | | Prob fee | 120.00 |
| 1 8 98 | | SIGNED ORDER APPOINTING PUBLIC DEFENDER FILED. | |
| 1 12 98 | | Clerk mails notice of Preliminary Hearing set for February 5, 1998 at 9:00 AM | |
| 1 12 98 | | WARRANT OF ARREST RETURNED SHOWING SERVICE FILED. | 28.00 |
| 1 12 98 | | ENTRY OF APPEARANCE AND MOTION FOR SPEEDY TRIAL WITH PROOF OF SERVICE FILED. Less Bond / Bal. Due | 620.00 450.00 170.00 |
| 1 12 98 | | MOTION FOR DISCOVERY WITH PROOF OF SERVICE FILED. Sheriff | 20.00 |
| 1 15 98 | | BAIL BOND IN THE AMOUNT OF $5,000.00 WITH DEFENDANT POSTING $500.00 CASH BEING 10% AND HEARING ON JANUARY 23, 1998 at 9:00 a.m. FILED. Bal Due / Pd 3-31-2000 / Bal Due | $190.00 100.00 $90.00 |
| 1 20 98 | | Subpoena Returned Showing Service filed. Less Pd 5-4-2000 | 40.00 |
| 2 5 98 | [signature] RM | Case called. Atty & D in ct. Parties announce ready for prel hearing at hearing tent. & find prob cause. Cause to be set for arraignment. 11-8-200 / $ / Less Bond | 50.00 5.00 45.00 45.00 -0- |
| 2 6 98 | | Clerk mails notice of Arraignment Hearing set for February 26, 1998 at 9:00 AM | |

# ADDITIONAL RECORD SHEET

Case No. 98-CF-6 No. 2

Nature of Case PEOPLE VS SYLVESTER L. MORSE PATRICK J. COX, P.D.

Form AO 69-32A Byers Printing Company, Springfield, Illinoi

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 2 | 26 | 98 | [illegible] | Atty [illegible] [illegible] Pre-trial 3-26-98 at 9:00 [illegible] | |
| 3 | 2 | 98 | | Clerk mails notice of Pretrial Hearing set for March 26, 1998 at 9:00 Am | |
| 3 | 26 | 98 | [illegible] | A-/PD + SA: cont for 6-8, 1998 Jury Docket, P.T. 5-1-98 @ 9 00 | |
| 4 | 7 | 98 | | Clerk mails notice of Pre-Trial Hearing set for May 1, 1998 at 9:00 AM | |
| 4 | 7 | 98 | | Clerk mails notice of Jury Trial Hearing set for June 8, 1998 at 9:00 AM | |
| 4 | 24 | 98 | | DEFENDANT'S DISCOVERY PURSUANT TO ILLINOIS SUPREME COURT RULES 413 and 415 WITH CERTIFICATE OF SERVICE FILED. | |
| 4 | 29 | 98 | | Subpoenas (2) Returned Showing Service Filed | |
| 5 | 1 | 98 | [illegible] | Atty in ct: Case ready for jury trial. [illegible] | |
| 5 | 1 | 98 | | AMENDED DEFENDANT'S DISCOVERY PURSUANT TO ILLINOIS SUPREME COURT RULES 413 and 415 WITH CERTIFICATE OF SERVICE FILED. | |
| 5 | 27 | 98 | | MOTION TO CONTINUE WITH CERTIFICATE OF SERVICE FILED. | |
| 6 | 1 | 98 | | Signed Order Filed | |
| 6 | 2 | 98 | | Clerk mails notice of Jury Trial Hearing set for July 13, 1998 at 9:00 Am | |
| 7 | 8 | 98 | | Address Change Filed | |
| 7 | 8 | 98 | | MOTION TO CONTINUE WITH CERTIFICATE OF SERVICE FILED. | |
| 7 | 10 | 98 | | Signed Order Filed (Copies given to Pat Cox) | |
| 7 | 15 | 98 | | Clerk mails notice of Reset Negotiated Plea Hearing set for August 13, 1998 at 9:00 Am | |
| 8 | 13 | 98 | | MOTION FOR PRODUCTION OF ARREST RECORDS WITH CERTIFICATE OF SERVICE FILED. | |

Appellate Case: 15-3160 Page: 93 Date Filed: 02/29/2016 Entry ID: 4372487

# ADDITIONAL RECORD SHEET

Case No. 98-CF-6 No. 3

PEOPLE VS SYLVESTER L. MORSE

Nature of Case PATRICK J. COX, P.D.

Form AO 69-32A Byers Printing Company, Springfield, Illinois.

