# EXHIBIT 1

*Nelson v. U.S.A.*, Case No 15-3160
Reply to Opposition to Motion for
Issuance of Certificate of Appealability

FILED NOV 19 2001 P. L. BRUNE, CLK. U.S. DISTRICT COURT WEST DISTRICT OF MISSOURI

# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) |
| vs. | ) Case No. 99-00303-01-CR-W-2 |
| KEITH DWAYNE NELSON, Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Bar Defendant from Presenting Mental Health Evidence (Doc. # 341).

**I. Background**

On May 10, 2001 the Government moved for discovery of mental health evidence that the defendant intended to offer in the penalty phase and also for a court ordered mental evaluation of the defendant. The defendant objected to the scope of the information sought and also asserted that the Court should not compel the defendant to submit to a mental health examination by government experts. Alternatively, the defendant argued that if the Court compels the defendant to undergo a government examination, it should impose significant safeguards to protect his Fifth Amendment and Sixth Amendment rights.

On August 17, 2001, Magistrate Hays entered an Order which granted in part the Government's Motion and imposed safeguards to preserve the defendant's Constitutional rights. Specifically the Order put the following procedures into effect:

1) Defendant was to specify no later than September 5, 2001, whether he intended to introduce mental health evidence at any stage of the trial. If the defendant

ORIGINAL

DOCUMENT # 403

intended to introduce mental health evidence at the penalty phase, he was to file such notice with the Court and provide notice to the Government. Notice was to include the name and professional qualifications of any mental health professional who may be testifying or whose examination may be referred to in testimony and a brief description of the professional's diagnostic conclusions.

2) Examination: If defendant Nelson indicated that he wished to introduce mental health testimony at the penalty phase, he was to be examined by a psychiatrist or other mental health professional selected by the Government.

3) Filing of results with the Court: Results of any Court-ordered examination as well as the results of any examination initiated by defendant were to be filed under seal with the Court prior to commencement of trial.

4) Release of results: The results of any Court-ordered examination of defendant Nelson were to be released to the Government at the Court's discretion and only in the event that the jury reached a verdict of guilty and only after defendant confirmed his intent to offer mental health or mental condition evidence in mitigation. The Court appointed mental health professional conducting the examination for the Government was not to discuss the results of the examination with anyone unless and until the results of the examination were released to counsel for the Government and counsel for defendant following the guilt phase.

5) Limitations on the use of mental health examination results: No evidence obtained as a result of the examinations was to be introduced or used by the Government until the defendant opened the door to such use and the Court made a determination as to the admissibility of such evidence.

6) Consequences of Non-Compliance: Failure of the defendant to provide notice or to participate in a Court-ordered examination or to confirm his first notice shall result



Appellate Case: 15-3160 Page: 3 Date Filed: 08/18/2016 Entry ID: 4438934

in forfeiture of the right to present mental health testimony at trial.

On September 4, 2001, defendant filed his Notice of Intent to Rely on Mental Health Evidence at the Penalty Phase of Trial. Defendant indicated that he intended to rely on the testimony of Dr. Dan Foster, Ph.D. Defendant also attached a copy of Dr. Foster's qualifications. As of the date of that filing, defendant indicated that Dr. Foster had not completed his evaluation of the defendant and no information as to his diagnostic conclusions was currently available.

On September 21, 2001, defendant filed an appeal of Magistrate Hays' Order. On October 15, 2001, a government expert attempted to examine and conduct psychological testing of the defendant. However, the defendant refused to participate in such examination. On October 18, 2001, a hearing was held before Magistrate Hays. In response to questioning from the Court, the defendant indicated that he would refuse to participate in a mental examination by a government expert.

In an Order dated October 26, 2001, the Court affirmed Judge Hay's August 17, 2001 Order, noting that the Eighth Circuit had recently stated in <u>United States v. Allen</u>, 247 F.3d 741 (8th Cir. 2001), "[t]here is no doubt that a district court has the authority to order a defendant who states that he will use evidence from his own psychiatric examination in the penalty phase of a trial to undergo a psychiatric examination by a government-selected psychiatrist before the start of the penalty phase." <u>Id</u>. at 773, citing, <u>United States v. Webster</u>, 162 F.3d 308, 338-40 (5th Cir. 1998), <u>cert. denied</u>, 528 U.S. 829 (1999). "The government must be able to put on a fair rebuttal to a defendant's mitigation evidence during sentencing." <u>Allen</u>, 247 F.3d at 773.

