IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Keith Nelson, Appellant, | No. 15-3160 |
| | Civil No. 4:04-8005-cv-W (FJG) |
| v. | **SUPPLEMENTAL PLEADING** |
| United States of America, Appellees. | **<u>Death-Penalty Case</u>** |

---

Keith Nelson, by and through counsel, respectfully submits the following Supplemental Pleading in support of his Petition for Rehearing/Rehearing *En Banc* (hereafter "Petition").[1] Mr. Nelson's Petition argued that this Court erred in its denial of his request for a Certificate of Appealability ("COA") because it imposed an improper and unduly burdensome COA standard. By order of this Court,[2] Mr. Nelson's Petition was held in abeyance pending a decision by the United States Supreme Court in *Buck v. Davis*, No. 15-8049 (2016), which presented the same issue concerning the appropriate standard for the COA inquiry. The Supreme Court has now issued its decision, and Mr. Nelson respectfully submits the following supplemental pleading discussing the import of the *Buck* decision on his Petition.

---

[1] *See* Petition, Docket Entry ID: 4480086 (filed 12/15/16).
[2] *See* Order, Docket Entry ID: 4503119 (filed 2/17/17).

At issue in *Buck v. Davis*, 580 U.S. ___ (2017), was whether the circuit court engaged in the proper inquiry in determining the petitioner's COA request. The Court began by articulating the nature of the COA inquiry under 28 U.S.C. §2253:

> The COA inquiry, we have emphasized, is not coextensive with a merits analysis. At the COA stage, the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. This threshold question should be decided without full consideration of the factual or legal bases adduced in support of the claims. When a court of appeals sidesteps the COA process by first deciding the merits of an appeal, and then justifying its denial of a COA based on its adjudication of the actual merits, it is in essence deciding an appeal without jurisdiction.

*Buck*, Slip op. at 13 (internal quotation marks and citation omitted). As the Court further noted: "The statute sets forth a two-step process; an initial determination whether a claim is reasonably debatable, and then—if it is—an appeal in the normal course." *Id.* at 15.

The circuit court in *Buck*, however, improperly reversed the two-step process: it "phrased its determination in proper terms—that jurists of reason would not debate that Buck should be denied relief—but it reached that conclusion only after essentially deciding the case on the merits." *Id.* at 13 (internal citation omitted). The Supreme Court flatly rejected this mode of COA inquiry: "That a prisoner has failed to make the ultimate showing that

his claim is meritorious does not logically mean he failed to make a preliminary showing that his claim was debatable." *Id*. at 14.

In Mr. Nelson's case, the district court and the panel committed the same error identified in *Buck:* denying a COA based upon reliance on the actual merits. In so doing, they contravened *Miller-El* and "placed too heavy a burden on [Mr. Nelson] *at the COA stage*." *Id*. (emphasis in original). Indeed, in its opposition to Mr. Nelson's COA application, the Government ignored the relevant COA inquiry; it argued instead that a COA should not issue because the district court's resolution of the merits was correct, and therefore Mr. Nelson could not prevail on appeal. The panel appears to have accepted the Government's invitation to engage in this flawed reversal of the COA inquiry. Rather than discuss the debatability of Mr. Nelson's claims,[3] the panel issued a one-sentence statement that it had "carefully reviewed the original file of the district court, and the application for a certificate of appealability is denied."

As noted in *Buck*, a "court of appeals should limit its examination at the COA stage to a threshold inquiry into the underlying merit of the claims, and ask

[3] Unlike the circuit court in *Buck*, the panel's denial of a COA in Mr. Nelson's case did not even "phrase[] its determination in proper terms," *Buck* at 13. The panel opinion neither held that Mr. Nelson had failed to show that jurists of reason could disagree with the district court's resolution of his constitutional claims, nor that jurists could conclude that issue presented are adequate to deserve encouragement to proceed further.

only if the District Court's decision was debatable." *Buck* at 14 (internal quotation marks and citation omitted). Here, however, the panel erred in at least two respects. First, the panel failed to restrict its inquiry to the *debatability* of the district court's decision, despite compelling arguments advanced by Mr. Nelson that the decision was plagued on its face by numerous legal and factual errors.[4] Second, it appears the panel went far beyond the appropriate "threshold inquiry" into the underlying merits permitted by §2253, and instead delved into the ultimate merits of the claims. The panel did not merely review the district court's published decision, it

