**IN THE**
**UNITED STATES COURT OF APPEALS**
**FOR THE EIGHTH CIRCUIT**

| | | |
|---|---|---|
| **KEITH NELSON**, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | Case No. 15-3160 |
| | ) | |
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Appellee. | ) | |

# GOVERNMENT'S RESPONSE IN OPPOSITION TO APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING EN BANC FROM DENIAL OF A CERTIFICATE OF APPEALABILITY

The appellee, the United States of America, provides the following suggestions in opposition to the petition for a panel rehearing or rehearing *en banc*, filed by the appellant, Keith Nelson, challenging this Court's denial of his request for a certificate of appealability:

## I. Procedural Background

On October 14, 1999, Keith Nelson was charged with interstate kidnapping resulting in death, and interstate travel with intent to engage in a sexual act with a child under the age of 12. On October 25, 2001, Nelson entered a plea of guilty to Count One and proceeded to the penalty phase of the trial. On November 13, 2001, a jury was selected and penalty phase trial began the following day. On November 28, 2001, the jury recommended imposition of the death penalty.

On December 18, 2001, Nelson filed a motion for a new trial. On February 28, 2002, the district court denied Nelson's motion for new trial. On March 11, 2002, the district court imposed a sentence of death. Nelson filed a notice of appeal. On October 22, 2003, the Eighth Circuit Court of Appeals affirmed Nelson's conviction and sentence. The United States Supreme Court denied Nelson's petition for certiorari review on November 8, 2004.

On November 10, 2004, Nelson filed a motion seeking appointment of counsel to represent him in connection with his post-conviction challenges. Counsel was appointed on December 14, 2004, and Nelson filed a 28 U.S.C. § 2255 motion to set aside his conviction and sentence of death on November 6, 2005. On August 21, 2006, Nelson filed a motion to disqualify the district court from further participation in the case. On November 21, 2006, the district court determined that no evidentiary hearing was necessary and denied Nelson's motion to disqualify the district court judge and recuse himself. The court also denied all issues raised in Nelson's § 2255 motion to vacate, set aside, or correct his sentence. Nelson then appealed the denial to the Eighth Circuit Court of Appeals.

On October 30, 2008, this Court granted Nelson's motion for a certificate of appealability on six claims of ineffective assistance of trial and appellate counsel, and remanded the case to the district court with directions to hold an evidentiary hearing on those claims and to make findings of fact and conclusions of law



Appellate Case: 15-3160 Page: 2 Date Filed: 05/15/2017 Entry ID: 4536348

concerning them. The district court held an evidentiary hearing on the claims on April 14 through 17, 2014. On March 31, 2015, the district court denied habeas relief on Nelson's six claims which were remanded from the Eighth Circuit Court of Appeals and further denied Nelson's certificate of appealability, "in that the issues raised are not debatable among reasonable jurists, nor could the a court resolve the issues differently." (DCD 269 at 53.)[1]

On February 29, 2016, Nelson submitted "Appellant's Motion for Issuance of Certificate of Appealability" to the Eighth Circuit Court of Appeals. On September 15, 2016, a panel of this Court delivered its judgment, stating: "This appeal comes before the court on appellant's application for a certificate of appealability. The court has carefully reviewed the original file of the district court, and the application for a certificate of appealability is denied. The appeal is dismissed." On December 15, 2016, Nelson filed "Appellant's Petition for Rehearing/Rehearing *En Banc*" on the denial of the certificate of appealability. Upon Nelson's motion and agreement by the Government, a panel of this Court granted the request to hold this matter in abeyance pending the United States Supreme Court's decision in *Buck v. Davis*, 580 U.S. —, 137 S.Ct. 759 (2017). *Buck* was decided on February 22, 2017. On March 3, 2017, Nelson filed a supplemental

[1]"Civ. DCD" refers to the district court docket entries in Case No. 04-08005-CV-W-FJG.

pleading in support of his petition for rehearing/rehearing *en banc* in light of the *Buck* decision. The Government hereby responds in opposition to Nelson's petition.

## II. Issue

A three-judge panel of this Court denied Nelson a certificate of appealability. Nelson now seeks a panel rehearing of that determination, or, in the alternative, a rehearing by this Court *en banc*. While Nelson's motion for issuance of certificate of appealability (COA) filed on February 29, 2016, challenges the correctness of the district court's findings on the six remanded ineffective assistance of counsel claims, these are not at issue here. The question he presents to this Court is whether the panel erred in denying Nelson's COA by exceeding the limited scope of the COA analysis in light of the Supreme Court's decision in *Buck.*

In Nelson's petition for rehearing and his supplemental pleading in light of *Buck*, he argues that the panel's review "engaged in a premature and improper merits review" (Nelson Pet. 9), rather than a determination as to whether reasonable jurists could debate "whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'" as set forth in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595 (quoting *Barefoot v. Estelle*, 464 U.S. 880, 893, n. 4 (1983)). In *Buck*, the Supreme Court states that this threshold question must be asked by a court of appeals without reaching ultimate merit determinations, that "[a] court of

appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims,' and ask 'only if the District Court's decision was debatable.'" *Buck*, 137 S.Ct. at 774 (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327, 348 (2010)).

