IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Keith Nelson,<br>Appellant,<br>v.<br>United States of America,<br>Appellee. | No. 15-3160<br><br>Civil No. 4:04-8005-cv-W (FJG)<br><br>**Death-Penalty Case** |

**MOTION FOR LEAVE TO FILE REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO APPELLANT'S PETITION FOR PANEL REHEARING AND REHEARING *EN BANC* FROM DENIAL OF A CERTIFICATE OF APPEALABILITY**

Keith Nelson, by and through counsel, respectfully requests leave of this Court *en banc* to file a Reply to the Government's Response in opposition to his petition for panel rehearing and rehearing *en banc* from denial of a Certificate of Appealability ("COA"). By order of this Court,[1] Mr. Nelson's Petition for Rehearing/Rehearing *En Banc* (hereafter "Petition") was held in abeyance pending decision by the United States Supreme Court in *Buck v. Davis*, No. 15-8049 (2016). The issue presented in *Buck* – whether the circuit court imposed an improper and unduly burdensome Certificate of Appealability ("COA") standard that improperly precluded appellate review of a claim that trial counsel was

[1] *See* Order, Docket Entry ID: 4503119 (filed 2/17/17).

constitutionally ineffective – is the same as the issue presented in Mr. Nelson's Petition.[2]

After the Supreme Court issued its decision in *Buck v. Davis*, 580 U.S. ___, 137 S. Ct. 759 (February 22, 2017), this Court granted[3] Mr. Nelson leave to file a Supplemental Pleading[4] to discuss the import of *Buck* on his Petition. Thereafter, this Court ordered the Government to respond to Mr. Nelson's Petition.[5] The Government filed its Response on May 15, 2017, in which it argued that *Buck* is inapposite to the issue before this Court.[6]

Mr. Nelson respectfully submits that the Government is incorrect. *Buck*'s articulation of the relevant COA inquiry demonstrates that the panel opinion departed from the mandated procedure prescribed by 28 U.S.C. § 2253 because it did not, in the first instance, address the existence of a debatable issue; rather, it focused on whether the original file of the district court supported the district court's merits determination below. Although the Government characterizes the panel's "independent review"[7] as proper, *Buck* directly speaks to this issue. Mr. Nelson thus seeks leave to file the attached reply, which briefly sets forth his arguments on this matter. Mr. Nelson respectfully submits that granting this

---

[2] *See* Petition, Docket Entry ID: 4480086 (filed 12/15/16).
[3] *See* Order, Docket Entry ID: 4507899 (filed 3/3/17).
[4] *See* Supplemental Pleading, Docket Entry ID: 4507904 (filed 3/3/17).
[5] *See* Order, Docket Entry ID: 4524741 (filed 4/14/17).
[6] *See* Response, Docket Entry ID: 4536348 (filed 5/15/17).
[7] *Id.* at 9.



Appellate Case: 15-3160 Page: 2 Date Filed: 05/25/2017 Entry ID: 4540704

request will aid the Court in its decision on whether to rehear his case and avoid the possibility of a grant-vacate-remand order, and thus will serve the interests of judicial economy.

## CONCLUSION

In the interest of judicial economy, and in furtherance of assisting the Court with its consideration of the present matter, it is respectfully requested that this Court grant Mr. Nelson leave to file a reply to the Government's response to his Petiton for panel rehearing and rehearing *en banc*.

Respectfully submitted this 25th day of May, 2017.


Jon M. Sands
Federal Public Defender

By /s/ *Paula Harms*
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone (602) 382-2816
Facsimile (602) 889-3960
Paula_Harms@fd.org

Ruhnke & Barrett, Attorneys at Law

By: /s/ *David A. Ruhnke*
David A. Ruhnke
47 Park Street
Montclair, New Jersey 07042
Telephone (973) 744-1000
Facsimile (973) 746-1490
dr@ruhnkeandbarrett.com

**Certificate of Compliance with Type-Volume Limit,**
**Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 437 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Times New Roman type style.

/s/ Paula K. Harms
Attorney for Keith Nelson

Dated: May 25, 2017

## Certificate of Service

I hereby certify that on May 25, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Robin Stoltze
Assistant Paralegal
Capital Habeas Unit



Appellate Case: 15-3160 Page: 5 Date Filed: 05/25/2017 Entry ID: 4540704