IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Keith Nelson,<br>Appellant,<br>v.<br>United States of America,<br>Appellee. | No. 15-3160<br>Civil No. 4:04-8005-cv-W (FJG)<br>**Death-Penalty Case** |

**APPELLANT'S REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO PETITION FOR PANEL REHEARING AND REHEARING *EN BANC* FROM DENIAL OF A CERTIFICATE OF APPEALABILITY**

Keith Nelson, by and through counsel, respectfully submits the following Reply to the Government's Response in opposition to his petition for panel rehearing and rehearing *en banc* from denial of a Certificate of Appealability ("COA").

At the COA stage, the burden on the petitioner is solely to establish the *existence* of debatable issues.[1] That inquiry is "not coextensive with a merits analysis,"[2] and the Supreme Court has cautioned that "a claim can be debatable even though every jurist of reason might agree, after the COA has been granted

[1] *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) ("At the COA stage, the *only question* is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.") (Emphasis added; internal quotation marks and citation omitted).
[2] *Buck*, 137 S. Ct. at 773.

and the case has received full consideration, that petitioner will not prevail."[3] In other words, a claim is "debatable" when it is "open to dispute on any logical basis. The focus is on the existence of a debatable issue, not on which party was correct."[4]

In his application for a COA, Mr. Nelson argued that the district court's resolution of his ineffective assistance of counsel ("IAC") claims was open to dispute by jurists of reason because the decision rested on numerous fundamental legal and factual errors, including:

- imposing a "nexus requirement" on the mental health mitigation,[5] despite controlling Supreme Court law that a capital defendant need not "establish a nexus between her mental capacity and her crime," and imposing any such "nexus requirement" in the context of a *Strickland* prejudice inquiry violates the Eighth Amendment. *Tennard v. Dretke*, 542 U.S. 274, 287 (2004).

- holding that capital crimes involving the murder and sexual assault of a minor are legally immune from *Strickland* challenges because "[n]o amount of mental health evidence or testimony relating to brain damage and a difficult upbringing" could ever overcome the nature of such a crime.[6]

- discounting mitigating evidence presented at the § 2255 hearing that Mr. Nelson was raped as a child and suffers from organic brain damage and psychosis because such evidence was not "new," even though it is an incontrovertible fact that no such evidence was ever presented at Mr. Nelson's trial.[7]

---

[3] *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003).
[4] *Adam v. Stonebridge Life Ins. Co.*, 612 F.3d 967, 974 (8th Cir. 2010).
[5] *See Nelson v. United States*, 97 F. Supp. 3d 1131, 1146-47, 1156 (W.D. Mo. 3/31/15).
[6] 97 F. Supp. 3d at 1157.
[7] 97 F. Supp. 3d at 1144.



Appellate Case: 15-3160 Page: 2 Date Filed: 05/25/2017 Entry ID: 4540705

These are not subtle errors. They are clear misapplications of law and misstatements of fact. When a district court's decision rests on such fundamental legal and factual errors, that decision is *inherently* debatable by jurists of reason. Thus, Mr. Nelson's identification of these errors established the existence of debatable issues in his case, thereby satisfying the requisite standard to warrant issuance of a COA. Moreover, because this is a capital case, "the nature of the penalty is a proper consideration" in deciding to issue a COA,[8] and "any doubts as to whether the COA should issue are resolved in favor of the petitioner."[9]

In its opposition to Mr. Nelson's COA request,[10] the Government did not respond to these errors. Indeed, the Government's pleading can hardly be considered a "response" at all – it did not engage with any of the legal and factual errors raised by Mr. Nelson, it merely summarized the decision below. For example, although the district court clearly discounted the mitigating evidence presented at the § 2255 hearing because it believed that evidence did not establish a nexus between Mr. Nelson's mental capacity and the crime,[11] the Government literally did not address Mr. Nelson's claim that the district court's decision was in clear violation of *Tennard*. Similarly, despite the district court's flawed reasoning

---

[8] *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983).
[9] *Gomez v. Quarterman*, 529 F.3d 322, 326 (5th Cir. 2008).
[10] *See* COA Response, Docket Entry ID: 4418240 (filed 6/27/16).
[11] *See* 97 F. Supp. 3d at 1146-47, 1156 (assessing such evidence based on whether it "explained why [Nelson] acted as he did," "played a role in him committing the crime," or otherwise provided a rationale for Nelson's criminal conduct).

that the facts of the crime necessarily precluded, as a matter of law, a finding of *Strickland* prejudice, the Government did not dispute Mr. Nelson's claim that this was a clear misapplication of *Strickland*. Instead, the Government bypassed the threshold question—whether such errors established the existence of debatable issues worthy of appellate consideration—and instead invited the panel to resolve the COA inquiry in a different manner entirely: by independently reviewing the record and determining which party was correct on the underlying merits.

