IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Keith Nelson,<br>Appellant, | No. 15-3160<br>Civil No. 4:04-8005-cv-W (FJG) |
| v. | **MOTION FOR LEAVE TO FILE OUT-OF-TIME PETITION FOR REHEARING** |
| United States of America,<br>Appellees. | **Death-Penalty Case** |

---

Pursuant to Rule 40 of the Federal Rules of Appellate Procedure, Keith Nelson, by and through counsel, respectfully requests leave of this Court to file the accompanying out-of-time petition for rehearing. Specifically, Mr. Nelson seeks rehearing of this Court's Order denying his request for a Certificate of Appealability ("COA") on his claim that trial counsel was ineffective for advising Mr. Nelson to plead guilty to a capital count that exposed Mr. Nelson to a death sentence. As is explained in more detail below: (a) this Court has the authority to grant a petition for rehearing out of time under Rule 40, and (b) there is good cause for this request because the Supreme Court's recent decision in *Jae Lee v. United States*, 582 U.S. ___ (2017), on Friday, June 23, 2017, directly implicates the resolution of Mr. Nelson's ineffective assistance of counsel ("IAC") claim and his request for a COA, and constitutes an intervening circumstance which presents substantial grounds for granting the petition for rehearing.

## I. Procedural History

Keith Nelson was sentenced to death in the Western District of Missouri for interstate kidnapping resulting in death. Prior to trial, Mr. Nelson's attorney advised him that there was no defense to the charges against him, and that Mr. Nelson should enter a guilty plea and proceed before a jury only on the sentencing phase. Trial counsel was wrong: had he conducted a reasonable investigation into Mr. Nelson's mental health, counsel would have learned that Mr. Nelson could have argued the affirmative defense of insanity under 18 U.S.C. § 17.[1]

Mr. Nelson subsequently filed a motion to vacate his conviction and death sentence pursuant to 28 U.S.C. § 2255, and alleged, *inter alia*, that trial counsel was ineffective for advising him that he should plead guilty.[2] The district court summarily denied the § 2255 motion without an evidentiary hearing in a two-page order. Mr. Nelson requested a COA from this Court as to all the claims alleged in his § 2255 motion. Without ordering merits briefing, this Court reversed and

---

[1]Facts are now in the record establishing that all aspects of trial counsel's mental health investigation were deficient and that counsel failed to provide constitutionally adequate representation on these issues. The facts adduced at the evidentiary hearing regarding mental health generally and an insanity plea, in particular, are set out in the accompanying motion for rehearing. The district court judge's recent findings on counsel's deficient performance underscore the importance of the Supreme Court's intervening decision in *Lee*.

[2]*See Keith Nelson v. United States*, Case No. 4:04-cv-08005-FJG (W.D. Mo.), Doc. 25 ("MOTION, BROUGHT PURSUANT TO 28 U.S.C. § 2255, TO VACATE THE CONVICTION AND SENTENCE IMPOSED") at 11-12.



Appellate Case: 15-3160 Page: 2 Date Filed: 06/28/2017 Entry ID: 4552050

remanded Mr. Nelson's case for an evidentiary hearing on six IAC claims dealing largely with trial counsel's investigation and presentation of mitigation evidence in the penalty phase of the trial.[3] This Court denied a COA as to every other claim, including the IAC claim regarding the guilty plea.[4]

After conducting the mandated evidentiary hearing, the district court once again denied relief on the remanded claims though not before finding that counsel's performance with regard to mental health issue was constitutionally deficient.[5] Mr. Nelson requested a COA from this Court on all the remanded claims, which was denied.[6] Mr. Nelson subsequently filed a petition for rehearing and rehearing *en banc*, which is still pending before this Court.[7]

