IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

KEITH NELSON,
Appellant,

v.

UNITED STATES OF AMERICA,
Appellees.

No. 15-3160
Civil No. 4:04-8005-cv-W (FJG)

CONSENT MOTION FOR LEAVE TO FILE OVERLENGTH BRIEF
(CORRECTED COPY)
Death-Penalty Case

---

Keith Nelson, by and through his undersigned counsel, with the consent of the United States, respectfully requests leave to file an overlength brief of no more than 26,000 words. Mr. Nelson states the following grounds for his motion:

1. In 2001, Mr. Nelson was sentenced to death in the Western District of Missouri for interstate kidnapping resulting in death. He now appeals the District Court's denial of his post-conviction motion under 28 U.S.C. § 2255. Mr. Nelson's brief is due on November 15, 2017.

2. The present case is unusually complex in both fact and law, and the underlying record of the trial and post-conviction proceedings is extensive even for a death penalty case. The district court initially denied Mr. Nelson's § 2255 motion and declined to issue a Certificate of Appealabilty ("COA") on any issue. This Court, however, granted



Appellate Case: 15-3160 Page: 1 Date Filed: 11/01/2017 Entry ID: 4596020

Appellant's motion for a COA and remanded the case for an evidentiary hearing on several claims of trial and appellate ineffective assistance of counsel. That hearing lasted four days and involved 14 testifying witnesses (eight of whom were experts), 97 defense exhibits, and 126 Government exhibits. Additionally, four of the witnesses had been deposed prior to the hearing. The hearing transcript is 1,170 pages. The combined transcripts of the depositions and hearing total 1,231 pages. The District Court's order denying § 2255 relief is 53 pages. In addition to an opening brief, the undersigned anticipates Appellant will file a multi-volume appendix. The district court, as noted, again denied relief and again declined to issue a COA on any issue.

3. On July 19, 2017, this Court granted a COA on three issues centering on trial counsel's investigation and preparation of the penalty phase mitigation case. On August 28, 2017, this Court granted an additional COA regarding trial counsel's advice to Mr. Nelson to plead guilty to the capital charge of interstate kidnapping resulting in death and select a jury solely on the issue of penalty. (That issue was not included in the prior remand; this Court granted Mr. Nelson's motion to expand the COA after an intervening decision by the United States

Supreme Court made the District Court's previous denial of this claim debatable by jurists of reason.)

4. Professionally appropriate briefing requires a thorough discussion of the facts and legal principles relevant to Mr. Nelson's legal claims. Specifically, Mr. Nelson's Sixth Amendment claims require him to make showings both that his counsel performed in a constitutionally deficient manner in his federal death penalty case and that the District Court erred in failing to so find. Mr. Nelson also must show that he was prejudiced by trial counsel's errors. To show deficient performance, Mr. Nelson must detail for the Court each of the various ways his trial counsel fell short of the Sixth Amendment's requirement that counsel investigate and present all reasonably available mitigation evidence. To show prejudice, Mr. Nelson must describe for this Court all the readily available mitigation that counsel failed to investigate and present at trial, but which was presented during the § 2255 evidentiary hearing before the District Court.

5. These arguments are fact intensive, even by capital-case standards. They require a thoughtful discussion of the pre-trial, sentencing and § 2555 record. In addition, Mr. Nelson's arguments

require proper briefing of the relevant Sixth Amendment decisions of the United States Supreme Court and this Circuit. Mr. Nelson respectfully submits that a brief of 13,000 words cannot deal adequately with the complex substantive matters at issue in this case.

6. Accordingly, Mr. Nelson respectfully urges that the Court allow him to file a brief exceeding the word limit because the undersigned counsel do not believe that they can comply with the 13,000-word limit without foregoing meritorious arguments concerning Mr. Nelson's claims. Based on the length of counsel's working draft, as well as the tasks that remain to be completed, undersigned counsel anticipate that a brief of 26,000 words will ensure that the important issues in this death penalty appeal are properly and adequately presented. The United States has consented to the relief sought.

7. Counsel's request for leave to file a brief of 26,000 words is consistent with the briefing length that this Court has permitted in other capital § 2255 cases. For example, in *United States v. Purkey*, appellant was granted a word limit of 35,000 words. *See* Case No. 10-3462, Entry ID: 3821270 (filed 8/23/11). In *United States v. Ortiz*, appellant was permitted to file a brief of 33,926 words. *See* Case No. 08-

1749, Entry ID: 3649327 (filed 3/29/10). In *United States v. Paul*, appellant was granted a word limit of 25,000 words. *See* Case No. 05-3431, Entry ID: 3322773 (filed 6/06/07). In *United States v. Sinisterra*, appellant was granted a word limit of 24,000 words. *See* Case No. 08-1925, Entry ID: 3534513 (filed 7/07/09).

8. This Motion is filed in good faith and is based upon Mr. Nelson's need to provide the Court with a meaningful brief that addresses the issues presented in his case in a detailed and thorough manner. This motion is being filed two weeks prior to the filing date for Appellant's brief, pursuant to this Court's order of July 19, 2017. *See* Case No. 15-3160, Entry ID: 4559060.

9. The Government does not oppose this motion.

## CONCLUSION

Appellant respectfully requests that this motion be granted and that the Court permit him to file an opening brief of no more than 26,000 words.

Respectfully submitted this 1st day of November 2017.

*/s/ David A. Ruhnke*
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
973-744-1000 telephone
973-746-1490 facsimile
dr@ruhnkeandbarrett.com

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,029 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century typeface.

/s/ David A. Ruhnke
Attorney for Keith Nelson

Dated: November 1, 2017



Appellate Case: 15-3160 Page: 6 Date Filed: 11/01/2017 Entry ID: 4596020

CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2017, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ David A. Ruhnke
Attorney for Appellant, Keith Nelson

Filed via ECF: St. Louis, Missouri
November 1, 2017



Appellate Case: 15-3160 Page: 7 Date Filed: 11/01/2017 Entry ID: 4596020