IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

Keith Nelson,
Appellant,

v.

United States of America,
Appellee.

No. 15-3160

Civil No. 4:04-8005-cv-W (FJG)

**CONSENT MOTION FOR LEAVE TO FILE OVERLENGTH REPLY BRIEF**

**Death-Penalty Case**

---

Appellant Keith Nelson, by and through undersigned counsel, with the consent of Appellee United States of America, respectfully requests to file an overlength brief consisting of no more than 10,000 words. Mr. Nelson states the following grounds for his motion:

1. In 2001, Mr. Nelson was sentenced to death in the Western District of Missouri for interstate kidnapping resulting in death. He now appeals the District Court's denial of his post-conviction motion under 28 U.S.C. § 2255. Mr. Nelson's Reply brief is due on March 12, 2018.

2. The present case is unusually complex in both fact and law, and the underlying record of the trial and post-conviction proceedings is extensive even for a death penalty case. The district court initially denied Mr. Nelson's § 2255 motion and declined to issue a Certificate of Appealability ("COA") on any issue. This Court, however, granted Mr. Nelson's motion for a COA and remanded the case for

an evidentiary hearing on several claims of trial and appellate ineffective assistance of counsel. That hearing lasted four days and involved 14 testifying witnesses (eight of whom were expert witnesses), 97 defense exhibits, and 126 Government exhibits. Additionally, four of the witnesses had been deposed prior to the hearing. The trial transcript is 1,170 pages. The combined transcripts of the depositions and hearing total 1,231 pages. The District Court's order denying § 2255 relief is 53 pages.

3. On July 19, 2017, this Court granted a COA on three issues centering on trial counsel's investigation and preparation of the penalty phase mitigation case. On August 28, 2017, this Court granted an additional COA regarding trial counsel's advice to Mr. Nelson to plead guilty to the capital charge of interstate kidnapping resulting in death. (That issue was not included in the prior remand; this Court granted Mr. Nelson's motion to expand the COA after an intervening decision by the United States Supreme Court made the District Court's previous denial of this claim debatable by jurists of reason.).

4. On November 13, 2017, this Court granted Nelson permission to file an overlength Opening brief of 26,000 words. On February 7, 2018, the Government was allowed to file an overlength Answering brief of 20,000 words.

5. Professionally appropriate briefing requires a thorough discussion of the facts and legal principles relevant to Mr. Nelson's legal claims. Specifically, Mr. Nelson's Sixth Amendment claims require him to make showings both that his

counsel performed in a constitutionally deficient manner in his federal death penalty case and that the District Court erred in failing to so find. Mr. Nelson also must show that he was prejudiced by trial counsel's errors. In order to show deficient performance, Mr. Nelson must detail for the Court each of the various ways his trial counsel fell short of the Sixth Amendment's requirement that counsel investigate and present all reasonably available mitigation evidence. To show prejudice, Mr. Nelson must describe for this Court all the readily available mitigation that counsel failed to investigate and present at trial, but which was presented during the § 2255 evidentiary hearing before the District Court.

6. These arguments are fact intensive, even by capital-case standards. They require a thoughtful discussion of the pre-trial, sentencing and § 2555 record. In addition, Mr. Nelson's arguments require proper briefing of the relevant Sixth Amendment decisions of the United States Supreme Court and this Circuit. Mr. Nelson respectfully submits that a Reply brief of 6,500 words cannot deal adequately with the complex substantive matters at issue in this case.

7. Accordingly, Mr. Nelson respectfully urges that the Court allow him to file a brief exceeding the word limit because the undersigned counsel do not believe that they can comply with the 6,500-word limit without foregoing meritorious arguments concerning Mr. Nelson's claims. Based on the length of counsel's working draft, as well as the tasks that remain to be completed, undersigned counsel



Appellate Case: 15-3160 Page: 3 Date Filed: 03/05/2018 Entry ID: 4635843

anticipate that a brief of 10,000 words will ensure that the important issues in this death penalty appeal are properly and adequately presented. The United States has consented to the relief sought.

7. Counsel's request for leave to file a Reply brief of 10,000 words is consistent with the briefing length that this Court has permitted in other capital § 2255 cases. For example, in *United States v. Ortiz*, appellant was granted a word limit of 21,192 words for his reply brief. *See* Case No. 08-1749, Entry ID: 3772272 & 3772751 (filed 3/31/11). In *United States, v. Holder*, appellant was granted a word limit of 14,000 words. *See* Case No. 10-1304, Entry ID: 3843252 (filed 10/26/11). In *United States v. Sinisterra*, appellant was granted a word limit of 9,000 words. *See* Case No. 08-1925, Entry ID: 3605223 (filed 11/13/09).

8. This Motion is filed in good faith and is based upon Mr. Nelson's need to provide the Court with a meaningful brief that addresses the issues presented in his case in a detailed and thorough enough manner. This motion is being filed one week prior to the filing date for Appellant's brief, pursuant to this Court's order on February 16, 2018. *See* Case No. 15-3160, Entry ID: 4631208.

9. The United States does not oppose this motion.

CONCLUSION

Appellant Keith Nelson respectfully requests that this motion be granted and that the Court permit him to file a reply brief of no more than 10,000 words.

Respectfully submitted this 5th day of March, 2018.

Jon M. Sands
Federal Public Defender

By *_/s/ Paula Harms_*
Paula K. Harms (Arizona Bar No. 022489)
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
Telephone (602) 382-2816
Facsimile (602) 889-3960
Paula_Harms@fd.org
Attorneys for Appellant

David A. Ruhnke
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
Telephone (973)744-1000
Facsimile (973)746-1490
dr@ruhnkeandbarrett.com
Attorneys for Appellant



Appellate Case: 15-3160 Page: 5 Date Filed: 03/05/2018 Entry ID: 4635843

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT,
TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and excluding the accompanying documents authorized by Fed. R. App. P. 27(d)(2), this document contains 898 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2010 (version 14.0.7173.5000) in 14-point font size and Times New Roman type style.

/s/ Paula K. Harms
Attorney for Appellant Keith Nelson
Dated: March 5, 2018



Appellate Case: 15-3160 Page: 6 Date Filed: 03/05/2018 Entry ID: 4635843

## CERTIFICATE OF SERVICE

I hereby certify that on March 5, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ Catherine Jacobs
Assistant Paralegal
Capital Habeas Unit



Appellate Case: 15-3160 Page: 7 Date Filed: 03/05/2018 Entry ID: 4635843