RUHNKE & BARRETT
ATTORNEYS AT LAW

47 PARK STREET
MONTCLAIR, N.J. 07042
973-744-1000
973-746-1490 (FAX)

29 BROADWAY
SUITE 1412
NEW YORK, N.Y. 10006
212-608-7949

DAVID A. RUHNKE (davidruhnke@ruhnkeandbarrett.com) ◊ JEAN D. BARRETT (jeanbarrett@ruhnkeandbarrett.com)

---

REPLY TO MONTCLAIR OFFICE

April 7, 2018

Honorable Michael E. Gans
Clerk, U.S. Court of Appeals for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Room 24.329
St. Louis, MO 63102

**Re: Keith D. Nelson v. USA, No. 15-3160**

Dear Mr. Gans:

We represent Keith Nelson in the above-captioned matter, which is scheduled for oral argument on April 11, 2018. Pursuant to Fed. R. App. P. 28(j), we submit this letter to advise the Court of pertinent authority issued after the briefs were filed.

Mr. Nelson appeals from the district court's denial of relief under 28 U.S.C. § 2255. As relevant here, he alleges the district court erroneously held that, as a matter of law, the aggravating facts of the crime precluded a showing of prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Appellant's Brief* at 53-63. Specifically, the district court ruled that "no amount of mitigating mental health evidence or testimony relating to brain damage and a difficult upbringing could overcome" the facts of the crime. *Nelson v. United States*, 97 F. Supp. 3d 1131, 1557 (W.D. Mo. 2015).

On March 21, 2018, the United States Supreme Court issued its decision in *Ayestas v. Davis*, No. 16-6795, 584 U.S. ___ (2018). As pertinent here, Justice Sotomayor stated in her concurring opinion:



Appellate Case: 15-3160 Page: 1 Date Filed: 04/07/2018 Entry ID: 4647663

> The Fifth Circuit held [there was no good reason to believe the petitioner could establish prejudice under *Strickland*] based on its belief that no amount of mitigation would have changed the outcome of the sentencing given the "brutality of the crime." [*Ayestas v. Stephens,*] 817 F. 3d [888], at 898 [(5th Cir. 2016)]. That "brutality of the crime" rationale is simply contrary to our directive in case after case that, in assessing prejudice, a court must "consider the totality of the available mitigation evidence . . . and reweigh it against the evidence in aggravation." *Porter* [*v. McCollum*], 558 U. S. [30], at 41 [(2009) (*per curiam*)] (internal quotation marks and alterations omitted); *see also Williams v. Taylor*, 529 U. S. 362, 397–398 (2000); *Wiggins* [*v. Smith*], 539 U.S. [510], at 534 [(2003)]. By considering aggravation in isolation, the Fifth Circuit directly contravened this fundamental principle.

*Ayestas*, slip op. at 32-33 (footnote omitted).

The *Ayestas* concurrence confirms that the district court's "brutality trumps" approach to its prejudice analysis of Mr. Nelson's *Strickland* claim contravened Supreme Court law.

Respectfully submitted,


<u>/s/Paula K. Harms</u>
Jon M. Sands
Federal Public Defender
Paula K. Harms
Assistant Federal Public Defender
Capital Habeas Unit
850 W. Adams Suite 201
Phoenix, Arizona 85007
602-382-2816 telephone
602-889-3960 facsimile
Paula_Harms@fd.org

<u>/s/ David A. Ruhnke</u>
Ruhnke & Barrett
47 Park Street
Montclair, New Jersey 07042
973-744-1000 telephone
973-746-1490 facsimile
dr@ruhnkeandbarrett.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

*/s/David A. Ruhnke*
David A. Ruhnke
Counsel for Mr. Nelson