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 8 | 13 | 98 | [illegible] | [illegible] Re-set for Aug 27, 1998 at 9:00 AM [illegible] | |
| 8 | 14 | 98 | | Clerk mails notice of Negotiated Plea Hearing set for August 27, 1998 at 9:00 AM | |
| 8 | 19 | 98 | | Clerk mails notice of Amended Notice of Negotiated Plea and Hearing Re: Arrest Records Hearing set for August 27, 1998 at 9:00 AM | |
| 8 | 27 | 98 | [illegible] | [illegible] - Re-set in 14 days [illegible] | |
| 8 | 28 | 98 | | Clerk mails notice of Negotiated Plea / Hearing Regarding Arrest Records Hearing set for September 10, 1998 at 9:00 AM | |
| 9 | 10 | 98 | [illegible] | [illegible] Re-set Oct 1, 1998 at 9:00 [illegible] | |
| | | | Bigler Brand | X Defendant is present with attorney. Defendant enters plea of guilty after being admonished per S.C. Rule 402. Plea is knowingly and voluntarily made. Factual basis exists. Sentence entered per signed Judgmental/Order. Defendant advised per S.C. Rule 605. [illegible] 12 mos probation 10.00 per mo probation. | |
| 9 | 10 | 98 | | SENTENCE OF PROBATION SIGNED ORDER FILED. | |
| 5 | 11 | 99 | | SEE 95-CF-54 (MEMO TO STATE'S ATTORNEY REGARDING BOND TO APPLY TO MONIES OWED) | |
| 9 | 7 | 99 | | Petition For Revocation of Probation Filed. | |
| 9 | 21 | 99 | | Summons Issued Returnable Thursday, October 28, 1999 at 9:00 AM. | |
| 10 | 8 | 99 | | Summons Returned showing service filed. | See Pg 1 20.00 |

P70-0093

# ADDITIONAL RECORD SHEET

Case No. 98-CF-6 PEOPLE VS No. 4

Nature of Case SYLVESTER MORSE

Form AO 69-32A Byers Printing Company, Springfield, Illinois

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 10 | 19 | 99 | | Clerk mails notice of First appearance/Petition to Revoke<br>Hearing set for October 28, 1999 at 100pm | |
| 11 | 1 | 99 | | Clerk mails notice of Petition to Revoke<br>Hearing set for December 2, 1999 at 900Am | |
| 11 | 8 | 99 | | ENTRY OF APPEARANCE, AND MOTION FOR DISCOVERY AND PRODUCTION OF INFORMATION WITH CERTIFICATE OF SERVICE FILED. | |
| 11 | 12 | 99 | | PEOPLE'S DISCOVERY TO THE DEFENDANT WITH PROOF OF SERVICE FILED | |
| 12 | 2 | 99 | [illegible] | [illegible] ~~[illegible]~~ State moves to [illegible] No objection - motion granted. Re-set 1-13-00 at 9:00 [illegible] | |
| 12 | 2 | 99 | | Clerk mails notice of Petition to Revoke<br>Hearing set for January 13, 2000 at 900Am | |
| 12 | 17 | 99 | | Subpoena returned showing service filed. | |
| 12 | 30 | 99 | | Subpoena returned showing service filed. | |
| 1 | 13 | 00 | [illegible] | Motion by [illegible] to re-set [illegible] to Feb. 3, 2000 at 9:00 [illegible] is granted [illegible] | |
| 1 | 18 | 2000 | | Clerk mails notice of Status<br>Hearing set for February 3, 2000 at 900Am | |
| 2 | 9 | 2000 | | Clerk mails notice of Status<br>Hearing set for March 2, 2000 at 900 Am | |