The Government then subsequently filed on October 26, 2001, a motion to bar defendant from presenting any mental health testimony. Defendant filed a response on November 14, 2001 and the Government filed reply suggestions on November 15,



Appellate Case: 15-3160 Page: 4 Date Filed: 08/18/2016 Entry ID: 4438934

2001. In an Order dated November 15, 2001, the Court asked defendant to submit in camera, an outline of specifically what mental health testimony he intended to present in mitigation, and to outline which witnesses would be testifying regarding this issue and whether the testimony of these witnesses would be based on a personal examination they conducted of the defendant or whether their testimony would be based on other matters, such as a review of the defendant's medical records.

In materials submitted to the Court, defendant indicates that he intends to offer the testimony of two psychologists: Dr. Mark Cunningham and Dr. Daniel Foster. These witness would testify in basically three areas: 1) Testimony of Dr. Cunningham related to the defendant's future dangerousness; 2) Testimony of Dr. Cunningham related to risk factors and developmental obstacles which the defendant has exhibited and faced in childhood and adolescence. Defendant's counsel states that this testimony of Dr. Cunningham, although psychological testimony, is not based on interviews with the defendant and will not attempt to explore Dr. Cunningham's opinions regarding the defendant's mental health, his psychological profile, any mental health diagnoses or any other psychological testimony pertaining specifically to the defendant. 3) Testimony of Dr. Foster. Defendant's counsel states that Dr. Foster is the forensic psychologist hired by the defense to evaluate the defendant's mental health. Dr. Foster has met with the defendant for approximately nine hours and has also reviewed written materials. Defendant's counsel indicates that he was unable to speak with Dr. Foster, but counsel states he is not at all sure that Dr. Foster could base his mental health testimony regarding the defendant's pervasive developmental disorder on the memorandums and information provided by counsel alone.

As the Court noted in Allen, 247 F.3d at 773, "[t]he government must be able to put on a fair rebuttal to a defendant's mitigation evidence during sentencing." The



Appellate Case: 15-3160 Page: 5 Date Filed: 08/18/2016 Entry ID: 4438934

Court finds after reviewing the information submitted by defendant, that it would be unfair to allow the testimony of Dr. Foster, as it appears that his testimony would be based at least in part on extensive interviews conducted with the defendant. As the defendant refused to submit to a psychological examination by a government psychiatrist, the Government would be not be able to fairly rebut this testimony.

The remaining two categories of evidence: 1) future dangerousness and 2) psychological testimony relating to risk factors and developmental obstacles, will be allowed as it does not appear that they are based on any interviews with or psychological tests of the defendant. Thus, the Government is not put at any unfair advantage as the information is equally available to both sides and the Government will have a fair opportunity to rebut this testimony.

Therefore, for the reasons stated above, the Government's Motion to Bar Defendant from Presenting Mental Health Evidence (Doc. # 341) is hereby **GRANTED IN PART AND DENIED IN PART**. The Defendant will be allowed to offer the testimony of Dr. Cunningham, but will not be allowed to present the testimony of Dr. Foster.

Date: NOV 19 2001
Kansas City, Missouri

Fernando J. Gaitan Jr.
United States District Judge



Appellate Case: 15-3160 Page: 6 Date Filed: 08/18/2016 Entry ID: 4438934

# EXHIBIT 2

*Nelson v. U.S.A.*, Case No 15-3160
Reply to Opposition to Motion for Issuance
of Certificate of Appealability

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | 99-00303-01-CR-W-2 |
| | ) | |
| KEITH D. NELSON, | ) | |
| | ) | NOVEMBER 13, 2001 |
| Defendant. | ) | MORNING SESSION |

VOLUME I
Pages 1 - 178

JURY VOIR DIRE EXAMINATION

BEFORE THE HONORABLE FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

For the Plaintiff:
MR. MARK A. MILLER
MR. MATT J. WHITWORTH
MS. SHERYLE L. JEANS
Assistant United States Attorneys
United States Courthouse
400 East Ninth Street, Floor 5
Kansas City, Missouri