---

[4] These include: (1) holding that "no amount" of mitigation could legally satisfy the *Strickland* prejudice standard in Mr. Nelson's case given the facts of the crime, despite empirical evidence that federal capital juries had returned life verdicts in cases that were more aggravated than Mr. Nelson's, as well as ample caselaw establishing that that the type of mitigating evidence omitted by trial counsel—mental health and organic brain damage—is effective in persuading juries to return life verdicts; (2) finding that the evidence presented at the §2255 hearing concerning Mr. Nelson's rape as a child, organic brain damage, mental illness, and the social history of the of the paternal side of his family was duplicative of the trial evidence, despite the fact no such evidence was ever presented to the jury at trial; (3) imposing a "nexus requirement" on the mental health mitigation evidence in its *Strickland* prejudice analysis, in violation of *Tennard v. Dretke*, 542 U.S. 274, 287 (2004); (4) failing to assess the totality of the evidence adduced at the evidentiary hearing and the trial in its *Strickland* prejudice analysis, in violation of *Williams (Terry) v. Taylor*, 529 U.S. 362, 397-98 (2000); (5) crediting only the conclusion of the prosecution's expert and discounting entirely the impact the testimony of the defense experts might have had on the jury in its *Strickland* prejudice analysis, in violation of *Porter v. McCollum*, 558 U.S. 30 (2009); and (6) failing to conduct the mandated *Strickland* inquiry into whether trial counsel's omissions were objectively reasonable and instead engaging in a truncated prejudice analysis based on the fact that *some* mitigation was presented, in violation of *Sears v. Upton*, 130 S. Ct. 3259, 3266 (2010) (*per curiam*).



Appellate Case: 15-3160 Page: 4 Date Filed: 03/03/2017 Entry ID: 4507904

also "carefully reviewed the *original file* of the district court,"[5] suggesting that the panel fully considered the factual and legal bases adduced in support of Mr. Nelson's claims. In so doing, the panel "inverted the statutory order of operations and first decide[d] the merits of an appeal, then justif[ied] its denial of a COA based on its adjudication of the actual merits." *Buck* at 14 (internal quotation marks and citation omitted).

Mr. Nelson is entitled *at the COA stage* to a determination of whether his claims are debatable by jurists of reason, or whether his issues are adequate to deserve encouragement to proceed further. Neither the district court nor the panel made such a determination, which instead treated the COA inquiry as coextensive with a merits analysis. In doing so, the panel improperly departed from the procedure prescribed by §2253. In light of the Supreme Court's recent decision in *Buck*, Mr. Nelson's case should be reheard so that he can receive a proper COA inquiry into the reasonable debatability of his Sixth Amendment claims.

---

[5] *See* Judgment, Docket Entry ID: 4448453 (filed 9/15/16). To the extent that the Government might defend the panel's approach by arguing that its review of the original district court's file merely proves that the panel gave thorough consideration to the COA application, such an argument was also addressed and rejected in *Buck*. *See id*. at 14-15. (noting that the fact that a COA was rejected by the circuit court after substantial briefing and oral argument "hurts rather than helps the State's case" because it suggests that the circuit court resolved the COA inquiry based on a merits review, and a "claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail") (internal quotation marks and citation omitted).

## CONCLUSION

This case should be reheard *en banc* on the question of whether it was proper to deny a COA in this capital case, filed pursuant to 28 U.S.C. §2255.

Respectfully submitted this 23rd day of February, 2017.


Jon M. Sands
Federal Public Defender

By */s/ Paula Harms*
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone (602) 382-2816
Facsimile (602) 889-3960
Paula_Harms@fd.org

Ruhnke & Barrett, Attorneys at Law

By: */s/ David A. Ruhnke*
David A. Ruhnke
47 Park Street
Montclair, New Jersey 07042
Telephone (973)744-1000
Facsimile (973)746-1490
dr@ruhnkeandbarrett.com

**Certificate of Service**

I hereby certify that on February 23, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Robin Stoltze
Assistant Paralegal
Capital Habeas Unit

**Certificate of Compliance with Type-Volume Limit,**
**Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,417 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Times New Roman type style.

/s/ Paula K. Harms
Attorney for Keith Nelson
Dated: February 23, 2017



Appellate Case: 15-3160 Page: 8 Date Filed: 03/03/2017 Entry ID: 4507904