Nelson claims that the panel exceeded the scope of the COA inquiry by both failing to restrict its inquiry to debatability and by going "far beyond the appropriate 'threshold inquiry' into the underlying merits permitted by § 2253, and instead delved into the ultimate merits of the claims." (Nelson Supp. Pet. 4.) He extrapolates these errors from the three sentences of the panel's judgment: "This appeal comes before the court on appellant's application for a certificate of appealability. The court has *carefully reviewed the original file* of the district court, and the application for certificate of appealability is denied. The appeal is dismissed." (Emphasis added.)

The Government provides the following suggestions and response in opposition to Nelson's petition, and submits that the panel did not exceed the limited scope of the COA analysis. Rather, the panel knew the two-step process set forth in the COA statute, 28 U.S.C. § 2253(c)(2), and properly concluded that Nelson, based on the record below, had not shown that jurists of reason could disagree with the district court's finding of his constitutional claims or could conclude that the issues presented were adequate to deserve encouragement to proceed further. There is no

way for the panel to make a ruling on the district court's ruling without carefully reviewing the district court's file. But that does not mean the panel engaged in an impermissible full consideration of the factual or legal bases adduced in support of the claims.

## III. Argument

### A. ***The Panel Did Not Exceed the Limited Scope of a COA Analysis In Its Denial of Nelson's COA***

In his supplemental pleading, Nelson argues that the language the panel uses, that it has "carefully reviewed the original file," is a failure to restrict its inquiry to the debatability of reasonable jurists and a step beyond the threshold inquiry of underlying merits review into an erroneous review of the ultimate merits. However, because Nelson's argument is based on unfounded assumptions and because there is no showing that the panel has erred, Nelson's petition for rehearing/rehearing *en back* should be denied.

Nelson misreads the panel's judgment, specifically the statement by the panel that it "has carefully reviewed the original file." The panel's analysis is exactly the appropriate standard, in that it is a determination as to the debatability of the underlying merits by three reasonable jurists. Nelson's faulty extrapolation of the panel's analytical process based upon the word "carefully" is a miscalculation and an assumption. By stating that it "carefully" reviewed the original file, the panel is stating that it gave the COA the normal, careful consideration offered to all

appellants to the Eighth Circuit. The term "carefully" means that the panel of judges considered Nelson's motion for issuance of certificate of appealability against the file, and the prior order on the six remanded evidentiary issues by the district judge, and simply determined that Nelson's motion was without the appropriate merit – nothing more, nothing less.

The Eighth Circuit has dealt with the argument that the panel "exceeded the scope of its jurisdiction" in publishing an opinion that explained its denial of the application, in *Dansby v. Hobbs*, 691 F.3d 934, 936 (8th Cir. 2012). In *Dansby*, the argument was that *Miller-El* forbids an explanation of the denial of a COA. *Id*. at 936. While the opposite position, the *Dansby* court pointed out, was posited in the petition for rehearing in another case, *Williams v. Roper*, Case No. 10-2682 (8th Cir. Jan. 12, 2011), where Williams argued that a "panel's unexplained, blanket denial of a COA does not comport with the standards required by statute and settled case law," stating that *Miller-El* requires one. *Dansby, id*. In the *Dansby* case, this Court stated:

> We do not think § 2253(c) or the Supreme Court's decisions regarding certificates of appealability dictate that a court of appeals must or must not publish a statement of reasons when it denies an application for a certificate. Whether to issue a summary denial or an explanatory opinion is within the discretion of the court. But when a habeas petitioner files more than one hundred pages of documents urging the court to expand a certificate of appealability, and when a petition for writ of certiorari is sure to ensue, nothing in the governing statutes or decisions prevents a court of appeals from explaining to some degree its decision to deny the application. *That it may require*



Appellate Case: 15-3160 Page: 7 Date Filed: 05/15/2017 Entry ID: 4536348

> *several paragraphs to explain why a particular ruling is not debatable does not mean that the court has exceeded its authority by giving the explanation.*

*Dansby*, 691 F.3d at 936. (Emphasis added.)