Although the logic of the Government's invitation has superficial appeal—after all, "when a court of appeals properly applies the COA standard and determines that a prisoner's claim is not even debatable, that necessarily means the prisoner has failed to show that his claim is meritorious"[12]—the Supreme Court has consistently rejected this approach to the COA inquiry:

> That a prisoner has failed to make the ultimate showing that his claim is meritorious does not logically mean he failed to make a preliminary showing that his claim was debatable. Thus, when a reviewing court (like the Fifth Circuit here) inverts the statutory order of operations and first decides the merits of an appeal, then justifies its denial of a COA based on its adjudication of the actual merits, it has placed too heavy a burden on the prisoner at the COA stage. *Miller-El* flatly prohibits such a departure from the procedure prescribed by §2253.[13]

Notably, the Government does not deny that it invited the panel to invert that statutory order of operations and justify its denial of a COA based on its

[12] *Buck*, 137 S. Ct. at 774.
[13] *Id*. (Internal quotation marks and citations omitted).



Appellate Case: 15-3160 Page: 4 Date Filed: 05/25/2017 Entry ID: 4540705

adjudication of the actual merits. Instead, it argues that we should presume that the panel declined the invitation because it is "logical that a court knows its responsibility according to case law[.]"[14] Such an inference cannot be presumed.[15] This is especially so where, as here, the panel's opinion did not address the relevant COA standard; it neither stated that Mr. Nelson failed to show that jurists of reason could disagree with the district court's resolution of his constitutional claims, nor that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further. The panel only stated that it denied COA after a "careful[] review of the original file of the district court."[16]

The Government asserts that the panel's "choice of language" is synonymous with the relevant COA inquiry, rather than evidence that the panel accepted the Government's invitation to exceed the scope of the threshold COA inquiry. In support of this assertion, the Government contends that there was "no other way" for the panel to conduct the COA inquiry without an "independent review" of the district court's decision and the full record below, and that its carefulness in this regard should be treated as evidence of how thoroughly it

---

[14] *See* Response, Docket Entry ID: 4536348 at 9 (filed 5/15/17).

[15] The very fact that the Supreme Court granted certiorari in *Buck* to once again address the COA standard–and to once again reverse the Fifth Circuit for its incorrect application of that standard–belies the Government's suggestion that courts should ordinarily be presumed to have properly conducted the COA inquiry.

[16] Appendix B to Petition, Docket Entry ID: 4480086 (filed 12/15/16).

considered the COA application.[17] But this exact line of argument was specifically considered and rejected by the Supreme Court in *Buck* precisely because such an approach to the COA inquiry is not "consonant with the limited nature of the inquiry [at the COA stage]."[18] Indeed, the *Buck* court stressed that the "threshold question should be decided without full consideration of the factual or legal bases adduced in support of the claims."[19]

The Government asserts that *Buck* is inapposite because there, the Fifth Circuit explicitly tipped its hand that it exceeded the scope of the COA inquiry and conducted a merits review of the underlying claim. The implication of the Government's argument is that a circuit court can only commit a *Buck* error if it overtly states that its denial of a COA was based on an adjudication of the actual merits of the underlying claims. That is plainly incorrect, as it elevates the form of a COA denial over its substance. Indeed, as the *Buck* court noted, the Fifth Circuit "phrased its determination in proper terms—that jurists of reason would not debate that Buck should be denied relief,"[20] but that mere phrasing was not sufficient to

---

[17] *See* Response, Docket Entry ID: 4536348 at 9 (filed 5/15/17).

[18] *Buck*, 137 S. Ct. at 774. *See also id*. ("The State defends the Fifth Circuit's approach by arguing that the court's consideration of an application for a COA is often quite thorough. … But this hurts rather than helps the State's case. A claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.") (Internal quotation marks and citation omitted).

[19] *Buck*, 137 S. Ct. at 773. (Internal quotation marks and citation omitted).

[20] *Buck*, 137 S. Ct. at 773.