This past Friday, June 23, 2017, the United States Supreme Court issued a decision in *Jae Lee v. United States*, 582 U.S. ___ (2017). The *Lee* opinion directly addresses the issue of trial counsel's ineffectiveness in advising a defendant to plead guilty. As is explained in more detail in the accompanying Petition for Rehearing, the reasoning of the *Lee* decision establishes that this Court erroneously denied a COA on Mr. Nelson's IAC claim concerning his guilty plea. Because *Lee* was issued only days ago, there is good cause for Mr. Nelson's out-

---

[3]*See Nelson v. United States*, 297 Fed. Appx. 563 (8th Cir. 2008).
[4]*Id*.
[5]*See Nelson v. United States*, 97 F. Supp. 3d 1131 (W.D. Mo. 3/31/15).
[6]Case No. 15-3160, Docket Entry ID: 4448453 (filed 9/15/16).
[7]Case No. 15-3160, Docket Entry ID: 4480086 (filed 12/15/16).

of-time request for panel rehearing; *Lee* is an intervening decision upon which Mr. Nelson could not have relied at the time of his prior request for a COA, and given that he has diligently filed this request for leave to file this petition for rehearing as expeditiously as possible, it is respectfully submitted that these intervening circumstances represent substantial grounds for granting leave to file the petition for rehearing out of time.

## II. Under Rule 40(a), this Court has the authority to grant Mr. Nelson leave to file a petition for rehearing out of time.

Rule 40(a) of the Federal Rules of Appellate Procedure expressly contemplates that the time for filing a petition for rehearing may be "extended by order." Moreover, the Supreme Court has recognized that Courts of Appeals are authorized under Rule 40 to grant petitioners leave to file a late petition for rehearing. *See Young v. Harper*, 520 U.S. 143, n.1 (1997) (noting that the Court of Appeals for the Tenth Circuit granted the petitioners leave to file a late petition for rehearing and suggestion for rehearing *en banc* "as it had authority to do" under FRAP 40). *See also United States v. Wall*, 456 F.3d 316, 319 (3d Cir. 2006) (noting that Court of Appeals had granted leave for petitioner to file out-of-time petition for rehearing, pursuant to FRAP 40). Thus, this Court has the authority to grant Mr. Nelson leave to file a petition for rehearing out of time.



Appellate Case: 15-3160 Page: 4 Date Filed: 06/28/2017 Entry ID: 4552050

## III. The Supreme Court's intervening decision in *Jae Lee v. United States* constitutes good cause for granting Mr. Nelson leave to file the accompanying petition for rehearing.

The Supreme Court recently issued an opinion that has substantial and controlling effect on Mr. Nelson's claim that trial counsel was ineffective in advising him to plead guilty: *Jae Lee v. United States*. In *Lee*, the Supreme Court resolved an outstanding issue regarding how to assess prejudice with respect to such IAC claims.[8] It held that when assessing the reasonable probability that a defendant would have rejected a plea, the fact that a defendant's odds of prevailing at trial may be very low does not control the inquiry. Rather, when the question is "what an individual defendant would have done, the possibility of even a highly improbable result" – an acquittal – "may be pertinent to the extent it would have affected his decisionmaking." *Lee*, slip op. at 9-10 (footnote omitted).

In *Lee*, the Court emphasized that when the defendant, who was not a citizen, was deciding whether to accept the plea deal, his most important consideration was whether he would be deported. Trial counsel, however, incorrectly advised the defendant that a guilty plea would not result in mandatory deportation. If trial counsel had provided accurate advice, the defendant "would have known that accepting the plea agreement would certainly lead to deportation.

[8]As previously noted, given the district court's post-remand finding that trial counsel was ineffective for failing to investigate mental health, prejudice is the sole issue remaining before this Court.



Appellate Case: 15-3160 Page: 5 Date Filed: 06/28/2017 Entry ID: 4552050

Going to trial? *Almost* certainly." *Id*. at 12 (emphasis in original). In the defendant's case, the Court concluded, "that 'almost' could make all the difference." *Id*. Thus, the defendant established that he was prejudiced by trial counsel's error, because, had he been properly advised regarding the consequences of the guilty plea, there is a reasonable probability that he would have rejected it and gone to trial. Accordingly, the Court reversed the denial of his IAC claim.