Appellate Case: 15-3160 Page: 95 Date Filed: 02/29/2016 Entry ID: 4372487

## ADDITIONAL RECORD SHEET

Case No. 98 CF 6 No. 5

Nature of Case Sylvester L. Morse Pat Cox

Form AO 69-32A Byers Printing Company, Springfield, Illinoi

| DATE | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|
| 2 15 2000 | | MOTION FOR CONTINUANCE WITH PROOF OF SERVICE FILED | |
| 2 18 2000 | | Signed Order Filed. | |
| 2 29 2000 | | Clerk mails notice of Status<br>Hearing set for March 30, 2000 at 9:00 Am | |
| 4 13 2000 | | Clerk mails notice of Status<br>Hearing set for May 4, 2000 at 9:00 AM | |
| 5 19 2000 | | Clerk mails notice of Petition to Revoke<br>Hearing set for June 15, 2000 at 9:00 Am | |
| 6/15/00 | Clark | D. Ct - 1 - o m - P<br>RPA 7/27/00 9 | |
| 6 21 2000 | | Clerk mails notice of Petition to Revoke<br>Hearing set for July 27, 2000 at 9:00 Am | |
| 7 27 00 | Clarke | PTR WITHDRAWN BY State.<br>STATUS 9-28-00 @ 9 | |
| 8 15 2000 | | Clerk mails notice of Status<br>Hearing set for September 28, 2000 at 9:00 AM | |
| 9 28 00 | | Reset Status for October 12, 2000 at 9:00 Am Per Judge Clarke | |
| 9 29 2000 | | Clerk mails notice of Status<br>Hearing set for October 12, 2000 at 9:00 Am | |
| 10 12 00 | Clarke | SINCE NOTHING PAID SINCE SEPT 1.<br>RESET 11-16-00 @ 9. | |
| 10 17 2000 | | Clerk mails notice of Status<br>Hearing set for November 16, 2000 at 9:00 Am | |

# ADDITIONAL RECORD SHEET

Case No. 98 CF 6 No. 6

Nature of Case Sylvester L Morse

Form AO 69-32A Byers Printing Company, Springfield, Illino

| DATE | | | JUDGE AND REPORTER | | COSTS |
|---|---|---|---|---|---|
| 11 | 21 | 2000 | | Clerk mails notice of State<br>Hearing set for December 14, 2000 at 9:00 Am | |
| 12 | 18 | 2000 | | Clerk mails notice of State<br>Hearing set for February 1, 2001 at 9:00 Am | |
| 5 | 16 | 02 | | Petition for termination of Probation allowed as per signed Order filed. | |

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | |
| vs. | ) | NO. 98-CF-6<br>Count I<br>Class 3 FELONY |
| SYLVESTER L. MORSE,<br>Defendant. | ) | |

FILED
JAN - 7 1998
Lorraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**INFORMATION**

The State's Attorney of said County charges:

That on or about January 6, 1998, in Union County, Illinois, **SYLVESTER L. MORSE** committed the offense of **AGGRAVATED BATTERY**, in that the said defendant, in committing a battery, in violation of Section 12-3 of Act 5 of Chapter 720 of the Illinois Compiled Statutes, and by use of a deadly weapon, a baseball bat, intentionally caused bodily harm to Larry Joe Lindsey, in that he struck Larry Joe Lindsey on his head with a baseball bat and kicked Larry Joe Lindsey in the head with his foot, in violation of Chapter 720, Act 5, Section 12-4(b)(2), of the Illinois Compiled Statutes.

Christopher K. Shell
(State's Attorney/~~Assistant~~)

---

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

Christopher K. Shell

Signed and sworn to before me this 7th day of January, 1998.

Billie Jo Henderson
Notary Public

OFFICIAL SEAL
BILLIE JO HENDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-12-2

COUNT II CLASS A MISDEMEANOR

The State's Attorney of said County charges:

That on or about January 6, 1998, in Union County, Illinois, **SYLVESTER L. MORSE** committed the offense of **BATTERY**, in that the said defendant knowingly caused bodily harm to Larry Joe Lindsey, in that he struck Larry Joe Lindsey in the head with a baseball bat and kicked Larry Joe Lindsey in the head with his foot, in violation of Chapter 720, Act 5, Section 12-3(a)(1), of the Illinois Compiled Statutes.

Christopher K. Shell
(State's Attorney/~~Assistant~~)

---

STATE OF ILLINOIS )
) SS
COUNTY OF UNION )

The undersigned, on oath, says that the facts set forth in the foregoing information are true in substance and matter of fact.

Christopher K. Shell

Signed and sworn to before me this 7th day of January, 1998.

Billie Jo Henderson
Notary Public

OFFICIAL SEAL
BILLIE JO HENDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES [illegible]

FILED
JAN - 7 1998
Lorraine Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

FILED
JAN - 7 1998
Lorraine W. Moreland
CLERK OF THE CIRCUIT COURT
FIRST JUDICIAL CIRCUIT
UNION COUNTY, ILLINOIS

**AFFIDAVIT IN SUPPORT OF PROBABLE CAUSE**
**WITH ATTACHED POLICE REPORTS**

I, Steve Stearns, upon oath, hereby attest and affirm as follows:

1. That I am a duly sworn law enforcement officer in the State of Illinois, who is employed by the Union County Sheriff's Department.

2. That on Jan. 6, 1998, I arrested Sylvester L. Morse ______, in the County of Union and transported him/her to the Union County Jail.