For the Defendant:
MR. PATRICK J. BERRIGAN
2500 Holmes
Kansas City, Missouri
and
MS. SUSAN M. HUNT
Scarritt Arcade
819 Walnut, Suite 109
Kansas City, Missouri

Donna M. Turner RMR
U.S. Court Reporter
400 East Ninth, Room 7552
Kansas City, MO 64106 (816) 512-5641

GOVERNMENT'S REBUTTAL EVIDENCE


| | |
|---|---|
| KENNETH MORSE | |
| Direct Examination by Mr. Whitworth | 1062 |
| Cross-examination by Mr. Berrigan | 1070 |
| RECORD ON INSTRUCTIONS | 1087 |
| <u>WEDNESDAY, NOVEMBER 28, 2001</u> | 1105 |
| RECORD WITH DEFT. RE TESTIFYING | 1105 |
| INSTRUCTIONS READ | 1110 |
| GOVERNMENT'S CLOSING ARGUMENT | 1110 |
| DEFENDANT'S CLOSING ARGUMENT | 1128 |
| GOVERNMENT'S REBUTTAL ARGUMENT | 1154 |
| DR. FOSTER'S PROFFERED TESTIMONY RE EX. 136 | 1165 |
| JURY'S VERDICT | 1166 |
| REPORTER'S CERTIFICATE | 1171 |


* * * * * * * *

<u>EXHIBIT INDEX</u>


| GOVERNMENT'S | DESCRIPTION | RECEIVED |
|---|---|---|
| 1 | Aerial photo of church and area | 58 |
| 1A - 1E | Various street maps | 58 |
| 2 - 2K | Aerial photos of church and area | 58 |
| 2A | Photo of search area | 289 |
| 3 | Diagram of measurements at crime scene | 304 |
| 3A - 3D | Photos of search area | 290 |
| 3E | Photo of sports bra | 295 |

don't have to -- you don't have to kill my client. Put him in jail for the rest of his life where he can die as a shuffling-around prisoner and old man. You're not -- that's intended to put a guilt trip on you. You're not killing anybody. You're making a recommendation of the death penalty.

MR. BERRIGAN: I'm going to object again, Judge. I'm sorry. May we approach.

(COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:)

MR. BERRIGAN: The court has already instructed the jurors that the court has to impose whichever sentence that they impose themselves. Mr. Whitworth is attempting to deflect the responsibility for that awesome decision from the jury to somebody else. It's not merely a recommendation. What they decide is going to be the sentence is in fact going to be the sentence. We know that by operation of law. The court has instructed them that way.

This comment that Mr. Whitworth made improperly diminishes the responsibility of the jurors respecting their solemn obligation to impose the sentence, and it is their obligation to do that.

THE COURT: I understand where you're going, Mr. Berrigan.

What's your response?

MR. WHITWORTH: I didn't get to finish my argument. My follow-up is going to be that the judge will be required to follow your decision, but the United States government will be putting the defendant to death, not them.

THE COURT: Well, the way it was framed certainly gives that impression. I think you need to say that --

MR. WHITWORTH: I'm going to.

THE COURT: -- rather than infer something different than that. So the objection is sustained.

MR. BERRIGAN: I'm asking that the last comments, the jury be instructed to disregard the last comments of counsel.

THE COURT: Well, I won't do that. I think you need to restate it.

MR. WHITWORTH: I can.

MR. BERRIGAN: That request is denied?

THE COURT: Yes.

MR. WHITWORTH: That's what I was getting ready to do.

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

MR. WHITWORTH: If this jury -- if you all decide in your wisdom that a death penalty sentence is appropriate in this case, the judge must follow that. Make no mistake

Appellate Case: 15-3160 Page: 11 Date Filed: 08/18/2016 Entry ID: 4438934

about it. You're not killing anybody. The United States government will be the entity responsible for putting the defendant to death. And Congress has said that in a crime, in this kind of a rare crime, the death penalty may be appropriate. We submit to you that it is.