Just as this Court's decision to use several paragraphs to explain why a particular ruling is not debatable among reasonable jurists does not mean that this Court exceeded its authority, the same is true when the panel, in its discretion, decides to use a couple of sentences to state that it had carefully reviewed the district court's original file – it does not mean that it erred or exceeded its authority in making its decision.

Nelson's reliance on *Buck v. Davis*, 580 U.S. —, 137 S.Ct. 759 (2017), is misplaced. In *Buck*, the form and language of the Fifth Circuit's denial of the COA plainly demonstrated its error. However, the handling of the COA in *Buck* is wholly distinguishable from the panel's order here. In *Buck*, the United States Supreme Court considered the appellate court's language exceeded the COA requirements, where the circuit court wrote, "Because [Buck] has not shown extraordinary circumstances that would permit relief under Federal Rule of Civil Procedure 60(b)(6), we deny the application for a COA." *Buck v. Davis*, 623 Fed.Appx. 668, 669 (5th Cir. 2015). The Supreme Court ruled that this was erroneous, stating:

> But the question for the Fifth Circuit was not whether Buck had "shown extraordinary circumstances" or "shown why [Texas's broken promise] would justify relief from the judgment." *Id.*, at 669, 674. Those are ultimate merits determinations the panel should not have reached. We



Appellate Case: 15-3160 Page: 8 Date Filed: 05/15/2017 Entry ID: 4536348

> reiterate what we have said before: A "court of appeals should limit its examination [at the COA stage] to a threshold inquiry into the underlying merit of [the] claims," and ask "only if the District Court's decision was debatable.

*Buck v. Davis*, 137 S.Ct. at 774 (quoting *Miller-El v. Cockrell*, 537 U.S. at 327, 348).

Unlike the Fifth Circuit's COA denial in *Buck*, the panel of this Court made no such clear error when it said it *carefully reviewed the original file*. In making a determination that the district court's denial of the issues raised were not debatable among reasonable jurists, nor could the court have resolved the issues differently, the panel had to have "carefully" reviewed the district court's decision by considering the record. There is no other way to complete the task and responsibility of an independent review. It is logical that a court knows its responsibility according to case law, and the panel here has not strayed from the charge it was given to review the record below and determine whether or not the decision was debatable among reasonable jurists, which the panel concluded as reasonable jurists that the decision was not debatable. Because there is no apparent error, the choice of language of the panel should remain within its discretion.

Speculation by Nelson that the panel dismissed his motion based on a determination of the underlying merits is pure conjecture. Nelson's speculation that the decision was not based upon a determination of whether jurists of reason could disagree with the district court's finding, is even faultier, for it either falsely assumes



Appellate Case: 15-3160 Page: 9 Date Filed: 05/15/2017 Entry ID: 4536348

that the panel consists of unreasonable jurists, or it assumes, without any basis, that the panel did not apply the appropriate analysis in reviewing the district court's denial of the COA.

## IV. Conclusion

Accordingly, for all of the reasons and authorities previously outlined above, the Government respectfully requests this Court to deny Nelson's petition for a panel rehearing and rehearing *en banc* as failing to demonstrate error in the panel's prior COA denial, as the panel did not exceed the limited scope of COA analysis in its denial of Nelson's COA.

Respectfully submitted,

THOMAS M. LARSON
Acting United States Attorney

By /s/ *Lajuana M. Counts*

LAJUANA M. COUNTS
JEFF VALENTI
Assistant United States Attorneys

Charles Evans Whittaker Courthouse
400 East 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122

*Attorneys for Appellee*[2]

---

[2]The Government gratefully acknowledges the assistance of STEVEN BROOKRESON, a J.D. candidate at the University of Missouri-Kansas City School of Law, Class of 2017, in drafting this response.

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a)(7)(C), that this motion complies with the type-volume limitations in Fed. R. App. P. 32(a)(7)(B) and contains 2,559 words. This motion was prepared using Microsoft Word 2016 software. In making this certification I have relied upon the word-count feature of Microsoft Word 2016. Furthermore, this motion has been determined to be virus-free in compliance with Eighth Circuit Rule 28A(h).

/s/ *Lajuana M. Counts*
Lajuana M. Counts
Assistant United States Attorney



Appellate Case: 15-3160 Page: 11 Date Filed: 05/15/2017 Entry ID: 4536348

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2017, the foregoing was electronically filed with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. A copy will be served on participants in the case by the CM/ECF system or by U.S. Mail, postage prepaid.

Paula Harms
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042

*Attorneys for Nelson*

/s/ *Lajuana M. Counts*
Lajuana M. Counts
Assistant United States Attorney



Appellate Case: 15-3160 Page: 12 Date Filed: 05/15/2017 Entry ID: 4536348