Appellate Case: 15-3160 Page: 6 Date Filed: 05/25/2017 Entry ID: 4540705

find that the circuit court properly conducted the COA inquiry. One must go beyond mere "proper phrasing" to determine whether the circuit court complied with the dictates of § 2253 and applied the COA standard correctly.

Here, the Government's argument to the panel for why it should deny the COA application was explicitly premised on the notion that Mr. Nelson's IAC claims were not debatable because the district court's *merits determination* was correct. In other words, it encouraged precisely the type of backwards reasoning that the Supreme Court has rejected: that a COA denial should be preceded by an adjudication of the merits. The panel's opinion does nothing to dispel the notion that it adopted the Government's flawed approach to the inquiry. Indeed, it does not even contain the "proper phrasing" of the COA determination.[21] The only basis given for its denial of a COA is that it was made pursuant to its own independent review of the original file of the district court. Given the backdrop of the COA litigation in Mr. Nelson's case, with the Government explicitly urging the panel to reach the merits of the IAC claims in order to find that the district court's decision was not debatable, it is respectfully submitted that the panel did not restrict its

[21] The Government's reliance on *Dansby v. Hobbs*, 691 F.3d 934 (8th Cir. 2012), is inapposite. *Dansby* permits a circuit court to explain its determination that an issue is not debatable. That is not what the panel did here. What little explanation it did offer omitted any mention of the relevant COA standard, and suggested that its focus was not on the existence of debatable issues, but rather which party was correct on the merits.



Appellate Case: 15-3160 Page: 7 Date Filed: 05/25/2017 Entry ID: 4540705

inquiry to a threshold determination about the existence of debatable issues, but instead accepted the Government's invitation to fully consider and adjudicate the factual and legal bases adduced in support of the IAC claims. Thus, the panel opinion departed from the mandated procedure prescribed by 28 U.S.C. § 2253 because it did not, in the first instance, address the existence of a debatable issue; rather, it focused on whether the original file of the district court supported the district court's merits determination below. Mr. Nelson has viable IAC claims, and questions about what is in the district court file, and/or whether the record supports the IAC claims, are properly explored through adversarial merits briefing and oral argument, not an independent review by the circuit court.

Finally, it should be noted that Mr. Nelson's Petition articulated an independent reason for why rehearing is warranted in his case: not only did the panel's decision conflict with extant Supreme Court jurisprudence (that was recently reaffirmed in *Buck*), but the panel's failure to grant a COA on Mr. Nelson's IAC claims is also inconsistent with this Court's orders in other cases.[22] Moreover, the panel's opinion conflicts with the approach of every other Court of Appeals, which routinely grant COAs on IAC claims comparable to those raised by Mr. Nelson.[23] The Government has essentially conceded this independent basis for

---

[22] *See* Petition, Docket Entry ID: 4480086 at 9-15 (filed 12/15/16) (discussing comparable Eighth Circuit cases with weaker IAC claims that received a COA).
[23] *Id*. at Appendix C (collecting comparable cases).

granting rehearing. Given the factual and legal similarity of the issues, the frequency with which other Courts grant COA on such comparable IAC claims demonstrates that Mr. Nelson's claims are clearly debatable by jurists of reason and worthy of appellate review.

**CONCLUSION**

This case should be reheard *en banc* on the question of whether it was proper to deny a COA in this capital case, filed pursuant to 28 U.S.C. § 2255.

Respectfully submitted this 25th day of May, 2017.

Jon M. Sands
Federal Public Defender

By *<u>/s/ Paula Harms</u>*
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone (602) 382-2816
Facsimile (602) 889-3960
Paula_Harms@fd.org

Ruhnke & Barrett, Attorneys at Law

By: *<u>/s/ David A. Ruhnke</u>*
David A. Ruhnke
47 Park Street
Montclair, New Jersey 07042
Telephone (973) 744-1000
Facsimile (973) 746-1490
dr@ruhnkeandbarrett.com



Appellate Case: 15-3160 Page: 9 Date Filed: 05/25/2017 Entry ID: 4540705

**Certificate of Compliance with Type-Volume Limit,**
**Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,197 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Times New Roman type style.

/s/ Paula K. Harms
Attorney for Keith Nelson

Dated: May 25, 2017



Appellate Case: 15-3160 Page: 10 Date Filed: 05/25/2017 Entry ID: 4540705

## **Certificate of Service**

I hereby certify that on May 25, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/Robin Stoltze
Assistant Paralegal
Capital Habeas Unit



Appellate Case: 15-3160 Page: 11 Date Filed: 05/25/2017 Entry ID: 4540705