As with the defendant in *Lee*, Mr. Nelson had "more to consider than simply the likelihood of success at trial."[9] Pleading guilty guaranteed that Mr. Nelson's only two mandatory sentencing options were death or a sentence of life without possibility of release. While Mr. Nelson may have faced a high bar to prevail on an NGRI defense, that is not the proper inquiry in resolving his claim. Rather, the "possibility of even a highly improbable result" such as an NGRI verdict "may be pertinent to the extent it would have affected [Mr. Nelson's] decisionmaking."[10]

The factual record developed at Mr. Nelson's evidentiary hearing on remand shows unequivocally that Mr. Nelson had a potential affirmative defense at trial: expert testimony established that at the time of the offense, Mr. Nelson suffered from a severe mental disease or defect and was unable to appreciate the nature and

---

[9] *Lee*, slip op. at 9.
[10] *Id*. at 9-10.



Appellate Case: 15-3160 Page: 6 Date Filed: 06/28/2017 Entry ID: 4552050

quality or the wrongfulness of his acts.[11] Thus, had trial counsel conducted a competent pre-trial mental health investigation, he could have correctly advised Mr. Nelson that by pleading guilty, he would be waiving his ability to raise this affirmative defense to the capital charges against him. But for counsel's error, Mr. Nelson would have gone to trial rather than waive this available affirmative defense and subject himself to the only two sentencing options available after a guilty plea to a capital charge, death or life imprisonment without possibility of release.

The Supreme Court's intervening decision in *Lee*, issued just days ago, calls in question this Court's previous COA denial on this issue. Moreover, the articulation of the prejudice inquiry in *Lee* establishes that "jurists of reason could disagree with the district court's resolution" of Mr. Nelson's IAC claim, or that "the issues presented are adequate to deserve encouragement to proceed further."[12] In other words, the *Lee* decision indicates that Mr. Nelson's IAC claim is worthy of a COA, and that this Court should accordingly reverse its prior denial of a COA. Thus, it is respectfully submitted that the intervening decision in *Lee* establishes

---

[11]Exh. 5 at 443-45 (Testimony of Dr. Xavier Amador); Exh. 39 (Supplemental Report of Dr. Xavier Amador). (All "Exh." citations are to exhibits included in the Appendix to Mr. Nelson's Application for COA, Case No. 15-3160, Docket Entry ID: 4372433, filed on 2/29/16.)

[12]*Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).



Appellate Case: 15-3160 Page: 7 Date Filed: 06/28/2017 Entry ID: 4552050

good cause for Mr. Nelson's request to file the accompanying petition for rehearing out of time.

**CONCLUSION**

It is respectfully requested that this Court grant Mr. Nelson leave to file the accompanying petition for rehearing out of time.

Respectfully submitted this 28th day of June, 2017.


Jon M. Sands
Federal Public Defender

By *<u>/s/ Paula K. Harms</u>*
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone (602) 382-2816
Facsimile (602) 889-3960
Paula_Harms@fd.org

By: *<u>/s/ David A. Ruhnke</u>*
David A. Ruhnke
Ruhnke & Barrett, Attorneys at Law
47 Park Street
Montclair, New Jersey 07042
Telephone (973)744-1000
Facsimile (973)746-1490
dr@ruhnkeandbarrett.com

## Certificate of Service

I hereby certify that on June 28, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*s/Robin Stoltze*
Assistant Paralegal
Capital Habeas Unit



Appellate Case: 15-3160 Page: 9 Date Filed: 06/28/2017 Entry ID: 4552050

**Certificate of Compliance with Type-Volume Limit,**
**Typeface Requirements, and Type-Style Requirements**

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,707 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Times New Roman type style.

/s/ *Paula K. Harms*
Attorney for Keith Nelson
Dated: June 28, 2017



Appellate Case: 15-3160 Page: 10 Date Filed: 06/28/2017 Entry ID: 4552050