3. That attached hereto is a copy of a police report filed and signed by me, which is a true and accurate account of the facts which support the charge or charges of Aggravated Battery / Battery, which were committed by Sylvester L. Morse, on the 6th, day of Jan, 1997.

4. That said defendant currently remains in custody at the Union County Jail or I am requesting the State's Attorney of Union County to issue a Warrant of Arrest for the heretofore mentioned defendant.

5. Further affiant saith not.

DATED this 7th day of Jan., 1997.

(X) [signature]
AFFIANT

COUNTY OF UNION :
: ss.
STATE OF ILLINOIS :

I, Billie Jo Henderson, being a duly sworn Notary Public in and for the County of Union and State of Illinois, hereby attest and affirm that Steve Stearns, personally known to me, appeared before me this day in person and acknowledged that the above signature was singed by his as his free and voluntary act, and that the facts contained above were true to the best of their knowledge and information.

[signature]
NOTARY PUBLIC

"OFFICIAL SEAL"
BILLIE JO HENDERSON
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-12-99

# OFFENSE REPORT

Case No. 29-70

Complainant Larry J. Lindsey Sr.

Address 5715 State Rt. 146 West  Offense Aggravated Battery

Phone 833-4200  Place of Occurrence Residence

Report Received by U.C.S.O.  at 4:11 P.M.

Date 01-06, 1998  How Reported Phone

Date and time offense committed 01-06-98 Approx. 3:35 P.M.

Officer Assigned S. Stevens UC-8

Time of Investigation ______ .M.  Date ______

Suspects and/or persons arrested Sylvester L. Morse M/W 04-06-77

Details of Offense (State fully all other circumstances of this offense and its investigation)

On 01-06-98 Approximately 4:11 P.M. I Was Dispatched To Assist Sheriff Coffman With Locating A Subject Involved In A Battery. The Subject Sylvester L. Morse Was Reported To Be In A Red Ford Ranger Pickup Travelling East On Rt. 146 From 5715 State Rt. 146 West.

Sheriff Coffman And I Were Unable To Locate The Vehicle Which Was Located By Court Security Officer Harold Smith At Sylvester's Parents Home Just Off Berryville Rd., At Approximately 4:40 P.M.

Sheriff Coffman Spoke With The Complainant At His Residence While I Went To Berryville Rd. @ Rt. 146 To Wait With Sylvester Morse And Smith.

Sheriff Coffman Advised Me To Take Sylvester Morse Into Custody At Approximately 4:50 P.M.

I Told Morse He Was Under Arrest, Mirandized Him,

Report made by [signature] UC-8  Date 01-06-98

Appellate Case: 15-3160 Page: 101 Date Filed: 02/29/2016 Entry ID: 4372487

EXTRA PAGES

AND TRANSPORTED HIM TO THE UNION CO. SHERIFF'S OFFICE.

SHERIFF COFFMAN ARRIVED AT THE OFFICE A FEW MINUTES LATER AND TOLD ME TO INTERVIEW MORSE REGARDING THE OFFENSE. I READ MORSE HIS MIRANDA RIGHTS AGAIN AND HE STATED HE WOULD NOT SIGN ANYTHING OR SPEAK TO ANYONE WITHOUT A LAWYER PRESENT.

AT APPROXIMATELY 6:00 PM I WAS ADVISED BY SHERIFF COFFMAN THAT THE VICTIM, LARRY LINDSEY, HAD FILLED OUT STATEMENTS AND WAS GOING TO THE HOSPITAL FOR TREATMENT OF HIS INJURIES. I SPOKE WITH LINDSEY AT UNION CO. HOSPITAL E.R. AT APPROXIMATELY 6:15 PM AND HE ADVISED ME SYLVESTER MORSE HAD STRUCK HIM IN THE HEAD WITH A BASEBALL BAT THEN KICKED HIM IN THE FACE WHILE HE WAS ON THE GROUND. LINDSEY HAD NUMEROUS CUTS, ABRASIONS, AND SWOLLEN AREAS ON HIS HEAD AND FACE.

LINDSEY SIGNED COMPLAINT # HO216 FOR AGGRAVATED BATTERY.

STATEMENTS WERE TAKEN FROM LARRY LINDSEY AND A WITNESS, WANDA SMITH. SHERIFF COFFMAN TOOK INTO EVIDENCE A BASEBALL BAT WHICH HE RETAINED POSSESSION OF, AND A PAIR OF WHITE TENNIS SHOES WHICH HE TURNED OVER TO ME. DISPATCHER DAWN HAND TOOK PHOTOS OF LINDSEY'S INJURIES AT THE SHERIFF'S OFFICE.

[signature] UC8

SIGNATURE OF PERSON MAKING STATEMENT