THE COURT: May I speak with counsel.

(COUNSEL APPROACHED THE BENCH AND THE FOLLOWING PROCEEDINGS WERE HAD:)

THE COURT: I don't think you've gone far enough, Mr. Whitworth. I think the instructions tell them that they are imposing the death penalty, and you can't say it any different from that. And I think you have. Now, I mean, you can correct it or I'll correct it.

MR. WHITWORTH: I'll correct it.

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

MR. WHITWORTH: These instructions say there's no question that if you recommend the death penalty it will happen. It is an awesome responsibility. No question about that. But it's warranted in this case, and I'm not meaning to belittle that in any way whatsoever. It's a tough decision. We know that.

Now, you also may hear quotes from the Bible about mercy and forgiveness, and I submit to you that you need to ask yourself what mercy the defendant showed Pamela Butler when this happened. What mercy did he show?

THE COURT: Okay.

(THE PROCEEDINGS RETURNED TO OPEN COURT.)

THE COURT: I know you have been sitting there for a couple hours now. Why don't we take a brief recess before we wrap up the closing argument, and I mean brief, just an opportunity to go to the restroom and then we'll come back in and finish up. Shouldn't be much more time. Maybe another 15, 20 minutes, and then you'll have plenty of time to smoke cigarettes or do whatever you need to do.

I ask you not to discuss the case among yourselves or with others. About a ten minute break. Thank you. And leave the Instructions.

(Recess)

THE COURT: Is the government ready?

MR. MILLER: Thank you, Your Honor.

GOVERNMENT'S REBUTTAL ARGUMENT

MR. MILLER: Ladies and gentlemen, her name was Pamela Butler. She was ten years old. She loved her mother. She had freckles. Jenna Fries was her best friend. She liked to rollerskate. She was good at music. She was bad at spelling. She had a bright future. She was four foot eight tall. She taught Holly Woods about life. This case is about her. This case is about what he did to her.

You see, this case, ladies and gentlemen, is

# EXHIBIT 3

*Nelson v. U.S.A.*, Case No 15-3160
Reply to Opposition to Motion for Issuance
of Certificate of Appealability

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KEITH D. NELSON, )
Movant, )Case No.
vs. )04-8005-CV-W-FJG
UNITED STATES OF AMERICA, )Pages 1-273
Respondent. )

TRIAL TRANSCRIPT - VOLUME I OF IV

On April, 14, 15, 16, and 17, 2014, the above-entitled cause came on before the Honorable Fernando J. Gaitan, Jr., United States District Judge, sitting in Kansas City, Missouri.

APPEARANCES

For the Movant:
MR. DAVID A. RUHNKE
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042

MS. PAULA K. HARMS
Federal Public Defender
850 West Adams, Suite 201
Phoenix, Arizona 85007

MR. GARY E. BROTHERTON
Legal Writes, LLC
503 E. Nifong Blvd., #377
Columbia, Missouri 64201

For the Respondent:
MR. DAVID M. KETCHMARK
MR. JEFFREY E. VALENTI
United States Attorney's Office
400 East 9th Street, Ste. 5510
Kansas City, Missouri 64106





Appellate Case: 15-3160 Page: 15 Date Filed: 08/18/2016 Entry ID: 4438934

Eighth Circuit remanded for inquiry was the lack of objection to certain comments that were made during the closing arguments.

You have had these read to you in the past, correct?

A You mean the comments?

Q The comments --

A Yes, sir. I'm well familiar with them.

Q And I believe you stated in your affidavit that they all should have been objected to and you had no tactical or other reason for not objecting to them; is that correct?

A That's correct.

Q Do you remember the -- in the opening -- sorry, in the rebuttal argument the prosecutor saying basically justice in this case can only be had by imposing a sentence of death?

MR. RUHNKE: And I'm just going to read through them, Your Honor.

THE COURT: We've already read through them, Mr. Ruhnke.

MR. RUHNKE: Not all of them.

THE COURT: We haven't? Ms. Herndon didn't go through them all?

MR. RUHNKE: Not all of them. There's a couple more.

Q (BY MR. RUHNKE) For example, do you remember --

THE COURT: They all fall in the same category, I